DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ATLANTIC BASIN REFINING, INC.,   )
                                 )
             Plaintiff,          )
       v.                        )   Civil Action No. 2015-0071
                                 )
ARCLIGHT CAPITAL PARTNERS, LLC,  )
and JP ENERGY PARTNERS, LP,      )
                                 )
             Defendants.         )
                                 )

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
**Joseph P. Klock, Jr., Esq.,**
Coral Gables, FL
   *For Plaintiff*

**Charles E. Lockwood, Esq.,**
**George Hunter Logan, Esq.,**
St. Croix, U.S.V.I.
**Blair G. Connelly, Esq.,**
**Serrin Turner, Esq.,**
New York, NY
   *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Atlantic Basin Refining, Inc.'s ("Plaintiff" or "ABR") "Motion to Certify Question for Interlocutory Appeal" (Dkt. No. 255), its accompanying Memorandum of Law (Dkt. No. 256), and Defendant ArcLight Capital Partners, LLC ("ArcLight") and Defendant JP Energy Partners, LP's ("JP Energy")[1] (collectively,

---

[1] JP Energy Partners, LP is now known as American Midstream Partners, LP. (Dkt. No. 258).

"Defendants") Opposition thereto (Dkt. No. 258). For the reasons discussed below, the Court will deny Plaintiff's Motion to Certify.

## I. BACKGROUND

A detailed account of the factual background is contained in the Court's July 16, 2018 and June 30, 2021 Memorandum Opinions. (Dkt. Nos. 217, 260). Thus, only a summary of the facts, including those necessary for the resolution of the instant Motion, will be set forth here.

This case arises out of Plaintiff ABR's attempt to acquire and operate the oil refinery and terminal facility in St. Croix, Virgin Islands, which were previously owned by Hovensa, LLC ("Hovensa"). (Dkt. No. 227 ¶¶ 11, 42, 45). In an attempt to secure the purchase of the Hovensa assets, Plaintiff introduced Defendants into the transaction as its financial partners. *Id*. ¶ 53. In connection therewith, ABR and ArcLight signed a Mutual Nondisclosure Agreement ("NDA") on February 10, 2015, which prohibited the use or disclosure of Confidential Information "except to evaluate and engage in discussions concerning a potential business relationship between the Parties." (Dkt. No. 227 ¶¶ 56, 64, 66; NDA ¶ 3, Dkt. No. 14-1, Ex. A). Pursuant to the NDA, ABR disclosed Confidential Information to Defendants. (Dkt. No. 227 ¶ 68).[2]

Plaintiff alleges that in July 2015, Defendants informed Plaintiff that they believed that Plaintiff would be making "too much money" from the deal that the parties had been working toward. *Id*. ¶ 104. According to Plaintiff, Defendants proceeded to outline new demands in the form of a term sheet which "fundamentally wiped out ABR's economics, converting ABR's 50-

---

[2] Prior into entering into the NDA with ArcLight, ABR entered into an NDA with JP Energy. (Dkt. No. 227-1). While ArcLight is not a party to the JP Energy NDA, Plaintiff alleges that it used some of ABR's Confidential Information that it disclosed between the JP Energy NDA and the ArcLight NDA in its capacity as an affiliate of JP Energy. (Dkt. No. 240 at 26). The JP Energy NDA makes JP Energy responsible for breaches by its affiliates. (Dkt. No. 227-1 at 1-2, ¶ 2). Accordingly, Plaintiff ABR has included JP Energy as a party.

percent interest in the terminal to itself, ending ABR's refinery development option, and limiting ABR to a fixed $25 million instead." *Id*. ¶¶ 104-105. Plaintiff further alleges that Defendants informed ABR that they would withdraw their funding unless ABR accepted their new terms, and that "Defendants refused to even meet with ABR to discuss a further relationship unless ABR agreed, in advance, to [the] new one-sided terms." *Id*. ¶ 107.

