UNITED STATES DISTRICT COURT
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ATLANTIC BASIN REFINING, INC.,

                                  Plaintiff,

          v.

ARCLIGHT CAPITAL PARTNERS, LLC and
JP ENERGY PARTNERS, LP,

                                  Defendants.

Case No. 15 Civ. 0071 (WAL) (EAH)

## STIPULATION FOR ENTRY OF JUDGMENT

Plaintiff Atlantic Basin Refining, Inc. ("ABR") and Defendants ArcLight Capital Partners, LLC ("ArcLight") and JP Energy Partners, LP (collectively, "Defendants") hereby submit this Stipulation and Proposed Judgment Regarding Counts I-VII of ABR's Second Amended Complaint (Dkt. No. 227).[1]

**WHEREAS**, on November 16, 2015, ABR filed its original Complaint in this action (Dkt. No. 1);

**WHEREAS**, on January 22, 2016, ABR filed a First Amended Complaint (Dkt No. 14), which alleged that Defendants engaged in tortious interference (Count I), committed breach of contract (Count II), committed breach of contract (injunction) (Count III), of misappropriation

---

[1] Counts I, III, V, and VII as alleged in ABR's First Amended Complaint were dismissed with prejudice. (Dkt. Nos. 216, 217.) ABR sought to preserve, subject to reinstatement by the Court, Counts I, V, and VII in its Second Amended Complaint, which is operative in this case, incorporating by reference its allegations from ABR's First Amended Complaint. (Dkt. No. 227 at 49, 54, 55.)

(Count IV), were unjustly enriched (Count V), of quantum meruit (Count VI), and breached their fiduciary duties to ABR (Count VII);

**WHEREAS**, on March 14, 2016, Defendants moved to dismiss the First Amended Complaint (Dkt. No. 20);

**WHEREAS**, on July 16, 2018, the Court issued a ruling on Defendants' motion to dismiss ABR's First Amended Complaint (Dkt. Nos. 216, 217), holding in pertinent part that a December 1, 2015 Bankruptcy Court Sale Order, in which ArcLight's affiliate purchased the Hovensa storage and terminal facilities and refinery, barred Counts I, V, and VII because these claims "center on the deprivation of ABR's expected earnings from the Hovensa transaction" and are "'interests' that are 'connected to, or arise from,' the purchased Hovensa assets, i.e., the storage and terminal facility [and refinery], and are thus subject to the Sale Order's injunction[,]" (Dkt. No. 217 at 25), and dismissed these Counts with prejudice (Dkt. No. 216 at 2);

**WHEREAS**, the Court further dismissed with prejudice Count III of ABR's First Amended Complaint for failure to state a claim (Dkt. No. 217 at 47), dismissed without prejudice Counts II and IV (*id.* at 46), and allowed Count VI to proceed (*id.* at 51);

**WHEREAS**, on August 15, 2018, ABR filed its Second Amended Complaint, the operative complaint in this case, in which ABR re-alleged Counts II, IV, and VI, and sought to preserve Counts I, V, and VII if the Court reinstated them (Dkt. No. 227);

**WHEREAS**, on September 19, 2018, Defendants moved to dismiss the Second Amended Complaint (Dkt. No. 237);

**WHEREAS**, on June 30, 2021, the Court denied Defendants' motion to dismiss ABR's Second Amended Complaint, and additionally stated that it had "already ruled that the Sale Order precludes Plaintiff from pursuing claims that involve a linkage or connection with the Hovensa

2

assets," and that ABR "may only seek the value of the Confidential Information—not the value of the Hovensa acquisition[,]" (Dkt. No. 260 at 9 n.3);

**WHEREAS**, on August 2, 2021, Defendants filed an Answer to ABR's Second Amended Complaint and denied ABR's claims of breach of contract (Count II), misappropriation (Count IV), and quantum meruit (Count VI), and raised various defenses (Dkt. No. 263);

**WHEREAS,** for Counts II, IV, and VI, ABR seeks damages through a methodology (as reflected in the expert report of Donald House (Dkt. No. 210-1)) that involves a linkage or connection with the Hovensa assets within the meaning of the Court's Orders (Dkt. Nos. 217 at 25-34; 260 at 9 n.3) and has withdrawn and will not present an alternative damages model (*see* Dkt. Nos. 334; 334-1; 334-2);

**WHEREAS,** ABR concedes that its damages position is inconsistent with the Court's earlier rulings on the motions to dismiss (*see* Dkt. No. 334 at 2-3) ("ABR will acknowledge that based on the Court's earlier rulings on the motions to dismiss, the Court should grant such a motion" to dismiss Counts II, IV, and VI);

**WHEREAS,** the parties wish to conserve judicial resources and avoid the considerable expense associated with motion practice;

**WHEREAS,** the United States Court of Appeals for the Third Circuit has rendered decisions allowing a party to appeal a judgment entered by consent (*see Keefe v. Prudential Prop. & Cas. Ins. Co*., 203 F.3d 218, 222–23 (3d Cir. 2000)) or stipulation (*see In re Odyssey Contracting Corp*., 944 F.3d 483, 488–90 (3d Cir. 2019)) and ABR is relying on such precedent in entering into this stipulation;

