UNITED STATES DISTRICT COURT
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ATLANTIC BASIN REFINING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCLIGHT CAPITAL PARTNERS, LLC and JP ENERGY PARTNERS, LP, <br><br> Defendants. | Case No. 15 Civ. 0071 (WAL) (EAH) |

**PROPOSED FINAL JUDGMENT**

This matter is before the Court on the parties' Stipulation for Entry of Judgment. The Court has previously ruled that Atlantic Basin Refining, Inc. ("ABR") may not pursue claims that "center on the deprivation of ABR's expected earnings from the Hovensa transaction" and are "'interests' that are 'connected to, or arise from,' the purchased Hovensa assets, i.e., the storage and terminal facility [and refinery], and are thus subject to the Sale Order's injunction." (Dkt. No. 217 at 25.) The Court dismissed with prejudice Counts I, V, and VII of ABR's First Amended Complaint on that basis. (Dkt. No. 217 at 25-34.)[1] The Court allowed ABR to amend its complaint (Dkt. No. 216) and, in light of its earlier holding, allowed Counts II, IV and VI of the Second Amended Complaint to proceed to the extent that ABR could prove "the value of the Confidential Information—not the value of the Hovensa acquisition" as damages under those Counts. (Dkt. No. 260 at 9 n.3; *see also* Dkt. No. 217 at 25, 30.)

---

[1] The Court also dismissed with prejudice Count III (Breach of Contract (Injunction)) because it requested a certain type of relief as opposed to stating a cause of action. (Dkt. No. 217 at 47.) Final judgment as to Counts I, III, V, and VII was entered following the Court's order dismissing with prejudice these claims as pled in ABR's First Amended Complaint. (Dkt. Nos. 216, 217.)

ABR has stated that it seeks to pursue damages under Counts II, IV and VI using a methodology based upon the alleged value of the Hovensa acquisition, a methodology that, as described above, the Court has barred. (*See* Dkt. Nos. 334; 334-1; 334-2.) ABR concedes in the stipulation that as a result of its reliance upon this excluded method of proving damages, it cannot prove damages under Counts II, IV and VI and that it would therefore be appropriate for the Court to enter judgment on Counts II, IV and VI in favor of Defendants and a final judgment dismissing the matter on all counts in favor of Defendants. ABR states that it intends to appeal from such a final judgment and the interlocutory orders leading to such a final judgment. In the stipulation, the Defendants acknowledge ABR's intent to file such an appeal. The parties have stipulated to the reservation of various rights in the event that the case is remanded to this Court for further proceedings following an appeal.

ABR cannot prove an essential element of the surviving Counts of the Second Amended Complaint given this Court's prior rulings and ABR's stated intention to prove damages on those Counts using the methodology that the Court has barred. Accordingly, for good cause shown, it is **ORDERED** that:

**JUDGMENT** in favor of Defendants on Counts II, IV, and VI of ABR's Second Amended Complaint (Dkt. No. 227) is hereby entered; and

**IT IS FURTHER ORDERED** that:

1. Plaintiff's rights to appeal the rulings of this Court—including but not limited to the Court's holdings dismissing Counts I, III, V, and VII of its First Amended Complaint and this Judgment—are not prejudiced by this Judgment.

2. Defendants' rights to contest any and all issues raised by ABR on appeal are not prejudiced by this Judgment.

3. Defendants' unadjudicated defenses to ABR's First Amended Complaint and Second Amended Complaint are not prejudiced by this Judgment.

4. Defendants' right to seek to reopen fact and/or expert discovery following remand, and ABR's right to contest such an effort, are not prejudiced by this Judgment.

5. Defendants' right to seek attorneys' fees and costs—including under Rule 54 of the Federal Rules of Civil Procedure, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927—is not prejudiced by this Judgment, and Defendants may make such an application to this Court upon the exhaustion of all appeals, including in the event this matter is remanded.

**IT IS FINALLY ORDERED** that this is a final judgment and the Clerk shall mark this case as closed.

**SO ORDERED.**

Dated: _____, 2023      By _____
                                    WILMA LEWIS
                                    United States District Judge