**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ATLANTIC BASIN REFINING, INC.,**<br><br>PLAINTIFF,<br><br>v.<br><br>**ARCLIGHT CAPITAL PARTNERS, LLC AND JP ENERGY PARTNERS, LP,**<br><br>DEFENDANTS. | NO. 1:15-CV-00071 |

**JOINT STATUS REPORT**

Pursuant to the Court's October 30, 2023 Order (Dkt. No. 355), the parties submit this Joint Status Report.

**PROCEDURAL HISTORY**

1. This case concerns the Hovensa storage and terminal facilities and refinery in St. Croix, which an affiliate of ArcLight purchased out of Chapter 11 in 2015. Atlantic Basin Refining, Inc. ("ABR" or "Plaintiff") commenced this action on November 16, 2015 (Dkt. No. 1), and filed a First Amended Complaint on January 22, 2016 (Dkt. No. 14). The First Amended Complaint alleged that, by failing to include Plaintiff in the purchase of the Hovensa storage and terminal facilities and refinery, Defendants engaged in tortious interference (Count I), committed breach of contract (specifically, Nondisclosure Agreements) (Count II), committed breach of contract (injunction) (Count III), misappropriated Plaintiff's confidential

1

information (Count IV), were unjustly enriched (Count V), were subject to quantum meruit (Count VI), and breached their fiduciary duties to ABR (Count VII). Defendants moved to dismiss the First Amended Complaint (Dkt. No. 20), which was fully briefed by May 17, 2016 (*see* Dkt. No. 34).

2. While Defendants' motion to dismiss remained pending the parties engaged in discovery. By Order (Dkt. No. 193) entered on April 9, 2018, the Court established a revised discovery deadlines for this case that included the following:

    - Completion of factual discovery:      May 31, 2018
    - Plaintiff's expert deadline:           June 18, 2018
    - Completion of mediation:               June 29, 2018
    - Defendants' expert deadline:           July 30, 2018
    - Completion of expert depositions:      September 14, 2018

3. Plaintiff produced its expert reports on June 18, 2018 in accordance with this schedule. Dkt. No. 210, including the expert report of Donald House, Ph.D. (Dkt. No. 210-1 (the "House Report").) The House Report opines that Plaintiffs are entitled to approximately $3 billion in lost profit damages. To date, Defendants have not deposed Dr. House, or otherwise responded to the House Report, in light of subsequent events (*see infra* ¶¶ 4, 5, 7, 9, 11, 12).

4. The parties mediated the case on July 12, 2018. On July 16, 2018, the Court entered its memorandum opinion denying in part and granting in part the Defendants' motion to dismiss. (Dkt. Nos. 216 and 217.) Judge Lewis held

that the Bankruptcy Court Sale Order barred Count I (tortious interference), Count V (unjust enrichment), and Count VII (breach of fiduciary duty) because those claims "center on the deprivation of ABR's expected earnings from the Hovensa transaction" and are "'interests' that are 'connected to, or arise from,' the purchased Hovensa assets, *i.e.*, the storage and terminal facility [and refinery], and are thus subject to the Sale Order's injunction." (Dkt. No. 217 at 25.) Judge Lewis dismissed Counts I, V, and VII with prejudice. (Dkt. No. 216 at 2.) By contrast, Judge Lewis dismissed without prejudice Counts II (breach of contract) and IV (misappropriation of confidential information) (Dkt. No. 217 at 46), and allowed Count VI (quantum meruit) to proceed (*id.* at 51) because they "are not 'interests' that are 'connected to, or arise from' the purchased Hovensa assets" but rather flow from the Nondisclosure Agreements between the parties. (Dkt. No. 217 at 35.) In addition, Judge Lewis dismissed with prejudice Count III (injunction) of ABR's First Amended Complaint for failure to state a claim. (Dkt. No. 217 at 47.) Judge Lewis gave Plaintiff leave to amend its complaint. Two days later, at a July 18, 2018 status conference (twelve days before Defendants' expert reports were due under the then-current scheduling order), Magistrate Judge Cannon agreed with the parties that all future deadlines would be adjusted once Plaintiff filed a second amended complaint.

