1                      VIRGIN ISLANDS DISTRICT COURT
                       DISTRICT OF THE VIRGIN ISLANDS
2                           DIVISION OF ST. CROIX


3

ATLANTIC BASIN REFINING, INC. :Case No. 1:15-cv-00071-WAL-EAH
4              Plaintiff,              :
v                                      :
5                                      :
JP ENERGY PARTNERS, L.P.,      :
6  ARCLIGHT CAPITAL PARTNERS,   :
L.L.C.                                 :
7              Defendant.       :St. Thomas, Virgin Islands
                                       :August 18, 2023 at 11:09 a.m.
8  . . . . . . . . . . . . . . . . .

9                   TRANSCRIPT OF STATUS CONFERENCE

10                 BEFORE THE HONORABLE WILMA A. LEWIS
                             MAGISTRATE JUDGE

11   APPEARANCES:

12   FOR THE PLAINTIFF

13
   ATLANTIC BASIN
14   REFINING, INC.:        ANDREW C. SIMPSON, ESQ.
                            GABRIEL NIETO, ESQ.
15                          JOSEPH KLOCK, ESQ.
                            LAW OFFICES OF ANDREW SIMPSON
16                          2191 CHURCH STREET, SUITE 5
                            CHRISTIANSTED
17                          ST. CROIX, VI 00820-5087
                            340-719-3900
18                          Email: asimpson@coralbrief.com

   FOR THE DEFENDANTS
19
   JP ENERGY PARTNERS,
20   L.P. and ARCLIGHT
   CAPITAL PARTNERS,
21   L.L.C.:                RACHEL RENEE BLITZER, ESQ.
                            LATHAM & WATKINS, L.L.P.
22                          1271 AVENUE OF THE AMERICAS
                            NEW YORK, NEW YORK 10020
23                          215-303-2820
                            Email: rachel.blitzer@lw.com

24

25

1    the value of the -- the value of the confidential

2    information.  Maybe there was a narrower

3    interpretation of that than the Court had intended

4    because the Court was taking this sort of -- as part

5    of the context in which the Court had been dealing.

6    Maybe that's where the -- the disconnect has come.

7    But that's why the Court was having problems with it

8    and that's why the Court was going over it and going

9    over it and thinking there's something -- there is a

10    disconnect here someplace and that's what the Court

11    has come up with.

12              MR. SIMPSON:  And -- and given that,

13    Your Honor, A.B.R. does withdraw from the

14    stipulation.

15              THE COURT:  Okay.  Now, having had

16    that and since one party has indicated they're

17    withdrawing, there is no stipulation.  So I guess

18    we'll go forward from there.  Now, this raises the

19    precise issue that the parties had assumed was

20    included in the Court's order.  Maybe it's -- it's

21    worth looking at that issue, which as I said, I'm not

22    opining on because I need to have the positions of

23    the parties on it.  Obviously, the defense seems like

24    you would be arguing, look, even if they're able to

25    establish -- you know, here's what you have to

1      establish, you establish the damages, that flow.

2      This is what the law says.

3                      And if they're able to -- even if

4      they're able to establish that they think it flows

5      from it, they're not entitled to it because it

6      resembles this -- the types of damages that you would

7      get if you pursued a claim that you have already said

8      is barred.  I presume that -- that might be, I don't

9      know, that might be the defense's position.  Or it

10     could be that, you know, well, maybe these things

11     that Atty. Simpson is claiming on behalf of the

12     plaintiff really flows from a violation or an alleged

13     violation of the N.D.A.  They don't really flow from

14     it.  The Court shouldn't be taking into consideration

15     these things, these types of damages because they

16     don't properly flow from a violation even if you were

17     to fi -- even if the -- the -- the -- the jury were

18     to find that there is a violation of the N.D.A.

19                     These types of damages clearly can be

20     said to flow from it.  That might be another

21     position, a different position than simply because it

22     resembles something that the Plaintiffs might have

23     been entitled to had you not barred their claims.

24     They can't get it.  This other thing would be a

25     different position.  Those don't flow from -- though

1         you can't say that they flow from any violation of

2         the N.D.A.  That's another position.  Maybe it's

3         worthwhile to -- to have that issue adjudicated in

4         advance so that it's clear at least whatever the --

5         the -- the Court finds is proper or not.

6                        I mean, you are in a better position

7         having, you know -- you, Atty. Simpson, you have your

8         expert, Mr. Howse, who has looked at this.  You've

9         seen the expert report so you know the types of

10        damages they're claiming.  You all are in the best

11        position to know.  Well are we saying, defense, that

12        this is clearly outside the ballpark?  Because it

13        seems to me that before there is a trial that there

14        should be clarity as to the types of damages that the

15        -- that the Plaintiff might be seeking if the

16        Plaintiff were to prevail.  Can they get this or not,

17        this type of damage or not, given whatever the

18        factual context is that we're dealing with?  But I

19        think that's an issue that remains unresolved and you

20        all can decide how you might want to proceed with re-

21        getting -- with regard to getting some clarity, with

22        regard to how -- how that might play out.

23                        MR. SIMPSON:  Very well.  Okay.

24                        MS. BLITZER:  Thank you, Your Honor.

25        You know, as to your ideas about what Defendants'

**Associated Reporters Int'l., Inc.   518-465-8029**

1       counsel might raise, yes, I -- I think that those are

2       all points that we would raise along with others and

3       would appreciate the opportunity to T this issue up

4       for you.

5                       THE COURT:   Okay.  And that's -- and

6       that's fine.  Like I said, you all can decide exactly

7       how you'd like to proceed.  But I do think it might

8       be helpful since this has now come up as sort of an

9       issue.  Well, we'll get there anyway.  We'll get

10      those damages anyway because we think they're linked

11      to a claim that the Court has said is permissible and

12      we get those -- the same -- basically the same

13      damages.  That seems to me an issue that it would be

14      worthwhile to -- to -- it might be worthwhile to

15      address in advance, okay?

16                      So I will -- I will leave sort of how

17      you go forward in your capable hands.  I would

18      request, Atty. Simpson, that you put something on the

19      record with regard to withdrawing the stipulation.

20      And then I will be guided in terms of going forward

21      by how the parties choose to proceed.

22                      MR. SIMPSON:  Very well.  Thank you,

23      Your Honor.

24                      THE COURT:  All right.  Thank you.

25      Anything further from the defense?

**Associated Reporters Int'l., Inc.   518-465-8029**