---

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

---

ATLANTIC BASIN REFINING,

              **Plaintiff,**

    **v.**

JP ENERGY PARTNERS, LP,
ARCLIGHT CAPITAL PARTNERS, LLC,

              **Defendants.**

**1:15-cv-00071-WAL-EAH**

---

TO:      **Joseph P. Klock, Esq.**
             **Andrew C. Simpson, Esq.**
             *For Plaintiff*
             **Paramjeet Singh Sammi, Esq.**
             **Serrin Turner, Esq.**
             **Blair G. Connelly, Esq.**
             **Brittany Davis, Esq.**
             **Charles Edward Lockwood, Esq.**
             **Gregg R. Kronnenberger, Esq.**
             **Gregory Mortenson, Esq.**
             **Rachel Renee Blitzer, Esq.**
             *For Defendants*

## <u>ORDER</u>

**THIS MATTER** came before the Court on a status conference held on Monday, November 27, 2023. At that conference, the Court discussed the Joint Status Report filed on November 20, 2023, Dkt. No. 356, in which the parties responded to the Court's October 30, 2023 Order directing them to outline the current status of the case, any discovery issues that may remain, and a proposed plan forward with proposed deadlines that could bring the case to a resolution, Dkt. No. 355.

In the Report, Plaintiff Atlantic Basin Refining ("ABR") proposed a scheduling order that would contain deadlines for Defendants' experts, expert depositions, and dispositive

*Atlantic Basin Refining v. JP Energy*
1:15-cv-00071-WAL-EAH
Order
Page 2

and *Daubert* motions—that would either resolve the case by dispositive motions or prepare for trial. Dkt. No. 356 at 8. Defendants JP Energy Partners and Arclight Capital Partners, on the other hand, viewed certain statements District Judge Wilma A. Lewis made at an August 2023 status conference as "strongly suggest[ing]" that the parties should first brief the threshold legal issue of whether ABR was or was not able to obtain lost profit damages linked to the Hovensa assets for the three remaining counts in ABR's amended complaint that were not linked to the Hovensa assets. Dkt. No. 358 at 10.

After hearing extensive argument by the parties, the Court concluded that ABR's damages theory on its remaining claims lacked clarity and that, in order for the case to proceed, ABR first needed to specify its damages theory or theories. The Court also concluded that its and the parties' resources would be better spent by the parties first briefing the potentially dispositive damages issues. Once those issues were adjudicated by the District Judge, the Court could then assess what issues, if any, remained in the case, and enter a new scheduling order.

Accordingly, it is hereby **ORDERED**:

1. The parties shall brief the following issues, as set forth below:

    a. In its Opposition to Defendants' Motion to Dismiss the Second Amended Complaint, Plaintiff stated: "ABR's damages [for Counts II, IV, and VI] are not tied to the Hovensa assets and are based upon the respective value of [the Confidential Information] to ABR and ArcLight." Dkt. No. 240 at 12. With regard to this position, **Plaintiff** shall describe with specificity its damages theories and methodologies with respect to each of Counts II, IV, and VI, identifying specifically: (i) how the damages claimed for each Count relate to the value of its Confidential Information; and (ii) why the damages claimed for each Count are not tied to the Hovensa assets.

*Atlantic Basin Refining v. JP Energy*
1:15-cv-00071-WAL-EAH
Order
Page 3

    b.  **Defendants** shall respond to Plaintiff's contention as stated in (a) above that the damages are not tied to the HOVENSA assets.

    c.  **Plaintiff** shall state whether ABR's current position remains the same as stated in (a) above.

    d.  If ABR's current position is different in any respect from the position stated in (a) above, **Plaintiff** shall state how it is different.

    e.  If ABR's current position is different in any respect from the position stated in (a) above, **Plaintiff** shall describe with specificity its damages theories and methodologies with respect to each of Counts II, IV, and VI, identifying specifically: (i) how the damages claimed for each Count relate to the value of its Confidential Information; and (ii) why the damages claimed for each Count are not tied to the Hovensa assets.

    f.  If ABR's current position is different in any respect from the position stated in (a) above, **Plaintiff and Defendants** shall brief whether the claims in Counts II, IV, and VI constitute Title 11 U.S.C. § 363(f) "interests" that are "connected to, or arise from," the purchased assets, *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV,* 209 F.3d 252, 259 (3d Cir. 2000) as a result of Plaintiff's theories of damages. The parties shall explain in detail and with factual and legal authorities why the claims constitute such "interests" or why they do not.

2.  Plaintiff shall file its brief on or before **January 30, 2024**.

3.  Defendants shall file their brief on or before **March 1, 2024**.

4.  Plaintiff may file a reply brief on or before **March 15, 2024**.

    ENTER:

Dated: December 5, 2023      /s/ Emile A. Henderson III
                               EMILE A. HENDERSON III
                               U.S. MAGISTRATE JUDGE