IN THE DISTRICT COURT OF THE VIRGIN ISLAND
DIVISION OF ST. CROIX

| | |
|---|---|
| **ATLANTIC BASIN REFINING, INC.**<br><br>    **PLAINTIFF,**<br><br>VS.<br><br>**ARCLIGHT CAPITAL PARTNERS, LLC AND JP ENERGY PARTNERS, LP,**<br><br>    **DEFENDANTS.** | **CASE NO.: 1:15-cv-00071** |

**ABR'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY**

Defendants' motion to file a surreply should be denied. First, Defendants *once again* failed to comply with LRCi 7.1(f), which requires a movant to seek concurrence from each party before filing a non-dispositive motion.[1] *See, e.g.*, *Livingston v. Berger*, No. 1:19-CV-00012, 2021 U.S. Dist. LEXIS 137658, at *3 (D.V.I. July 23, 2021) (denying motion for failure to comply with LRCi 7.1(f)).

Second, Defendants assert that they need to file a surreply "because ABR raised arguments in its reply that it had not raised in previous briefing." Motion For Leave to File Surreply, Doc. No. 372, at 1. But, Defendants do not identify any such arguments in their motion and thus have failed to establish any support for the motion. Although not in the motion itself, in the proposed surreply, Defendants state that ABR

---

[1] Defendants also failed to seek concurrence when they filed there motion to respond to supplemental authority (Doc. No. 368).

1

"explain[ed] its position as to why *Harrington* . . . is relevant to this case" (Proposed Surreply at 1) and that ABR addressed the issue of consent (Proposed Surreply at 2, fn.1 and at 4. If those are the grounds for the motion, then the Defendants have failed to establish a basis for needing to respond in a surreply. ABR's reply responded to Defendants' arguments as to why they believe *Harrington* is inapplicable and responded to Defendants' statements about consent. Thus, ABR was responding to issues raised by Defendants and did not raise new arguments that warrant a surreply.

Defendants and ABR have been heard on the issue and the Court is certainly able to discern the differences between the two positions without need for a surreply (or a sur-surreply). ABR suggested in its reply that if the Court desired oral argument, that would be appropriate and it would welcome it. Oral argument is the best way to deal with any nuances in the briefing, as that allows both parties to be heard on issues that the Court might desire clarification—without the need for further briefing.

For the foregoing reasons, Defendants' motion for leave to file a surreply should be denied.

                                            Respectfully submitted,

                                            Atlantic Basin Refining, Inc.

**Dated**: August 26, 2024

                                            /s/ Andrew C. Simpson
                                            By: Andrew C. Simpson, Esq.
                                            VI Bar No. 451
                                            **ANDREW C. SIMPSON, P.C.**
                                            2191 Church Street, Suite 5
                                            Christiansted, VI 00820
                                            Tel: 340.719.3900

asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted PHV)
**RASCO KLOCK PEREZ NIETO**
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

Attorneys for Plaintiff, Atlantic Basin Refinery, Inc.