IN THE DISTRICT COURT OF THE VIRGIN ISLAND
DIVISION OF ST. CROIX

| | |
|---|---|
| ATLANTIC BASIN REFINING, INC.<br><br>    PLAINTIFF,<br><br>VS.<br><br>ARCLIGHT CAPITAL PARTNERS, LLC<br>AND JP ENERGY PARTNERS, LP,<br><br>    DEFENDANTS. | CASE NO.: 1:15-cv-00071 |

### ABR'S SUR-SURREPLY

Pending before the Court is an issue of damages that the parties were directed to brief by this Court's Order of December 5, 2023. The Order directed the parties to brief:

> whether the claims in Counts II, IV, and VI constitute Title 11 U.S.C. § 363(f) "interests" that are "connected to, or arise from," the purchased assets, *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000) as a result of Plaintiff's theories of damages.

Order, Doc. No. 358. ABR recognized that *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204 (2024) was authority that "calls into question the breadth of the definition of "interests" under 11 U.S.C. § 363(f) as applied in this case in as much as the Supreme Court has now held that bankruptcy court lacks the power to extinguish the claims that non-consenting victims of a tort have against a non-debtor tortfeasor" and said as much in its notice of supplemental Authority. *See* Doc. No. 367 at 1. Let there be no

1

doubt about it—that is exactly what the Supreme Court held in the context of a non-consensual bankruptcy discharge. ABR contends that the reasoning and logic of *Harrington* applies with equal force[1] in defining a reasonable limitation upon the definition of "interest" under 11 U.S.C. § 363(f) and that this Court should consider that reasoning and logic when answering the question it directed the parties to brief.

In their Surreply, Defendants insist that ABR "provides no insight as to why it believes *Harrington* is relevant to the damages question pending before the Court. Doc. No. 372-1 at ECF p.3. Thus, a comparison of the two cases is appropriate.

In *Harrington*, the factual scenario involved non-consensual releases that released the claims of victims that were asserted (or potentially asserted) against non-debtor owners, directors and officers *of the debtor*. In exchange for a complete release of claims against them, these indirect owners intended to make substantial contributions to a settlement fund organized under the bankruptcy plan and the victims would receive compensation from the fund.

ABR is in the position of the non-consensual[2] releasors in *Harrington*. Defendants, however, are even more removed from the sphere of potential releasees, as they have absolutely no corporate ownership/officer/director or other management relationship to the *debtor* (HOVENSA). If the Supreme Court found that the

---

[1] ABR does not assert that *Harrington* is binding authority, as the Supreme Court clearly limited its *holding* to the facts before it. But it strains credulity to suggest that the Court would not apply similar logic when confronted with the even broader grant of immunity that Defendants seek in this case.

[2] The issue of consent is addressed *infra*.

2

Bankruptcy Code could not extend its fearsome protections to someone related to the debtor who had not sought bankruptcy protection (and subjected itself to the burdens of bankruptcy), it is a considerable stretch to suggest that the Supreme Court would find that such powers should be extended to a party *without any corporate connection to the debtor*. This is especially true since Defendants did not put their assets into the bankruptcy or make *any* contribution to a fund that would provide compensation either to ABR or to creditors of the debtor.[3] In other words, Defendants assert they received a release valued at over $2.9495 *billion* dollars[4] merely because they had an indirect[5] relationship with Limetree Bay Holdings, LLC, the purchaser of the debtor's assets in the bankruptcy proceeding.

Turning back to the specific question raised by the Court and the Defendants apparent confusion as to its relationship to *Harrington*, in the rulings on the two motions to dismiss, as the Court explained at the November 27, 2023 hearing, it had dismissed *claims* that it determined were tied to the HOVENSA assets and thus, under the Court's interpretation of 11 U.S.C. § 363(f), were an "interest." The *claims* that

---

[3] ABR was not a creditor and had no claim against HOVENSA.

[4] Expert Report of Donald House, Ph.D., Doc. No. 210-1 at ECF p.39.

