**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

ATLANTIC BASIN REFINING, INC.,

                             Plaintiff,

         v.

ARCLIGHT CAPITAL PARTNERS, LLC and
JP ENERGY PARTNERS, LP,

                         Defendants.

Case No. 15 Civ. 0071 (WAL) (EAH)

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................1

I.      BACKGROUND ...........................................................................................................2

        A.      The Parties and the Dispute .......................................................................2

        B.      The Lengthy Procedural History................................................................3

II.     LEGAL STANDARD....................................................................................................6

III.    ARGUMENT.................................................................................................................7

        A.      DEFENDANTS ARE ENTITLED TO FULL ATTORNEYS' FEES ....................7

                1.      Defendants Are The Prevailing Party ..............................................7

                2.      The Extraordinary Amount At Stake In This Litigation And The
                        Complexity Of The Claims Warrant A Full Fee Award..............................9

                        a.      The Case Involved Billions Of Dollars.............................................9

                        b.      The Legal And Factual Issues Were Exceptionally
                                Complex.............................................................................9

                        c.      The Duration And Scope Of The Litigation Were
                                Extraordinary. .................................................................10

                        d.      ABR's Litigation Conduct Substantially Increased The
                                Costs Of Defense. ............................................................11

                3.      The Hours Expended Were Reasonable And Necessary ............................12

                4.      The Hourly Rates Requested Are Reasonable ...........................................12

        B.      DEFENDANTS ARE ENTITLED TO COSTS .....................................................13

IV.     CONCLUSION..............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Addie v. Kjaer*,
836 F.3d 251 (3d Cir. 2016)..................................................................................7

*Allahar v. Clinical Lab'y, Inc.*,
No. 1:11-cv-00001-WAL-EAH, 2022 WL 18284857 (D.V.I. Oct. 14, 2022) ........................7

*DaCosta v. DaCosta*,
74 V.I. 640 (V.I. 2021) ........................................................................................8

*Figueroa v. Buccaneer Hotel Inc.*,
188 F.3d 172 (3d Cir. 1999).................................................................................6

*Harrington v. Purdue Pharma L.P.*,
603 U.S. 204 (2024)...........................................................................................9

*In re Paoli R.R., Yard PCB Litig.*,
221 F.3d 449 (3d Cir. 2000)........................................................................6, 12, 13

*Interfaith Cmty. Organization v. Honeywell Intern., Inc.*,
426 F.3d 694 (2005)...........................................................................................12

*L & J Crew Station, LLC v. Banco Popular de Puerto Rico*,
No. Civ.2003-11, 2004 WL 2538500 (D.V.I. Nov. 9, 2004)..................................6, 7

*M & N Aviation, Inc. v. United Parcel Serv., Inc.*,
No. 2010-083, 2014 WL 1178200 (D.V.I. Mar. 21, 2014)..................................8, 11, 12, 13

*Mendez v. Puerto Rican Int'l Cos., Inc.*,
2015 WL 720974 (D.V.I. Feb. 18, 2015)..........................................................6, 7, 12

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
478 U.S. 546 (1986)...........................................................................................7

## STATUTES

11 U.S.C. § 363(f).........................................................................................3, 6, 7, 9

28 U.S.C. § 1927............................................................................................1, 8

5 V.I.C.
§ 541 ..................................................................................................................... 1, 8
§ 541(a) ....................................................................................................................... 15
§ 541(a)(1)-(5) ............................................................................................................. 13
§ 541(b) ......................................................................................................................... 6

11 V.I.C. § 1005 ................................................................................................................ 1, 8

## RULES

Fed. R. Civ. P.
12(b)(6) ........................................................................................................................... 6
54 ................................................................................................................................. 1, 8
54(d)(1) ............................................................................................................... 6, 12, 15
54(d)(2) ........................................................................................................................... 6

