**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

ATLANTIC BASIN REFINING, INC.,

        Plaintiff,

        v.                Case No. 1:15 CV-00071

ARCLIGHT CAPITAL PARTNERS, LLC
AND JP ENERGY PARTNERS, LP,

        Defendants.
_____/

**PLAINTIFF'S MOTION TO STAY**
**DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Atlantic Basin Refining, Inc. ("ABR" or "Plaintiff"), respectfully moves for an order staying Defendants' Motion for Attorneys' Fees and Costs (Dkt. No. 382) pending the resolution of ABR's appeal of this Court's March 27, 2026 Order (Dkt. No. 380) and Memorandum Opinion (Dkt. No. 381) dismissing ABR's Second Amended Complaint with prejudice. ABR filed its Notice of Appeal to the United States Court of Appeals for the Third Circuit on April 14, 2026 (Doc. No. 386). As set forth below, a motion for attorneys' fees is not ripe for consideration while the underlying judgment is on appeal, and the Court should therefore stay proceedings on the fee motion or, alternatively, dismiss it without prejudice, allowing for resubmittal after the conclusion of all appeals.

**BACKGROUND**

On March 27, 2026, this Court entered its Order and Memorandum Opinion dismissing ABR's Second Amended Complaint with prejudice. (Dkt. Nos. 380, 381).

On April 10, 2026, while the time for filing a notice of appeal was still running, Defendants filed a Motion for Attorneys' Fees and Costs (Dkt. No. 382) seeking $3,464,842.05 in attorneys'

1

fees and $734,689.50 in costs under Federal Rule of Civil Procedure 54, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927.

ABR filed its Notice of Appeal to the United States Court of Appeals for the Third Circuit on April 14, 2026. In light of that appeal, ABR respectfully requests that the Court stay all proceedings on Defendants' fee motion pending resolution of ABR's appeal, or alternatively dismiss the motion without prejudice to its renewal after the appeal is concluded.

**LAW AND ARGUMENT**

A.    **THE MOTION FOR ATTORNEYS' FEES IS NOT RIPE BECAUSE ABR'S APPEAL IS NOW PENDING**

Virgin Islands courts have squarely held that a motion for attorneys' fees is not ripe for adjudication when the underlying judgment is on appeal. The Supreme Court of the Virgin Islands clearly articulated this rule in *Virgin Islands Government Hospitals & Health Facilities Corp. v. Government of the Virgin Islands*, 50 V.I. 276, 280–81 ( 2008), holding that "[a] ruling on a motion for attorney's fees must be vacated on ripeness grounds 'when the presence of ongoing litigation precludes an informed determination of whether the moving party is in fact entitled to attorney's fees under the relevant law.'" *Id.* at 281 (quoting *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007)). The Court reasoned that the identity of the "prevailing party" cannot be determined until the appellate process has concluded:

> [T]he ASC's motion for attorney's fees—filed one week after the Hospital's Notice of Appeal to the Appellate Division—was not ripe, for the prevailing party cannot be ascertained until the Appellate Division rules on the Hospital's appeal. Since the ASC's attorney's fees motion was not ripe at the trial court level, it is also not ripe at the appellate level.

2

*V.I. Gov't Hosps.*, 50 V.I. at 281. The Court concluded that the appropriate course was to "vacate the [trial] court's decision and remand with instructions to dismiss the motion without prejudice." *Id.* at 280 (quoting *Graham*, 501 F.3d at 1161).

The Virgin Islands Supreme Court reaffirmed this principle in *Mahabir v. Heirs of George*, 63 V.I. 651, 665 (2015), explaining that "[t]he rule against deciding an attorney's fees motion before an appeal is resolved exists because 'the Superior Court has no way to determine which party is the "prevailing party" while the litigation is ongoing.'" *Id.* (quoting *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 700 (V.I. 2015)). The *Mahabir* Court further observed that if the appellate court were to reverse on appeal, "we would have to vacate the attorney's fees orders, and any judicial resources spent resolving those motions would ultimately have been wasted." *Id.* at 665–66 (citing *In re Reynolds*, 60 V.I. 330, 336–37 (V.I. 2013)).

The District Court of the Virgin Islands has also applied this rule directly. In *Mendez v. Puerto Rican International Companies, Inc.*, Civ. No. 2005-0174, 2015 U.S. Dist. LEXIS 165952, 2015 WL 8346221, at *6–7 (D.V.I. Dec. 8, 2015), the court denied a motion for attorneys' fees without prejudice because an appeal was pending. Critically, the *Mendez* court applied the ripeness bar even though the notice of appeal was filed ***after*** the fee motion:

> Defendants filed the present motion for attorneys' fees and costs on August 12, 2015. . . . At that time, Plaintiffs had not filed any notice of appeal of the orders dismissing their claims or the judgment. However, Plaintiffs filed a notice of appeal with this Court on August 28, 2015. . . . Given that this case is currently on appeal, the motion for attorneys' fees and costs is not ripe for consideration. Therefore, the motion will be denied without prejudice.