Instead of agreeing to Defendants' new terms, Plaintiff attempted to engage in further dialogue with Defendants. *Id*. ¶ 111. Plaintiff claims that Defendants instructed their team not to take any calls from ABR. *Id*. Then, Defendants pursued a purchase of the Hovensa terminal, and did so allegedly utilizing the Confidential Information that ABR had provided to them. *Id*. Limetree Bay Holdings, LLC ("Limetree"), ArcLight's subsidiary, ultimately purchased the storage and terminal assets during Hovensa's bankruptcy auction. *Id*. ¶¶ 133-139. A Bankruptcy Sale Order ("Sale Order") was entered on December 1, 2015. (Sale Order, Dkt. No. 239-1, Ex. A).

Plaintiff ABR commenced suit against Defendants in this Court on November 16, 2015 (Dkt. No. 1), and filed its First Amended Complaint on January 22, 2016 (Dkt. No. 14). In its First Amended Complaint, Plaintiff alleged several causes of action: Tortious Interference with Existing and Prospective Business Relationships; Breach of Contract; Breach of Contract (Injunction); Misappropriation; Unjust Enrichment; *Quantum Meruit*; and Breach of Fiduciary Duty. *Id*. ¶¶ 63-107. In response, Defendants filed a Motion to Dismiss (Dkt. No. 19), which the Court granted in part and denied in part (Dkt. No. 216). Specifically, the Court dismissed Plaintiff's claims for Tortious Interference with Existing and Prospective Business Relationships, Breach of Contract (Injunction), Unjust Enrichment, and Breach of Fiduciary Duty with prejudice; dismissed Plaintiff's Breach of Contract and Misappropriation claims without prejudice and with leave to amend; and denied Defendants' Motion to Dismiss Plaintiff's *Quantum Meruit* claim. *Id.* The

3

Court concluded that Plaintiff's Tortious Interference with Existing and Prospective Business Relationships, Unjust Enrichment, and Breach of Fiduciary Duty claims constituted "interests" pursuant to 11 U.S.C. § 363(f) because they had an undeniable linkage to the refinery, which was the property being sold in the bankruptcy proceeding. (Dkt. No. 217 at 30). Accordingly, the Court dismissed those claims with prejudice, finding that the assertion of those interests against Defendants was barred by the Sale Order. *Id*. at 33-34.

Plaintiff subsequently filed a Motion for Reconsideration (Dkt. No. 222) of the Court's Order (Dkt. No. 216)—which the Court denied (Dkt. No. 245)—and a Second Amended Complaint (Dkt. No. 227). In its Second Amended Complaint, Plaintiff alleges the following causes of action: Breach of Contract (Count II); Misappropriation (Count IV); and *Quantum Meruit* (Count VI). (Dkt. No. 227 ¶¶ 184-202). In response, Defendants filed a Motion to Dismiss (Dkt. No. 237) the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 238), which the Court denied (Dkt. No. 259).

Before the Court issued its ruling denying Defendants' Motion to Dismiss, Plaintiff ABR filed the instant Motion to Certify (Dkt. No. 255) and its accompanying Memorandum of Law (Dkt. No. 256), wherein Plaintiff ABR seeks an order of this Court certifying for interlocutory appeal the July 2018 Order granting in part and denying in part Defendants' Motion to Dismiss (Dkt. No. 216). Specifically, Plaintiff ABR proposes that the following question be certified:

> Does a bankruptcy court's power under 11 U.S.C. § 363(f) to sell a debtor's property "free and clear of any interest in such property" include the power to eliminate a non-creditor's state law claim against a non-debtor when the bankruptcy court made no finding that the non-creditor's claim against the non-debtor was integral to the liquidation of the debtor and is such a claim an "interest" within the meaning of Section 363(f)?

(Dkt. No. 256 at 1). As discussed below, the Court will deny the Motion to Certify.

4

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), this Court may certify an order for immediate appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." The burden is on the movant to demonstrate that a § 1292(b) appeal is warranted by showing that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992) (citations omitted); *see also Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) ("[Section 1292(b)] is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."). "The decision to certify an order for immediate appeal lies within the sound discretion of the trial court." *Eisenberger v. Chesapeake Appalachia, LLC*, No. 3:09-CV-1415, 2010 WL 1816646, at *3 (M.D. Pa. May 5, 2010) (citations omitted).