**WHEREAS**, ABR expressly reserves its rights (i) to appeal the Court's dismissal of Counts I, V, and VII of its First Amended Complaint (Dkt. No. 216); (ii) to appeal the Court's

holdings regarding the damages available with respect to Counts II, IV, and VI (Dkt. Nos. 217 at 25, 30; 260 at 9 n.3); and (iii) to appeal a final judgment and all "antecedent issues," *see In re Kilgus*, 811 F.2d 1112, 1115 (7th Cir. 1987), in this matter; and

**WHEREAS**, ABR wishes to facilitate the immediate appeal of the Court's rulings (Dkt. Nos. 216, 217, 259, 260);

**NOW THEN**, the parties stipulate:

1. That on the basis of this Court's prior rulings and ABR's stated intention to prove damages for Counts II, IV and VI of the Second Amended Complaint exclusively using a methodology that the Court has barred, there is no reason why a final judgment should not be entered in this matter in favor of Defendants on Counts II, IV, and VI of ABR's Second Amended Complaint (Dkt. No. 227);

2. That all of Defendants' unadjudicated defenses in its Answer to ABR's Second Amended Complaint (Dkt. No. 263), will remain viable if the case is remanded following the anticipated appeal;

3. That ABR is conceding that there is no bar to the entry of a final judgment in this matter with the express understanding of all parties that ABR will appeal the contested issues described above and the final judgment invited by this stipulation;

4. That the entry of the proposed judgment based upon this stipulation will be final for the purposes of 28 U.S.C. § 1291, subject only to any decision on appeal that alters the proposed judgment and Defendants' right to seek attorneys' fees and costs, including under Rule 54 of the Federal Rules of Civil Procedure, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927[2];

---

[2] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (holding that "[i]t is well established that a federal court may consider collateral issues," including attorney's fees and sanctions, "after an action is no longer pending").

5. To the extent the Third Circuit vacates this judgment and/or reverses and remands the Court's holdings as to Counts I-VII, ABR's Second Amended Complaint (Dkt. No. 227) will be the operative pleading for any proceedings on remand, subject to amendment to reinstate any Counts from the First Amended Complaint that are viable following a remand;

6. That Defendants reserve their rights to contest any and all issues raised by ABR on appeal;

7. That nothing in this stipulation shall preclude Defendants from seeking to reopen fact and/or expert discovery on remand nor preclude ABR from opposing such an effort; and

8. That this stipulation is conditioned upon the entry of a final judgment that preserves the rights reserved by the parties in this stipulation. A proposed final judgment accompanying this stipulation reflects those reservations.

Dated: January 26, 2023

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**

By: /s/ *Andrew C. Simpson*
Andrew C. Simpson, Esq.
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted pro hac vice)
Gabriel E. Nieto, Esq.
FBN 147559 (admitted pro hac vice)
RASCO KLOCK PEREZ NIETO
2555 Ponce De Leon Blvd., Suite 600

**LATHAM & WATKINS LLP**

By: /s/ *Anthony Sammi*
P. Anthony Sammi (admitted *pro hac vice*)
Rachel Blitzer (admitted *pro hac vice*)
Gregory Mortenson (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
tony.sammi@lw.com
rachel.blitzer@lw.com
gregory.mortenson@lw.com

**DUDLEY NEWMAN FEURZEIG LLP**
By: /s/ *Charles E. Lockwood*

Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

*Attorneys for Plaintiff Atlantic Basin Refinery, Inc.*

Charles E. Lockwood
1131 King Street, Suite 204
Christiansted, U. S. V. I. 00820-4974
Telephone: (340) 773-3200
Facsimile: (340) 773-3409
Clockwood@dnfvi.com

*Attorneys for Defendants Arclight Capital Partners, LLC & JP Energy Partners, LP*

**CERTIFICATE OF SERVICE**

We hereby certify that on January 26, 2023, copies of the foregoing were caused to be served on all counsel via ECF.

**ANDREW C. SIMPSON, P.C.**

By:  /s/ *Andrew C. Simpson*
Andrew C. Simpson, Esq.
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted pro hac vice)
Gabriel E. Nieto, Esq.
FBN 147559 (admitted pro hac vice)
RASCO KLOCK PEREZ NIETO
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

*Attorneys for Plaintiff Atlantic Basin Refinery, Inc.*

**LATHAM & WATKINS LLP**

By:  /s/ *Anthony Sammi*
P. Anthony Sammi (admitted *pro hac vice*)
Rachel Blitzer (admitted *pro hac vice*)
Gregory Mortenson (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
tony.sammi@lw.com
rachel.blitzer@lw.com
gregory.mortenson@lw.com

**DUDLEY NEWMAN FEURZEIG LLP**

By:  /s/ *Charles E. Lockwood*
Charles E. Lockwood
1131 King Street, Suite 204
Christiansted, U. S. V. I. 00820-4974
Telephone:  (340) 773-3200
Facsimile:  (340) 773-3409
Clockwood@dnfvi.com

*Attorneys for Defendants Arclight Capital Partners, LLC & JP Energy Partners, LP*