5. On August 15, 2018 Plaintiff filed its second amended complaint, the operative complaint in this case, in which Plaintiff re-alleged Counts II, IV,

and VI, and sought to preserve Counts I, V, and VII if the Court reinstated them. (Dkt. No. 227). Defendants filed a motion to dismiss the second amended complaint on September 19, 2018 (Dkt. No. 237) which was fully briefed by November 2, 2018 (*see* Dkt. No. 241). On June 30, 2021, the Court denied the motion to dismiss the second amended complaint (Dkt. Nos. 259 and 260). Judge Lewis's Opinion included the following footnote:

> Because the Court has already ruled that the Sale Order precludes Plaintiff from pursuing claims that involve a linkage or connection with the Hovensa assets, the Court construes [Plaintiffs' references in the SAC to potential profits from the Hovensa opportunity] as being for contextual purposes, rather than a description of the damages which Plaintiff seeks. Plaintiff may only seek the value of the Confidential Information— not the value of the Hovensa acquisition.

(Dkt. No. 260 at 9 n.3.)

6. On August 2, 2021, Defendants filed an Answer to ABR's Second Amended Complaint and denied ABR's claims of breach of contract (Count II), misappropriation (Count IV), and quantum meruit (Count VI), and raised various defenses. (Dkt. No. 263.)

7. On October 6, 2021, the parties submitted a proposed scheduling order (Dkt. No. 276) that reflected the need for additional fact discovery relating to the consultants that Plaintiff used when preparing its plans for the acquisition and startup of the refinery and terminal because that information would be used in a new expert report that Plaintiff intended to offer based upon its interpretation of the Court's order denying the motion to dismiss the second amended complaint. The parties agreed that the

Defendants had the right to depose those consultants and jointly proposed that the depositions would be completed by February 7, 2022. That same day, following a status conference with the parties, the Court entered a new scheduling order (Dkt No. 279) that established the following deadlines:

- Completion of factual discovery:    February 7, 2022
- Plaintiff's expert deadline:    February 7, 2022
- Defendants' expert deadline:    March 25, 2022
- Completion of expert depositions:    May 4, 2022
- Dispositive motion deadline:    May 13, 2022
- Daubert motion deadline:    June 8, 2022

8. These deadlines were modified on motion by subsequent Orders of the Court due to issues with Plaintiff's counsel loss of access to legacy data. (Dkt. No. 292).

9. On April 15, 2022, Plaintiff served the expert report of David Lerman (the "Lerman Report"). The Lerman Report opines that Plaintiff is entitled to $12 million in damages as the value of the confidential information. Mr. Lerman based that calculation on the hypothetical cost to Defendants to independently create the confidential information that Plaintiffs allege that Defendants misappropriated. Mr. Lerman arrived at the $12 million figure by calculating time spent developing the confidential information by ABR's principals John Thomas and Robert Moore and then applying the "average annual compensation" of comparable executives to the calculated time. Defendants thereafter sought discovery regarding the Lerman Report (*see,*

5

*e.g.*, Dkt. Nos. 312, 315, 317), but have not had the opportunity to depose Mr. Lerman, or otherwise respond to the Lerman Report.

10. On September 26, 2022, Plaintiff withdrew the Lerman Report. (Dkt. No. 323.)

11. On October 3, 2022, Plaintiff supplemented its initial disclosures, which includes the following language:

> Counts I and III of the Second Amended Complaint were dismissed by the Court and would have a separate and substantially greater damages calculation. The damages of these dismissed claims exceed $3.9 billion [sic], as stated in the Expert Report of Donald. R. House, Sr., previously provided to Defendants. Plaintiff reserves the right to further amend this response to incorporate the valuation of the dismissed claims should the dismissal of Counts I and/or III be overturned on appeal or otherwise reinstated.

In addition, Plaintiff stated it would be relying on its principals (John Thomas and Robert Moore) as fact witnesses to support a new damages claim valuing the confidential information at over $18 million. Also on October 3, 2023, Plaintiff served Amended Responses to Defendants' Interrogatories 11 and 17. The Court thereafter ordered discovery regarding Mr. Thomas and Mr. Moore. (Dkt. No. 332.)