[5] ArcLight is the sole owner of Limetree Bay Holdings, LLC. Second Amended Complaint, ¶131. ArcLight is the majority owner of JP Energy and controls JP Energy through a fund that controls JP Energy's general partner. *Id.*, ¶6. Because this issue remains before the Court in the context of its interpretation of its Order on the motion to dismiss the second amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept these well-pleaded allegations of the second amended complaint as true. *City of Cambridge Ret. Sys. v. Altisource Asset Management Corp.* 908 F.3d 872 , 878 (3d Cir. 2018).

were not tied to the assets were not dismissed. The Court clarified at the November 27, 2023 hearing that it had not determined—one way or the other—whether *damages* related to the assets were included within the definition of "interest."

The distinction between "claims" and "damages" is key and answers Defendants' gripe that ABR "provides no insight as to why it believes *Harrington* is relevant to the damages question pending before the Court." *Harrington* was unwilling to extend bankruptcy power to even *claims* against the non-debtor releasees. *Harrington* strongly implies that if the Supreme Court were asked whether bankruptcy power can extend to releasing a non-debtor from *damages* related to a debtor's assets when the claims against the non-debtor are not "interests," (as this Court already determined when it denied dismissal of Counts II, IV, and VI)  it would respond with a resounding "No."[6]

Finally, there is the issue of consent. The question raised by the Court was (and technically remains) before the Court on Defendants' motion to dismiss. As noted in ABR's Reply to Defendants' Response to ABR's Notice of Supplemental Authority (Doc. No. 371), a motion to dismiss tests the allegations of the complaint. *Harrell v. Lira*, Case No. 24-8011, 2025 WL 251832, at *4 (10th Cir. Jan. 21, 2025). It does not test the

---

[6] A simple example demonstrates how extreme such a position would be. If prior to the HOVENSA bankruptcy Defendants had breached a contract to sell ABR 1,000 widgets and the contract included a liquidated damage clause that specified that if Defendants breached the contract, they must pay liquidated damages equal to the appraised value of the HOVENSA refinery, would Limetree Bay Holding's purchase of the HOVENSA assets pursuant to the sale order have eliminated ABR's contract claim simply because the damages were calculated based upon the value of the assets?  Of course not.

4

defenses a defendant might raise to the complaint.[7] Even if ABR had made well-pled allegations that it had no notice of the sale order and had not consented to a release of its claims, taking judicial notice of the sale order would not allow this Court to find otherwise for purposes of the motion to dismiss because those well-pleaded allegations must be accepted as true.

Regardless, even if it is appropriate to take judicial notice of the Sale Order at this stage of the litigation, that Order provided, "Those holders of Interests *against* . . . any of the Purchased Assets who did not object . . . to the Sale or the Motion are deemed to have consented thereto." Sale Order §U (emphasis added). There is no basis to conclude that ABR consented to a discharge of *damages* for claims that were *not Interests* against the assets.

                                                                               Respectfully submitted,

                                                                               Atlantic Basin Refining, Inc.

**Dated**: March 30, 2025

                                                                          /s/ Andrew C. Simpson
                                                                         By: Andrew C. Simpson, Esq.
                                                                         VI Bar No. 451
                                                                         **ANDREW C. SIMPSON, P.C.**
                                                                         2191 Church Street, Suite 5
                                                                         Christiansted, VI 00820
                                                                         Tel: 340.719.3900
                                                                         asimpson@coralbrief.com

                                                                         Joseph P. Klock, Jr., Esq.
                                                                         FBN 156678 (admitted PHV)
                                                                         **RASCO KLOCK NIETO**

---

[7] Defendants' answer does not assert a defense of consent (or release or discharge).

                              2555 Ponce De Leon Blvd., Suite 600
                              Coral Gables, Florida 33134
                              Telephone: 305.476.7105
                              Facsimile: 305.675.7707
                              Jklock@rascoklock.com

                              Attorneys for Plaintiff, Atlantic Basin Refinery, Inc.