Defendants ArcLight Capital Partners, LLC ("ArcLight") and JP Energy Partners, LP ("JP Energy") (collectively, "Defendants"), through undersigned counsel, respectfully move this Court pursuant to Rule 54 of the Federal Rules of Civil Procedure, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927, for an award of reasonable attorneys' fees and costs incurred in defending this action. Defendants expended a total of $3,464,842.05 in potentially recoverable attorneys' fees and incurred $734,689.50 in costs associated with prosecuting this action, as precisely set forth in the Declarations of Counsel and Bill of Costs ("Declarations") filed simultaneously herewith.[1]

### INTRODUCTION

This case spans more than a decade of litigation driven by Plaintiff Atlantic Basin Refining, Inc.'s ("ABR" or "Plaintiff") baseless claims that Defendants misappropriated its allegedly confidential information in connection with the acquisition of the Hovensa refinery and terminal facility on St. Croix, U.S. Virgin Islands—an asset that Plaintiff valued at approximately $4 billion. *See* Dkt. 1 ¶¶ 46-75; Dkt. 362 at 12-15. Over the course of this litigation, ABR asserted seven causes of action across multiple iterations of its complaint, shifted its damages theory no fewer than four times, and forced Defendants to expend extraordinary time, effort, and resources defending claims that were ultimately rejected in their entirety by this Court. *See, e.g.*, Dkt. 1 ¶¶ 49-75; Dkt. 14 ¶¶ 63-107; Dkt. 227 at 49-55; Dkt. 332 at 5-7; Dkt. 380.

On March 27, 2026, this Court dismissed ABR's last remaining claims—for breach of contract, misappropriation, and *quantum meruit*—with prejudice, finding that Plaintiff "failed to

---

[1] While ABR later withdrew its agreement to the parties' proposed Stipulation for Entry of Judgment for unrelated reasons, that stipulation confirmed that parties' understanding that Defendants may seek attorneys' fees and costs. Dkt. 346-1 at 3 ("Defendants' right to seek attorneys' fees and costs—including under Rule 54 of the Federal Rules of Civil Procedure, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927—is not prejudiced by this Judgment, and Defendants may make such an application to this Court upon the exhaustion of all appeals, including in the event this matter is remanded.").

articulate a viable theory of damages and therefore has failed to state a claim upon which relief can be granted." Dkt. 381 at 20.  That ruling followed a series of prior orders dismissing ABR's other claims with prejudice, including claims for tortious interference, unjust enrichment, breach of fiduciary duty, and injunctive relief.  *See* Dkt. 217 at 52.  Having prevailed on each and every claim, Defendants now respectfully seek an award of their reasonable attorneys' fees and costs.

## I.    BACKGROUND

### A.    The Parties and the Dispute[2]

ABR, a U.S. Virgin Islands corporation, brought this lawsuit in November 2015 against ArcLight, a Delaware limited liability company, and JP Energy, a Delaware limited liability company.  Dkt. 217 at 2.  ABR alleged that Defendants misappropriated its supposedly confidential information relating to the potential acquisition and restart of the Hovensa oil refinery and terminal facility on St. Croix, and used that information to acquire the Hovensa assets for themselves through a bankruptcy sale.  *See, e.g.*, *id.* at 9; Dkt. 260 at 2-5.

The Hovensa facility was a massive refinery and petroleum storage terminal.  *See* Dkt. 217 at 2.  After Hovensa shut down its refinery operations, its assets were marketed by the investment banking firm Lazard Ltd. to approximately 142 potential buyers.  Dkt. 227 ¶¶ 25-27.  ArcLight was one of the 142 original recipients of Lazard's solicitation package but initially declined to bid. *Id.* ¶ 32.  ABR emerged as the designated purchaser through Lazard's process and subsequently approached JP Energy and ArcLight about providing financing for the transaction.  Dkt. 217 at 3.

---

[2] The facts are largely drawn from the operative Second Amended Complaint, Dkt. 227, and the Court's recitation of ABR's allegations in its opinions issued July 16, 2018 and June 30, 2021, as incorporated in the Court's decision closing this case.  *See* Dkt. 381 at 3 (citing Dkts. 217, 260). Citations are to the internally numbered pages on each document, but if the document lacks internal page numbering, citations are to the Bates-stamped numbers.

The parties executed mutual non-disclosure agreements in late 2014 and early 2015 and discussed the transaction over several months.  *See* Dkt. 227 ¶¶ 56, 67.