*Mendez*, 2015 U.S. Dist. LEXIS 165952, at *7.

Here, as in *Mendez*, Defendants filed their fee motion (on April 10, 2026) before ABR filed its notice of appeal (April 14, 2026). The case is now on appeal, and the motion for attorneys' fees

is not ripe under the controlling authority discussed above. The Court should refrain from adjudicating it.

### B.    THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY THE FEE PROCEEDINGS

Even assuming the Court considers the fee motion ripe notwithstanding ABR's appeal, as the Third Circuit recognized in *Sheet Metal Workers' International Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999), the Court should exercise its discretion to stay proceedings on the fee motion until the appeal is resolved.

This Court has done precisely that in analogous circumstances. In *Baptiste v. Rohn*, Civ. No. 2013-0104 (D.V.I. Aug. 19, 2016) (Dkt. No. 156), then-Chief Judge Lewis acknowledged that "the Court generally retains jurisdiction to review applications for attorney's fees and costs, even after being divested of jurisdiction upon the timely filing of a notice of appeal," but then exercised the Court's "discretion and await[ed] the Third Circuit's resolution of the appeal to decide Defendant's Motion for Award of Fees and Costs." *Id.* at 1–2 (citing *Herre Bros.*, 198 F.3d at 394). The Court ordered the Clerk to hold the fee motion in abeyance and directed the parties to advise the Court when the appeal was concluded. *Id.* at 2.

The same reasoning applies here. ABR's appeal will squarely challenge the dismissal of every count in the case, including those in the First Amended Complaint (Dkt. No. 14) previously dismissed in the Court's July 16, 2018, Memorandum Opinion (Dkt. No. 217). If the Third Circuit reverses as to any count, the case would be remanded, and the Defendants' fee motion would become moot until there is a final resolution of the matter.

Proceeding with what Defendants acknowledge is a complex fee dispute -- involving over $4.1 million in claimed fees and costs, multiple statutory bases, and a decade of litigation history -- while the merits of the underlying judgment are being reviewed on appeal would waste the

resources of the Court and the parties. This is the precise concern that is addressed both in the Virgin Islands Supreme Court's decisions (*V.I. Gov't Hosps.* and its progeny) and this Court's order in *Baptiste, supra*.

### C.    STAYING THE FEE MOTION WILL PROMOTE JUDICIAL ECONOMY AND PREVENT PREJUDICE

Staying the fee motion pending appeal serves the interests of judicial economy and causes no prejudice to Defendants. The Virgin Islands Supreme Court has "stressed the importance of promoting judicial economy" in this context. *Mahabir*, 63 V.I. at 665, 2015 V.I. Supreme LEXIS 29 (citing *In re Reynolds*, 60 V.I. at 336–37). As the *Mahabir* Court explained, if ABR were to prevail on appeal, the Court "would have to vacate the attorney's fees orders, and any judicial resources spent resolving those motions would ultimately have been wasted."[1] *Id.*

Defendants suffer no prejudice from a stay. Their right to seek fees is preserved. If Defendants ultimately prevail and the dismissal is affirmed, they may renew their motion at that time.  Holding the motion in abeyance to await the outcome of the appeal is a minimal imposition given the magnitude of the fee request and the substantial questions presented on appeal.

### CERTIFICATION OF COUNSEL

Counsel for ABR conferred with counsel for Defendants via telephone on April 14, 2026 to seek consent to this motion but Defendants indicated that they intend to oppose it.

---

[1] Several federal circuit courts have applied similar principles to questions of the ripeness of fee motions. *See, e.g., Ray v. The Florida Cabinet*, 845 F.2d 311, 314 (11th Cir. 1988); *Nichols v. Muskingum College*, 318 F.3d 674, 682 (6th Cir. 2003); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 674 (9th Cir. 2005); *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1161–62 (10th Cir. 2007).

#### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court stay all proceedings on Defendants' Motion for Attorneys' Fees and Costs (Dkt. No. 382) pending resolution of Plaintiff's appeal to the United States Court of Appeals for the Third Circuit, or in the alternative, dismiss the motion without prejudice to renewal after the appeal is concluded.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**
/s/ Andrew C. Simpson
Andrew C. Simpson, VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

— and —

**RASCO KLOCK & NIETO, P.L.**
Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted PHV)
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: (305) 476-7100
Facsimile: (305) 476-7102
jklock@rascoklock.com
gnieto@rascoklock.com
docketing@rascoklock.com

*Attorneys for Plaintiff,*
*Atlantic Basin Refining, Inc.*

6