A district court should certify an order for immediate appeal only if all three requirements set forth in 28 U.S.C. § 1292(b) are met. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) ("[T]he district judge must certify that the order satisfies the three criteria . . . ."). These three requirements are that the order must: (1) involve a controlling question of law; (2) offer a substantial ground for difference of opinion concerning the issue; and (3) if appealed immediately, materially advance the ultimate termination of the litigation. *Id.* The Court will deny Plaintiff's Motion to Certify because it finds that Plaintiff has failed to meet its burden of showing that a substantial ground for difference of opinion exists here.

"A 'substantial ground for difference of opinion' must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation." *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-CV-1283, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014) (citations omitted). Disagreement with a court's ruling does not constitute a substantial ground for difference of opinion. *Snook v. Penn State Geisinger Health Plan*, No. 4:CV-00-1339, 2002 WL 34463156, at *5 (M.D. Pa. Mar. 4, 2002). Instead, a party may establish a substantial ground for difference of opinion by showing that "*different courts* have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman*, Civil Action No. 04-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis in original); *see also Davis v. State Farm Ins.*, Civil Action No. 11-cv-3401, 2013 WL 775524, at *4 (E.D. Pa. Mar. 1, 2013) (denying a section 1292(b) certification where the plaintiff "put forth virtually no argument as to why there [were] substantial grounds for difference of opinion on the two issues and [had] offered no conflicting or contradictory opinions from other courts.").

Plaintiff argues that there is a substantial ground for difference of opinion regarding "whether the protections of section 363 can shield obligations (either in tort or contract) of the purchaser, when those were not related to obligations of the debtor nor attached to the debtor's assets." (Dkt. No. 256 at 9). Defendants assert that there is no substantial ground for difference of opinion, arguing that the Court properly construed the Sale Order as protecting not only the purchaser, but also the purchaser's affiliates, which would include Defendants. (Dkt. No. 258 at 11).

Paragraph 10 of the Sale Order reads:

Except as expressly permitted by the Asset Purchase Agreement or this Sale Order, all Persons and entities holding Interests (other than the Permitted Liens and

> Assumed Liabilities) are hereby forever barred, estopped and permanently enjoined from asserting their respective Interests against the Buyer, any of its *Affiliates and Subsidiaries, and any of their respective Representatives*, and each of their respective property and assets, including, without limitation, the Purchased Assets.

(Sale Order at 18, ¶ 10) (emphasis added). As the Court found in its Memorandum Opinion, Defendants are protected by the Sale Order because they are affiliated with Limetree, the purchaser. (Dkt. No. 217 at 33) ("The Buyer here was Limetree, which is affiliated with both Defendants ArcLight and JP Energy—facts that are not in dispute"); (Dkt. No. 227 at 34-35, ¶ 131) ("ArcLight created a wholly-owned and controlled subsidiary, [Limetree,] for the purposes of having its own subsidiary . . . serve as the purchaser of the Hovensa terminal.").

Plaintiff ABR argues that Third Circuit precedent that "[t]he term 'any interest' is intended to refer to obligations that are connected to, or arise from, the property being sold" supports its argument that a "bankruptcy court lacks the power to release claims of a non-creditor against a non-debtor." (Dkt. No. 256 at 8) (quoting *In re Trans World Airlines*, 322 F.3d 283, 289 (3d Cir. 2003) (internal quotation marks and citation omitted). The Court does not agree that this interpretation of the term "any interest"—which does not narrow § 363 interests to obligations by the *debtor*—supports Plaintiff's position. Plaintiff's citations to *In re Millennium Lab Holdings II, LLC.*, 945 F.3d 126 (3d Cir. 2019), *cert. denied sub nom. ISL Loan Tr. v. Millennium Lab Holdings II, LLC*, 140 S. Ct. 2805 (2020), *In re Pac. Lumber Co.,* 584 F.3d 229 (5th Cir. 2009), and *In re W. Real Est. Fund, Inc.,* 922 F.2d 592 (10th Cir. 1990), *modified sub nom. Abel v. West*, 932 F.2d 898 (10th Cir. 1991) are also unavailing because all three cases address issues related to non-consensual third-party releases in the context of a *reorganization plan*, rather than a sale order.[3]