12. On November 1, 2022, Plaintiff then again amended its Initial Disclosures (Dkt. No. 334-1) and interrogatory responses (Dkt. No. 334-2), to withdraw the reliance on Mr. Thomas and Mr. Moore and revert to reliance on the House Report. ABR also acknowledged, in the form of a motion to

reconsider the Court's discovery order, that the case should be dismissed in light of this amendment. (Dkt. No. 334 at 3.)

13. On January 26, 2023, the parties filed a joint stipulation of dismissal, which referenced language from Judge Lewis's earlier decision that "Plaintiff may only seek the value of the Confidential Information—not the value of the Hovensa acquisition." (Dkt. No. 346 (citing Dkt. No. 260 at 9 n.3).) The stipulation also noted that ABR had conceded that its damages position is inconsistent with the Court's earlier rulings on the motions to dismiss. (*Id.* (citing Dkt. No. 334 at 2-3) ("ABR will acknowledge that based on the Court's earlier rulings on the motions to dismiss, the Court should grant such a motion" to dismiss Counts II, IV, and VI).)

14. On August 18, 2023, Judge Lewis held a status conference regarding the joint stipulation of dismissal, during which Judge Lewis explained that, despite the language in Dkt. No. 260 at 9 n.3, it is an open question whether ABR might (or might not) be able to obtain damages linked to the Hovensa assets based on claims that are not linked to the Hovensa assets. ABR formally withdrew from stipulation of dismissal later that day. (Dkt. No. 351.)

15. Neither ABR nor Defendants have taken action in this case since August 18, 2023.

**PROPOSED NEXT STEPS**

**Plaintiff's Position:**

At this point, the procedural posture of the case is that Plaintiff has filed its expert report (the House, Report, Dkt. No. 210-1) and what remains to be completed (to the point where pretrial deadlines are established) is the filing of Defendants' expert report, depositions of experts, and the filing of dispositive and Daubert motions.

Plaintiff proposes the following schedule:

| | |
|---|---|
| Defendants' expert deadline: | January 4, 2024 |
| Completion of expert depositions: | February 15, 2024 |
| Dispositive motion deadline: | February 29, 2024 |
| Daubert motion deadline: | March 29, 2024 |

Had Magistrate Judge Cannon not suspended the case deadlines at the July 18, 2018 status conference, Defendants' expert report(s) would have been due twelve days later. Unless Defendants were not planning upon responding to an expert report that projected damages in excess of $2.9 billion, they were presumably well on their way to being prepared to file such a report(s) by their July 30, 2018 deadline. Thus, ABR submits that its proposed schedule, which gives Defendants 45 days (from today) to submit their expert report(s) is more than generous.

ABR disagrees with Defendants' characterization of Judge Lewis' comments at the August 18, 2023 status conference. Judge Lewis indicated that she had not ruled as to whether Dr. House's report could be used for proving damages under ABR's surviving claims and *Defendants* indicated that they "would appreciate the

8

opportunity to T this issue up for you." *See* Aug. 18, 2023 Tr. at 40:24—41:4. In the three months since that hearing, Defendants have done nothing to raise the issue. ABR is prepared to go to trial with its expert report and if Defendants wish to exclude it, the onus is upon them to file the appropriate motion.

Additionally, Judge Lewis indicated that it would be beneficial to have a ruling on the issue "before there is a trial," and did not suggest that it needed to be addressed before Defendants put the finishing touches on the expert report(s) that they most assuredly had well in the drafting stage in July 2018. There is nothing that requires Defendants to wait until a trial date is established before filing whatever motion they believe to be appropriate; however, there is no reason to delay the remaining deadlines in the case.

**Defendants' Position:**

1. Despite first reaching out to ABR on November 3, 2023 and repeatedly thereafter to discuss the potential path forward for resolving this matter, ABR did not respond until the afternoon of Friday, November 17, 2023, leaving the parties with no meaningful opportunity to meet and confer on these issues. As explained below, Defendants disagree with ABR's position. However, to the extent the Court is inclined to proceed as ABR proposes, Defendants respectfully ask for different dates (noting in particular the January 4, 2024 deadline, and the very short period for dispositive motions). ABR's suggestion that Defendants should simply dust off a draft expert report from over five years ago is unreasonable.