After ABR failed to secure legislative approval for its proposed operating agreement with the Government of the Virgin Islands and the parties' discussions broke down, ArcLight pursued the acquisition of the Hovensa assets independently through a bankruptcy sale proceeding in late 2015.  *See* Dkt. 217 at 8; Dkt. 260 at 4; Dkt. 381 at 14.  ArcLight's affiliate, Limetree Bay Holdings LLC, was named as the stalking horse bidder, prevailed at a multi-day auction, and the Bankruptcy Court approved the sale "free and clear" of all pre-closing interests in the property pursuant to Section 363 of the Bankruptcy Code.  11 U.S.C. § 363(f); *see* Dkt. 217 at 8; Dkt. 227 ¶¶ 134-40.  ABR did not make a bid during the bankruptcy process, appear to object to the bidding procedures, or seek more time to arrange financing.

## B.    The Lengthy Procedural History

The procedural history of this litigation is extraordinary in its duration, its complexity, and the volume of resources it consumed.  ABR filed its original Complaint on November 16, 2015, followed by a First Amended Complaint on January 22, 2016, asserting seven causes of action.  *See* Dkt. 1 ¶¶ 49-75; Dkt. 14 ¶¶ 63-107.

**First Motion to Dismiss.**  On March 4, 2016, Defendants moved to dismiss the First Amended Complaint.  Dkt. 20.  During the two years while the motion was pending, discovery proceeded on ABR's claims (over Defendants' objection).  *See* Dkt. 238 at 28.  During this period, Defendants were forced to file repeated motions to compel ABR to provide interrogatory responses specifying the confidential information at issue and how it was allegedly misappropriated, with the Court ruling on the motion to dismiss while Defendants were still litigating their *third* motion to compel (having won the prior two).  *See* Dkts. 147, 180, 214.  On July 16, 2018, the Court issued its ruling on the motion to dismiss, dismissing Counts I (tortious interference), V (unjust

enrichment), and VII (breach of fiduciary duty) with prejudice because those claims centered on the deprivation of ABR's expected earnings from the Hovensa transaction and constituted "interests" barred by the Bankruptcy Sale Order. *See* Dkt. 217 at 2, 25-34, 52. The Court also dismissed Count III (injunctive relief) with prejudice for failure to state a claim and dismissed Counts II (breach of contract) and IV (misappropriation) without prejudice with leave to amend. *See id.* at 37, 39-47, 52. The multiple dismissals validated Defendants' discovery motions seeking specificity in ABR's claims, as the Court held that the ABR "fail[ed] to give Defendants fair notice of the grounds" of its claims. *Id.* at 43 (citation omitted).

**Second Amended Complaint and Second Motion to Dismiss.** On August 15, 2018, ABR filed its Second Amended Complaint. Dkt. 227. On September 19, 2018, Defendants moved to dismiss the Second Amended Complaint and to stay proceedings, arguing that ABR's claims remained barred by the Sale Order, that ABR had failed to remedy its pleading deficiencies despite having conducted two years of discovery, and that its allegations of misappropriation were fundamentally implausible. *See* Dkt. 238 at 1-3, 17, 24-25. While this motion remained pending, ABR pursued its motion for reconsideration (denied) and a motion to reassign the case (summarily denied). *See* Dkts. 232, 245, 247, 249. On June 30, 2021, the Court denied the second motion to dismiss, allowing Counts II, IV, and VI to proceed but expressly holding that "Plaintiff may only seek the value of the Confidential Information—not the value of the Hovensa acquisition." Dkt. 260 at 9 n.3, 20.