---

[3] The Court's conclusion would not be altered even if the Fifth and Tenth Circuit opinions supported Plaintiff's position because those opinions are not binding on this Court. *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993)

Finally, Plaintiff's citation to *Skye Mineral Investors, LLC v. DXS Cap. (U.S.) Ltd.*, C.A. No. 2018-0059-JRS, 2020 WL 881544, at *13 (Del. Ch. Feb. 24, 2020) does not alter the Court's conclusion because in that case, the court found that § 363(f) "on its face" does not bar claims against parties other than the buyer from collateral attacks. The Court in *Skye Mineral Investors* did not go so far as to find that a sale order could not do so. In other words, Plaintiff has failed to cite to any authority for the proposition that a bankruptcy court is barred from affording protection to a purchaser and its affiliates, let alone that there is a substantial ground for difference of opinion on the issue.[4]

Further, the Sale Order defines "Interests" as including:

> [A]ll of the following, in each case to the extent against or with respect to the Debtor or in, on, or against or with respect to any of the Purchased Assets . . . claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, Liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this Chapter 11 Case, whether imposed by agreement, understanding, Law, equity or otherwise[.]

(Sale Order ¶ V). In its Order and Memorandum Opinion at issue, the Court based its decision regarding the claims at issue on its interpretation of the Sale Order and § 363(f), which permits a debtor or trustee to sell assets "free and clear of any interest in such property." (Dkt. Nos. 216, 217). In this regard, the Court noted that while the Bankruptcy Code does not define the term "any

---

(denying a motion to certify an appeal and finding that there was no substantial ground for a difference of opinion despite a contradictory ruling from another jurisdiction).

[4] Plaintiff also cites to—and attaches—two briefs which address reorganization plans rather than sale orders. (Dkt. No. 256 at 10, Ex. A, Ex. B). Even if these briefs were relevant to the issue at hand, citation to *briefs*—rather than cases—does not aid Plaintiff in showing that "*different courts have issued conflicting and contradictory opinions when interpreting a particular question of law.*" *Miron*, 2006 WL 3742772, at *3.

interest" as used in § 363(f), the Third Circuit has established that "the trend seems to be towards a broader interpretation which includes other obligations that may flow from ownership of the property." (Dkt. No. 217 at 20) (citing, *inter alia*, *Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 258 (3d Cir. 2000)). Likewise, the Sale Order at issue contains a broad definition of the term "interests." (Sale Order ¶ V). The Court ultimately determined that Plaintiff ABR's Tortious Interference with Existing and Prospective Business Relationships, Unjust Enrichment, and Breach of Fiduciary Duty claims are qualifying "interests" that are "connected to, or arise from," the purchased asset—that is, the refinery. (Dkt. No. 217 at 34) (citing *Folger Adam*, 209 F.3d at 259).

"While [Plaintiff] may not be content with [the Court's] ruling, [its] unhappiness, without more, is no basis to allow an appeal" pursuant to § 1292(b). *Snook*, 2002 WL 34463156, at *5. Here, Plaintiff argues that none of its claims are "attached to the property." (Dkt. No. 256 at 8). This Court has clearly found otherwise. (Dkt. Nos. 216, 217 at 34). Ultimately, in this regard, Plaintiff is disagreeing with the Court's interpretation of § 363 and the Sale Order, rather than showing that a substantial ground for difference of opinion exists here. Plaintiff's disagreement— indeed, even its strong disagreement—with the Court's ruling is not a sufficient basis upon which to satisfy the "substantial ground for difference of opinion" criteria for § 1292(b) certification. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference [of opinion.]'") (internal quotation marks omitted).

Because the Court should grant a motion to certify only if all three requirements of 28 U.S.C. § 1292(b) are met, and Plaintiff has failed to establish at least one of those requirements—

9

namely, that there must be a substantial ground for difference of opinion—the Court will deny Plaintiff's Motion to Certify.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the circumstances here do not present the type of "exceptional" situation for which an interlocutory appeal is appropriate. *Milbert*, 260 F.2d at 433. Accordingly, Plaintiff's Motion to Certify (Dkt. No. 255) will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 13, 2021         _____/s/_____
                                 WILMA A. LEWIS
                                 District Judge