2. But the Court should not adopt ABR's position because, as Judge Lewis strongly suggested at the August 18, 2023 status conference, the parties should first brief the threshold legal issue of whether ABR is (or is not) able to obtain lost profits damages linked to the Hovensa assets for the three remaining counts of its Complaint, which are not linked to the Hovensa assets. (*See* Aug. 18, 2023 Tr. at 40:2–5 ("Maybe it's worthwhile to – to have that issue adjudicated in advance so that it's clear at least whatever the – the – the Court finds is proper or not."); 40:12–22 ("Because it seems to me that before there is a trial that there should be clarity as to the types of damages that the – that the Plaintiff might be seeking if the Plaintiff were to prevail. Can they get this or not, this type of damage or not, given whatever the factual context is that we're dealing with? But I think that's an issue that remains unresolved and you all can decide how you might want to proceed with re-getting [sic] – with regard to getting some clarity, with regard to how – how that might play out."); 41:7–15 ("But I do think it might be helpful [to brief the damages questions] since this has now come up as sort of an issue…. That seems to me to be an issue that it would be worthwhile to – to – it might be worthwhile to address in advance, okay?".) This dispute is ripe and potentially case dispositive, and as such, its resolution now would conserve party and judicial resources.

3. Defendants propose the following schedule to brief that threshold issue:

    a. Opening Briefs (simultaneous submissions): January 17, 2024

    b. Reply Briefs (simultaneous submissions): February 14, 2024

4. Once the threshold issue of whether ABR has a proper damages claim is resolved, either the case will be over or the parties can proceed to fully bring this matter to a resolution.

5. Defendants have been severely prejudiced by Plaintiff's moving target damages theories in this case and thus continue to reserve all rights to potentially move the Court to reopen fact discovery if the circumstances warrant, and to seek attorneys' fees and costs.

Respectfully submitted,

| | |
|---|---|
| ANDREW C. SIMPSON, P.C. | LATHAM & WATKINS LLP |
| /s/ Andrew C. Simpson | By: /s/ Rachel R. Blitzer |
| Andrew C. Simpson, Esq. | P. Anthony Sammi (pro hac vice) |
| VI Bar No. 451 | Blair G. Connelly (*pro hac vice*) |
| 2191 Church Street, Suite 5 | Serrin Turner (*pro hac vice*) |
| Christiansted, VI 00820 | Rachel R. Blitzer (*pro hac vice*) |
| Tel: 340.719.3900 | Gregory Mortenson (*pro hac vice*) |
| asimpson@coralbrief.com | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| RASCO KLOCK PEREZ NIETO | Telephone: 212.906.1255 |
| | toni.sammi@lw.com |
| Joseph P. Klock, Jr., Esq. | blair.connelly @lw.com |
| FBN 156678 (admitted PHV) | serrin.turner@lw.com |
| Gabriel E. Nieto, Esq. | rachel.blitzer@lw.com |
| FBN 147559 (admitted PHV) | gregory.mortenson@lw.com |
| **Rasco Klock Perez Nieto** | |
| 2555 Ponce De Leon Blvd., Suite 600 | DUDLEY NEWMAN FEUERZEIG, LLP |
| Coral Gables, Florida 33134 | |
| Telephone: 305.476.7105 | Charles E. Lockwood |
| Facsimile: 305.675.7707 | Gregg R. Kronenberger |
| Jklock@rascoklock.com | 1131 King Street, Suite 204 |
| | Christiansted, U. S. V. I. 00820-4971 |
| *Attorneys for Plaintiff, Atlantic Basin Refinery, Inc.* | Telephone: (340) 773-3200 |
| | Facsimile: (340) 773-3409 |
| | Clockwood@dnfvi.com |
| | GKronenberger@dnfvi.com |
| | |
| | *Attorneys for Defendants Arclight Capital Partners, LLC and JP Energy Partners, LP* |

11