**Discovery and ABR's Shifting Damages Theories.** From October 2021 to November 2022, discovery proceeded between the parties, including extensive written discovery in the form of interrogatories, requests for admission, and requests for production. *See* Dkt. 381 at 6. Discovery proved particularly challenging in light of ABR's shifting positions. Over the course

- 4 -

of the litigation, ABR changed its damages theory no fewer than four times: (1) first claiming approximately $3 billion in lost profits based on a 50% ownership stake in the Hovensa Terminal and 100% stake in the refinery; (2) then pivoting to $12 million based on the hypothetical cost to independently create the confidential information, supported by the expert report of David Lerman; (3) withdrawing the Lerman report in September 2022 and seeking up to $18 million based on lay witness testimony; and (4) reverting to its original lost-profits theory that the Court had expressly disallowed and increasing its damages ask to approximately $4 billion. *See* Dkt. 336 3 n.1, 5-6; Dkt 365 at 3, 6-7; Dkt. 381 at 6-7.

Defendants were required to seek additional discovery each time ABR shifted its damages theories and were forced to repeatedly seek court intervention. Magistrate Judge Henderson *sua sponte* issued an order granting all of Defendants' expanded discovery requests, including ordering new depositions of ABR's principals. *See* Dkt. 332 at 6-9. ABR then filed a motion for reconsideration challenging that discovery order, which was denied. *See* Dkts. 334, 336.

**Stipulation for Entry of Judgment.** In January 2023, the parties entered into a stipulation for the entry of final judgment in favor of Defendants on Counts II, IV, and VI, based on ABR's stated intention to prove damages exclusively using the methodology that the Court had barred. *See* Dkt. 346 at 3-4. The stipulation expressly preserved Defendants' right to seek attorneys' fees and costs. *Id.* at 4. However, ABR subsequently withdrew from the stipulation after a status conference in which the Court distinguished between claims linked to the Hovensa assets and damages linked to those assets. *See* Dkt. 351.

**Damages Briefing and Final Dismissal.** On December 5, 2023, the Magistrate Judge ordered briefing on the "potentially dispositive" question of whether ABR could obtain lost-profit damages linked to the Hovensa assets. Dkt. 358 at 2. The parties exchanged extensive briefing,

- 5 -

including ABR's response, Defendants' opposition, ABR's reply, supplemental authority notices, and sur-replies through March 2025. *See* Dkts. 362, 363, 365, 366, 367, 369, 371, 378. On March 27, 2026, Chief Judge Molloy dismissed all of ABR's remaining claims with prejudice, finding that "Plaintiff has failed to articulate a viable theory of damages and therefore has failed to state a claim upon which relief can be granted" and that the claims were additionally barred under 11 U.S.C. § 363(f). Dkt. 381 at 3, 20.

**Counsel for Defendants.** Throughout this litigation, Defendants were represented by local counsel at Dudley Newman Feurzeig LLP in the Virgin Islands and by Latham & Watkins LLP, a national law firm headquartered in New York.

## II.    LEGAL STANDARD

Under Rule 54(d) of the Federal Rules of Civil Procedure, courts "should" allow the prevailing party in a case to recover costs. Fed. R. Civ. P. 54(d)(2). Title 5, Section 541 of the Virgin Islands Code further provides that "there shall be allowed to the prevailing party" an award of attorneys' fees at the conclusion of litigation." 5 V.I.C. § 541(b). Section 541 is "applicable to fees for the litigant who succeeds in pursuing Virgin Islands territorial claims." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999). A prevailing party includes "defendants [who] were successful in their Rule 12(b)(6) motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted." *L & J Crew Station, LLC v. Banco Popular de Puerto Rico*, No. Civ.2003-11, 2004 WL 2538500, at *2 (D.V.I. Nov. 9, 2004).

"[C]osts are generally awarded to a prevailing party as a matter of course, as Rule 54(d)(1) creates a 'strong presumption that costs are to be awarded to the prevailing party.'" *Mendez v. Puerto Rican Int'l Cos., Inc.*, 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015) (quoting *In re Paoli R.R., Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)); Courts have discretion in awarding attorneys' fees, considering factors such as the "time and labor involved," "skill required,"

"benefits obtained from the service and the certainty of compensation," and balance of successful and failed claims. *Mendez*, 2015 WL 720974, at *2; *see Allahar v. Clinical Lab'y, Inc.*, No. 1:11-cv-00001-WAL-EAH, 2022 WL 18284857, at *6 (D.V.I. Oct. 14, 2022) (same); *Addie v. Kjaer*, 836 F.3d 251, 260 (3d Cir. 2016) (finding no error in district court's consideration of matter's complexity and balance of prevailing and failed claims). Courts also consider the opposing party's conduct, such as whether the "vagueness of the plaintiff's amended complaint, and the lack of any viable claim presented therein, . . . unnecessarily forced defendants to incur attorneys' fees." *L & J*, 2004 WL 2538500, at *2; *see also Addie*, 836 F.3d at 260.

The Court uses the lodestar method to calculate a reasonable amount of attorneys' fees, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Allahar v. Clinical Lab'y, Inc.*, No. 1:11-cv-00001-WAL-EAH, 2022 WL 18284857, at *6 (D.V.I. Oct. 14, 2022). Hours reasonably expended "must be useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986) (citation omitted).

## III. ARGUMENT

### A. DEFENDANTS ARE ENTITLED TO FULL ATTORNEYS' FEES

#### 1. Defendants Are The Prevailing Party

There can be no dispute that Defendants are the prevailing party in this litigation.

Defendants are clearly the prevailing party in this litigation, as evidenced by the Court's dismissal of all remaining claims with prejudice on March 27, 2026. The Court found that ABR failed to articulate a viable theory of damages, resulting in a judgment that conclusively resolved the case in Defendants' favor. In addition, the Court determined that ABR's claims were barred under federal bankruptcy law, specifically 11 U.S.C. § 363(f), further reinforcing Defendants' status as the prevailing party. The dismissal followed extensive briefing and judicial consideration,

leaving no ambiguity as to which party succeeded at the conclusion of the case. Moreover, Defendants successfully defended against ABR's shifting and expansive damages theories throughout the litigation, including multiple court-ordered discovery expansions and motions for reconsideration, all of which resulted in favorable outcomes for Defendants. This sustained track record of success in dispositive motions, procedural disputes, and ultimately, final judgment, satisfies the legal standard for prevailing party entitlement under Rule 54(d) and 5 V.I.C. § 541.

This Court dismissed every single one of ABR's seven causes of action with prejudice. Counts I, III, V, and VII were dismissed with prejudice by Judge Lewis in 2018, and ABR's motion for reconsideration of those dismissals was denied. *See* Dkt. 217 at 2, 25-34, 52; Dkt. 222; Dkt. 245. Counts II, IV, and VI were dismissed with prejudice by Chief Judge Molloy on March 27, 2026, and the Court directed the Clerk of Court to close the case. *See* Dkt. 381 at 3, 20; Dkt. 380. Defendants achieved a *complete* victory in this action, prevailing not merely on some claims or some theories, but on every claim asserted against them. This is exactly the type of "total success through a judgment in [a party's] favor on all claims" that supports a fee award. *M & N Aviation, Inc. v. United Parcel Serv., Inc.*, No. 2010-083, 2014 WL 1178200, at *11 (D.V.I. Mar. 21, 2014) (citation omitted); *see id.* at *3; *see also DaCosta v. DaCosta*, 74 V.I. 640, 644-46 (V.I. 2021) (adopting "liberal" construction of "prevailing party" that includes a party who obtains "victory" over the other as well as a party who otherwise "substantially prevailed on the merits").

Moreover, the parties' Stipulation for Entry of Judgment expressly preserved Defendants' right to seek attorneys' fees and costs under Rule 54, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927. *See* Dkt. 346 at 3-4. There is thus no procedural impediment to this Court awarding fees to Defendants.

**2.    The Extraordinary Amount At Stake In This Litigation And The Complexity Of The Claims Warrant A Full Fee Award**

This case was extraordinarily complex and contentious, involving novel questions of law and fact, enormous sums at stake, and an unusually protracted course of proceedings that required Defendants to maintain a vigorous and sustained defense over more than ten years.  Every factor that courts consider in evaluating the reasonableness of attorneys' fees supports a full award here.

a.    *The Case Involved Billions Of Dollars.*

The magnitude of the claims asserted against Defendants was staggering. ABR initially sought approximately $3 billion in lost-profit damages, claiming entitlement to a 50% ownership stake in the Hovensa Terminal and a 100% stake in the refinery.  Dkt. 210-1 at 38 (Table 15). ABR made clear throughout the litigation that its "primary objective" was "finally get its three billion dollar damage claim before a jury." Dkt. 334 at 1. Thereafter, ABR increased its damages position to nearly $4 billion, shifting to a "restitution interest" theory of damages.  Dkt. 362 at 13. The sheer magnitude of these claims required Defendants to devote the highest level of attention and resources to every aspect of the defense, as even a partial adverse judgment could have been catastrophic.

b.    *The Legal And Factual Issues Were Exceptionally Complex.*

This case presented a web of unusually complex legal and factual issues that demanded substantial legal expertise. Among other things, the litigation involved: (1) intricate questions of bankruptcy law, including the scope and effect of the Bankruptcy Court's Sale Order under 11 U.S.C. § 363(f), and whether ABR's claims constituted "interests" barred by the Sale Order; (2) choice-of-law issues requiring analysis of Delaware, Texas, and Virgin Islands law; (3) the interplay between common-law misappropriation claims and preemption under the Uniform Trade Secrets Act; (4) complex factual questions concerning the nature and scope of allegedly

"confidential" information exchanged between parties in multi-party negotiations for a massive energy infrastructure asset; (5) the availability and propriety of numerous, shifting damages theories; and (6) the applicability of the Supreme Court's decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024) to the interpretation of "interests" under Section 363(f).

The factual complexity was equally demanding. The underlying transaction involved the potential acquisition and restart of one of the largest oil refinery and terminal facilities in the Western Hemisphere, with significant environmental liabilities, regulatory approvals, governmental negotiations, and a multi-party bankruptcy proceeding. Understanding the transaction required mastery of technical subjects spanning energy industry economics, environmental regulation, bankruptcy law, and government permitting processes.

> c.    *The Duration And Scope Of The Litigation Were Extraordinary.*

This case was filed on November 16, 2015 and was not resolved until March 27, 2026—a span of more than ten years. Over that period, the docket accumulated hundreds of entries, and the parties engaged in extensive motion practice, discovery, mediation, and briefing.

The motion practice alone was extraordinarily extensive. Defendants filed two comprehensive motions to dismiss, each accompanied by detailed memoranda of law addressing multiple legal theories. Defendants also filed motions to compel discovery, responses to ABR's motions for reconsideration, and extensive briefing on the dispositive damages issue. Each of these filings required substantial legal research, factual analysis, and skillful advocacy.

The discovery process as well was burdensome. Defendants took and defended numerous depositions, including depositions of ABR's principals, Defendants' witnesses, and various third-party witnesses. Defendants propounded multiple sets of interrogatories, requests for admission, and requests for production, each requiring careful drafting and analysis. Defendants engaged and consulted with an independent expert and prepared an expert report. All aspects of that discovery

needed to be modified and reevaluated each time ABR changed its theory of the case. The parties also participated in mediation in an effort to resolve the dispute, which was unsuccessful.

> d.    *ABR's Litigation Conduct Substantially Increased The Costs Of Defense.*

ABR's litigation tactics were a significant driver of the extraordinary costs of this litigation. ABR repeatedly shifted its damages theories—no fewer than four times—each time forcing Defendants to retool their discovery strategy and defense posture. When ABR's initial $3 billion lost-profits theory was barred by the Court, ABR pivoted to a $12 million "cost to recreate" theory, then withdrew that theory, and then reverted to the very lost-profits theory the Court had prohibited—and then, for good measure, shifted theories one again to add another $1 billion to its damages ask. *See*, *e.g.*, Dkt. 336 3 n.1,  Dkt. 362 at 13.

ABR's refusal to dismiss its case voluntarily, even after conceding that it had no viable damages theory under the Court's rulings, forced Defendants to continue incurring fees and costs to bring the litigation to a close. As Defendants explained to the Court at the December 2022 status conference, ABR had "basically said uncle" yet refused to stipulate to dismissal, shifting the burden to Defendants to "file motions, spend more money and litigate this case further." 12/14/22 Transcript at 10.

Additionally, ABR's failure to adequately plead its claims in the first instance forced Defendants through extensive motion practice and discovery disputes. The Court found in its ruling on the first motion to dismiss that the First Amended Complaint "fail[ed] to give Defendants 'fair notice' of the grounds upon which Plaintiff's claim[s] for a breach of contract [and misappropriation] rest[ed]." Dkt 217 at 43. Defendants "had to spend millions of dollars and waste countless hours defending against a complaint that the Court ultimately agreed was completely deficient." Dkt. 238 at 35.

### 3. The Hours Expended Were Reasonable And Necessary

The time expended by Defendants' counsel in this matter was reasonable and necessary given the complexity, duration, and stakes of the litigation. As this Court has recognized, compensable work "must be useful and of the type ordinarily necessary to secure the final result obtained from the litigation." *M & N Aviation*, 2014 WL 1178200, at *11. Over the course of more than ten years, defense counsel were required to research, draft, and file multiple motions to dismiss; prepare for and conduct extensive discovery, including document review, depositions, and expert analysis; participate in mediation; respond to ABR's serial changes of theory; and engage in protracted briefing on the dispositive damages issue.

The time expended on researching, analyzing, and implementing both substantive and procedural strategies is compensable, as it is the type of work ordinarily necessary to secure the final result obtained from the litigation. *Id.* Each category of work—motion practice, discovery, mediation, trial preparation, and appellate strategy—was essential to achieving Defendants' ultimate total success. The Declarations of Counsel details the specific hours expended, the tasks performed, and the attorneys who performed them.

### 4. The Hourly Rates Requested Are Reasonable

Although this Court has generally recognized hourly rates between $300 and $400 per hour as customary for conventional civil litigation in this jurisdiction, those cases did not involve the type of extraordinarily complex, high-stakes commercial litigation at issue here. Courts routinely approve higher rates where the stakes, complexity, and demands of the litigation warrant specialized expertise. *See*, *e.g.*, *Interfaith Cmty. Organization v. Honeywell Intern., Inc.*, 426 F.3d 694 (2005). When lodestar factors are applied to the facts and demands of this case, the hourly rates charged by Defendants' counsel are reasonable and fully justified in light of the complexity

of the litigation, the extraordinary stakes, the sophistication of the plaintiff's claims, and the complete success achieved.

### B.      DEFENDANTS ARE ENTITLED TO COSTS

In addition to attorneys' fees, Defendants are entitled to an award of costs incurred in defending this action.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should" be allowed to the prevailing party, creating a "strong presumption that costs are to be awarded to the prevailing party." *Mendez v. Puerto Rican Int'l Cos., Inc.*, 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)).  The same presumption applies under Virgin Islands law.  Title 5, Section 541(a) of the Virgin Islands Code enumerates recoverable costs, including: (1) fees of officers, witnesses, and jurors; (2) necessary expenses of taking depositions that were reasonably necessary in the action; (3) expenses of publication and postage; (4) compensation of a master; and (5) necessary expense of copying any public record, book, or document used as evidence. See 5 V.I.C. § 541(a)(1)-(5). The award of costs to a prevailing party is the rule, not the exception, and a court declining to award costs must provide a justification for doing so.  *See In re Paoli*, 221 F.3d at 462.

As set forth above, Defendants are indisputably the prevailing party in this litigation, having obtained dismissal with prejudice of every one of ABR's seven causes of action.  Because there is a strong presumption in favor of awarding costs to prevailing parties, and because nothing in the record would justify a departure from that presumption, Defendants are entitled to recover the full costs they incurred in defending this protracted litigation.  *See M & N Aviation, Inc. v. United Parcel Serv., Inc.*, No. 2010-083, 2014 WL 1178200, at *11 (D.V.I. Mar. 21, 2014).

Defendants incurred a total of $734,689.50 in costs associated with the defense of this action, as precisely set forth in the Declarations of Counsel and Bill of Costs filed simultaneously herewith. These costs encompass several categories of necessary litigation expenses. First,

- 13 -

Defendants incurred substantial deposition-related expenses, including fees for transcript preparation, attendance fees, realtime reporting services, video recording services, rough drafts, litigation packages, and exhibit scanning through court reporting vendors such as Veritext. Multiple depositions were taken and defended over the course of this litigation, including depositions of ABR's principals, Defendants' witnesses, and various third-party witnesses, each requiring court reporter and transcription services. Second, Defendants incurred court costs and filing fees, including fees for docket monitoring services, court research, and filing fees associated with the numerous motions, briefs, and other papers that this litigation necessitated. Third, Defendants incurred costs for transcript preparation associated with court hearings, including the preparation of hearing transcripts that were necessary for briefing and strategic analysis. Fourth, Defendants incurred costs related to document processing, copying, and printing, including the preparation, formatting, and reproduction of briefs, exhibits, and other litigation materials. Fifth, Defendants incurred postage and courier charges for the transmission of legal filings and other case-related materials. Sixth, Defendants incurred costs for practice support and litigation database management, including the setup and maintenance of document review databases in Nuix Discover, data loading, quality control, and coding of documents necessary for the extensive discovery process. Seventh, Defendants incurred expert witness and consulting fees in connection with the retention of Richard H. Lee of AlixPartners LLP, who served as Defendants' independent damages expert. AlixPartners was retained in late 2021 to assist with the analysis of ABR's damages claims and the preparation of a rebuttal expert report. The AlixPartners team, led by Mr. Lee, performed extensive work over the course of several months, including reviewing ABR's damages contentions and the expert report of ABR's expert David Lerman, analyzing historical financial data of comparable companies, conducting public-domain research to evaluate ABR's

claims regarding allegedly confidential information, assisting counsel with the drafting of discovery requests and deposition questions, and ultimately preparing a comprehensive expert rebuttal report. AlixPartners billed a total of approximately $231,024.90 across six invoices spanning from January through June 2022, reflecting 297.50 hours of professional time by Mr. Lee and his team at rates ranging from $700 to $975 per hour, plus administrative fees. These expert costs were necessary and reasonable given ABR's complex and shifting damages theories, which required rigorous independent analysis to rebut. Eighth, Defendants incurred travel expenses, including airfare, lodging, and ground transportation costs associated with attending depositions in Miami, Boston, and Pittsburgh, participating in mediation in Miami, and attending court proceedings in St. Croix. Each item of cost was actually and necessarily incurred in defending this action and is of the type ordinarily recoverable under Rule 54(d)(1) and 5 V.I.C. § 541(a). The costs were reasonable and necessary given the extraordinary complexity, duration, and stakes of this decade-long litigation, which required extensive discovery, including depositions, document review, expert consultation, and voluminous briefing. Accordingly, the Court should award Defendants their full costs.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and award Defendants their reasonable attorneys' fees and costs as set forth in the accompanying Declarations of Counsel.

- 15 -

Dated: April 10, 2026
      New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

By:  /s/ *P. Anthony Sammi*
    P. Anthony Sammi (admitted *pro hac vice*)
    Rachel Blitzer (admitted *pro hac vice*)
    1271 Avenue of the Americas
    New York, New York 10020
    Telephone:  (212) 906-1200
    Facsimile:  (212) 751-4864
    tony.sammi@lw.com
    rachel.blitzer@lw.com

**DUDLEY NEWMAN FEURZEIG LLP**

By:  /s/ *Charles E. Lockwood*
    Charles E. Lockwood
    1131 King Street, Suite 204
    Christiansted, U. S. V. I. 00820-4974
    Telephone:  (340) 773-3200
    Facsimile:  (340) 773-3409
    Clockwood@dnfvi.com

    *Attorneys for Defendants Arclight Capital
    Partners, LLC & JP Energy Partners, LP*

- 16 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 10, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following.

**ANDREW C. SIMPSON, P.C**.

Andrew C. Simpson, Esq.
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted pro hac vice)
Gabriel E. Nieto, Esq.
FBN 147559 (admitted pro hac vice)
RASCO KLOCK PEREZ NIETO
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

*Attorneys for Plaintiff,*
*Atlantic Basin Refinery, Inc.*


/s/   Rachel R. Blitzer