**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

ATLANTIC BASIN REFINING, INC.,

Plaintiff,

v.

Case No. 15 Civ. 0071 (RAM) (EAH)

ARCLIGHT CAPITAL PARTNERS, LLC and
JP ENERGY PARTNERS, LP,

Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

ARGUMENT ......................................................................................................................3

I.      THERE IS NO JUSTICIABILITY BARRIER PREVENTING THIS COURT
        FROM REVIEWING DEFENDANTS' MOTION FOR ATTORNEYS' FEES
        AND COSTS ............................................................................................................3

        A.      District Courts May Decide Fees Motions While A Merits Appeal Is
                Pending ........................................................................................................3

        B.      ABR's "Ripeness" Objection Overlooks That Federal Courts Must Follow
                Federal Law On Justiciability ......................................................................6

II.     THERE IS NO REASON TO DEFER RESOLUTION OF DEFENDANTS'
        ATTORNEYS' FEES MOTION ..............................................................................8

III.    IF THE COURT STAYS RESOLUTION OF THE FEES MOTION OR
        ENFORCEMENT OF ANY AWARD, ABR SHOULD BE REQUIRED TO
        POST A SUPERSEDEAS BOND ..........................................................................13

CONCLUSION..................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Baptiste v. Rohn*,
Civ. No. 2013-0104 (D.V.I. Aug. 19, 2016) ...........................................................................4, 9

*Benjamin v. City of Atl. City*,
2014 WL 2916497 (D.N.J. June 26, 2014) .................................................................................5

*Borrell v. Bloomsburg Univ.*,
207 F. Supp. 3d 454 (M.D. Pa. 2016) ........................................................................................8

*Bradford v. Bolles*,
2015 WL 10936052 (D.N.J. Mar. 10, 2015) ..............................................................................5

*Campbell v. Royal Bank Supplemental Exec. Ret. Plan*,
646 F. Supp. 3d 629 (E.D. Pa. 2022) .........................................................................................5

*Christian v. Honeywell Ret. Ben. Plan*,
2014 WL 1652222 (E.D. Pa. Apr. 24, 2014) .............................................................................5

*Defoe v. Phillip*,
702 F.3d 735 (3d Cir. 2012) .......................................................................................................7

*Devcon Int'l Corp. v. Reliance Ins. Co.*,
2008 WL 219968 (D.V.I. Jan. 2, 2008) ...........................................................................4, 5, 8, 9

*Fed. Kemper Ins. Co. v. Rauscher*,
807 F.2d 345 (3d Cir. 1986) .......................................................................................................7

*Four Winds Plaza Corp. v. Caribbean Fire & Assocs., Inc.*,
2008 WL 1970000 (D.V.I. May 5, 2008) ............................................................................13, 14

*Gov't Emps. Ret. Sys. of Gov't of U.S. V.I. v. Turnbull*,
134 F. App'x 498 (3d Cir. 2005) ................................................................................................7

*Graham v. Hartford Life & Accident Ins. Co.*,
501 F.3d 1153 (10th Cir. 2007) ................................................................................................12

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982) ......................................................................................................................4

*Gross v. German Foundation Indus. Initiative*,
456 F.3d 363 (3d Cir. 2006) .......................................................................................................7

*Guarnieri v. Borough*,
   2010 WL 3447752 (M.D. Pa. Aug. 30, 2010) ........................................................................11

*Hirschensohn v. Laws. Title Ins. Corp.*,
   1996 WL 493173 (D.V.I. Aug. 15, 1996), *rev'd on other grounds*,
   1997 WL 307777 (3d Cir. June 10, 1997) ...............................................................................4

*Hunt v. Zuffa, LLC*,
   528 F. Supp. 3d 1180 (D. Nev. 2021)......................................................................................10

*Hunter v. Page County, Iowa*,
   102 F.4th 853 (8th Cir. 2024) ...................................................................................................7

*In re Royer*,
   Civ. No. 2014-0023, 2014 WL 2938456 (V.I. Super. Ct. June 30, 2014) ................................6

*In re Trans World Airlines*,
   18 F.3d 208 (3d Cir. 1994)......................................................................................................13

*In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*,
   2007 WL 4287393 (E.D. Pa. Dec. 4, 2007) .............................................................................9

*In re Valeant Pharms. Int'l, Inc.*,
   2021 WL 9031569 (Dec. 6, 2021), *report & recommendation adopted*,
   2022 WL 2373981 (D.N.J. June 30, 2022) ...............................................................................5

*Lugus IP, LLC v. Volvo Car Corp.*,
   2015 WL 1399175 (D.N.J. Mar. 26, 2015)...............................................................................8

*Mahabir v. Heirs of George*,
   63 V.I. 651 (V.I. 2015) ..............................................................................................................6

*Masalosalo by Masalosalo v. Stonewall Ins. Co.*,
   718 F.2d 955 (9th Cir. 1983) ..................................................................................................10

*McBride v. Int'l Longshoremen's Ass'n*,
   778 F.3d 453 (3d Cir. 2015).......................................................................................................4

*McCloud v. City of Sunbury*,
   2006 WL 449198 (M.D. Pa. Feb. 23, 2006) .............................................................................8

*McLaughlin v. Fisher*,
   2008 WL 4210475 (M.D. Pa. Sept. 9, 2008) ............................................................................8

*Mendez v. P.R. Int'l Cos.*,
   2015 WL 8346221 (D.V.I. Dec. 8, 2015) ..................................................................................7

*Mundrati v. Unum Life Ins. Co. of Am.*,
    2025 WL 1519220 (W.D. Pa. May 28, 2025)................................................................8, 9

*Nichols v. Muskingum College*,
    318 F.3d 674 (6th Cir. 2003) ...........................................................................................12

*Oriental Bank v. Maynard*,
    2021 WL 5260299 (D.V.I. Oct. 20, 2021)........................................................................13

*Principal Life Ins. Co. v. Robinson*,
    394 F.3d 665 (9th Cir. 2005) ...........................................................................................12

*Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*
    *& Participating Emps.*,
    571 U.S. 177 (2014).......................................................................................................5, 6

*Ray v. The Florida Cabinet*,
    845 F.2d 311 (11th Cir. 1988) ..........................................................................................12

*Rodriguez v. Spartan Concrete Prods., LLC*,
    2019 WL 1306259 (D.V.I. Mar. 22, 2019).................................................................4, 8, 12

*Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros., Inc.*,
    198 F.3d 391 (3d Cir. 1999)............................................................................................1, 4

*Solstice Oil & Gas I, LLC v. Seneca Ins. Co.*,
    655 F. App'x 221 (5th Cir. 2016) ......................................................................................7

*Tower Health v. CHS Cmty. Health Sys., Inc.*,
    2023 WL 5622623 (E.D. Pa. Aug. 11, 2023), *aff'd on other grounds*,
    2024 WL 3874245 (3d Cir. Aug. 20, 2024)................................................................8, 9, 10

*United Rentals (N.A.) Inc. v. Liberty Mut. Fire Ins. Co.*,
    2022 WL 7997043 (D.N.J. Oct. 14, 2022)..........................................................................11

*V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of V.I.*,
    50 V.I. 276 (V.I. 2008) ........................................................................................................6

*Venen v. Sweet*,
    758 F.2d 117 (3d Cir. 1985)................................................................................................4

*Virginia v. Hicks*,
    539 U.S. 113 (2003)............................................................................................................7

*Vitalis v. Sun Constructors, Inc.*,
    2020 WL 4912298 (D.V.I. Aug. 20, 2020)..........................................................................4

*White v. N.H. Dep't of Emp. Sec.*,
    455 U.S. 445 (1982)................................................................................................10

## STATUTES

28 U.S.C. § 1927..........................................................................................................2

5 V.I.C. § 541..............................................................................................................2

11 V.I.C. § 1005...........................................................................................................2

## RULES

Fed. R. App. P. 4(a)(4)(A)(iii) ....................................................................................1, 6

Fed. R. Civ. P.
    54..........................................................................................................................2, 5
    54(d)(2) .............................................................................................................1, 6
    54(d)(2)(B) ...............................................................................................3, 5, 10, 13
    54(d)(2)(B)(i) ..................................................................................................1, 3, 5
    58(e) ...............................................................................................................1, 6, 13
    62(b).................................................................................................................13, 14

Defendants ArcLight Capital Partners, LLC ("ArcLight") and JP Energy Partners, LP ("JP Energy") (collectively, "Defendants"), through undersigned counsel, respectfully oppose Plaintiff Atlantic Basin Refining, Inc.'s ("ABR") motion to stay proceedings on Defendants' motion for attorneys' fees and costs (Dkt. No. 382, "Fees Mot.") pending resolution of ABR's appeal of this Court's orders dismissing ABR's claims with prejudice. *See* Dkt. No. 388 ("Stay Mot.").  For the reasons set forth below, this Court should deny Plaintiffs' motion to stay and rule on Defendants' request for fees and costs so that this matter can be fully and finally disposed of on appeal.

## INTRODUCTION

In yet another maneuver to prolong this ten-year (and counting) case, ABR asks the Court to defer ruling on Defendants' motion for attorneys' fees and costs until after the Third Circuit resolves its appeal of the Court's decisions dismissing ABR's claims.  For two reasons, the Court should deny ABR's motion to stay.

*First*, ABR is mistaken in claiming that Defendants' fees motion is "not ripe for adjudication." Stay Mot. 2.  It is black-letter law that federal district courts "retain jurisdiction . . . to review applications for attorney's fees" while a case is pending appeal.  *Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999).  In fact, the Federal Rules of Civil Procedure anticipate that a district court may decide a fees motion while an appeal is pending:  Rule 54(d)(2) requires litigants to seek attorneys' fees within a two-week period following final judgment, and Rule 58(e) permits courts to act on a fees motion before a notice of appeal so as to toll the party's deadline to appeal and enable them to appeal both the merits and fees awards.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i); Fed. R. Civ. P. 58(e); Fed. R. App. P. 4(a)(4)(A)(iii).  Together, this federal case law and rules framework establish that there is no inherent justiciability barrier to deciding a fees motion while an appeal is pending.  Plaintiffs' contrary territorial court authority is not controlling on this federal law question in federal court.

*Second*, ABR offers no reason that the Court should exercise its discretion to stay proceedings on Defendants' fees motion. To the contrary, the lengthy duration of this case (including through ABR's repeated pleadings and motions for reconsideration), the potentially lengthy timeline of an appeal, the recency of this Court's analysis of ABR's claims and familiarity with this litigation, and the low likelihood of reversal all counsel strongly in favor of denying ABR's stay motion and ruling on Defendants' fees motion in the ordinary course. Deciding the motion now would promote judicial economy by enabling the losing party to appeal any decision in time for the Third Circuit to consider the Court's merits and fees ruling together.

## BACKGROUND

Defendants detailed the decade-long procedural history of this litigation in their motion for attorneys' fees and costs. *See* Fees Mot. 3-6. In 2015, ABR asserted multiple claims against Defendants arising out of the acquisition of an oil refinery and terminal facility on St. Croix. Dkt. No. 1 ¶¶ 49-75. Over the course of the litigation, ABR asserted seven causes of action across various iterations of its complaint and shifted its damages theory no fewer than four times, necessitating two motions to dismiss, a separate round of briefing on damages issues, and multiple motions by Defendants to compel discovery in the face of ABR's fluctuating theories and inability to articulate its legal claims. *See* Fees Mot. 3-6. Along the way, ABR also moved multiple times for reconsideration of the Court's reasoned decisions and for reassignment of the case, all of which the Court denied. *See id.* at 4-5, 8. On March 27, 2026, the Court dismissed ABR's remaining claims with prejudice and directed the Clerk of Court to close the case. *See* Dkt. No. 380.

On April 10, 2026, Defendants timely sought $3,464,842.05 in attorneys' fees and $734,689.50 in costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, 5 V.I.C. § 541, 11 V.I.C. § 1005, and 28 U.S.C. § 1927. *See* Fees Mot. 1. Defendants explained that they were entitled to fees and costs given their complete victory on all of ABR's claims, the extraordinary

amount—nearly $4 billion—at stake in the litigation, the factual and legal complexity of ABR's claims, the long duration of the case, and ABR's conduct in prolonging the litigation and stymying any expedient resolution of the case.  *See id.* at 7-11, 13-15.

A few days later, on April 14, 2026, ABR filed a notice of appeal from the Court's final order dismissing the case and "all" other "underlying orders."  Dkt. No. 386.  Shortly thereafter, on April 16, 2026, ABR filed the instant motion to stay proceedings on Defendants' fees motion on the basis that the motion "is not ripe for consideration" in light of the appeal.  Stay Mot. 1. ABR suggests that Defendants filed their fee motion prematurely—"while the time for filing a notice of appeal was still running."  *Id.*  But Defendants were required by Rule 54(d)(2)(B)(i) to file their motion "no later than 14 days after the entry of judgment."  Far from being premature, Defendants' motion was filed in compliance with the Federal Rules' tight deadline—a deadline specifically designed to ensure prompt resolution of fee disputes "while the services performed are freshly in mind."  *See* Fed. R. Civ. P. 54(d)(2)(B) advisory committee's notes to 1993 amendment.

## ARGUMENT

**I.   THERE IS NO JUSTICIABILITY BARRIER PREVENTING THIS COURT FROM REVIEWING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

### A.   District Courts May Decide Fees Motions While A Merits Appeal Is Pending

ABR argues that Defendants' motion for attorneys' fees and costs is "not ripe for adjudication" because, after Defendants requested fees and costs, ABR filed an appeal that remains pending.  Stay Mot. 2.  But ABR's justiciability argument contravenes controlling federal law.  As ABR admits, the Third Circuit has "recognized" that district courts have the ability to review motions for fees and costs even after a case is on appeal.  Stay Mot. 4.  And ABR does not cite any Third Circuit authority suggesting that motions for attorneys' fees and costs are not justiciable simply because a merits ruling is on appeal at the same time.

Indeed, the Third Circuit has repeatedly held that, although the initiation of an appeal "'divests the district court of its control over those aspects of the case involved in the appeal,'" the district court "retain[s] jurisdiction to . . . review applications for attorney's fees." *Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see McBride v. Int'l Longshoremen's Ass'n*, 778 F.3d 453, 458 n.6 (3d Cir. 2015) ("The District Court had jurisdiction to rule on attorney's fees while the appeal was pending."); *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985) ("A district court, during the pendency of an appeal[,] is not divested of jurisdiction to determine an application for attorney's fees."). These holdings would make no sense if the mere fact that a merits appeal was pending rendered a fees motion unripe for adjudication.

Judges in this District likewise have acknowledged their "'jurisdiction to rule on attorney's fees while [an] appeal [is] pending.'" *Rodriguez v. Spartan Concrete Prods., LLC*, 2019 WL 1306259, at *5 (D.V.I. Mar. 22, 2019) (alteration in original) (quoting *McBride*, 78 F.3d at 458 n.6). "[T]he weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Devcon Int'l Corp. v. Reliance Ins. Co.*, 2008 WL 219968, at *1 (D.V.I. Jan. 2, 2008); *see, e.g.*, *Baptiste v. Rohn*, Civ. No. 2013-0104 (D.V.I. Aug. 19, 2016), Dkt. No. 156 (Lewis, C.J.) (cited at Stay Mot. 4) ("[T]he Court generally retains jurisdiction to review applications for attorney's fees and costs, even after being divested of jurisdiction upon the timely filing of a notice of appeal.")); *Hirschensohn v. Laws. Title Ins. Corp.*, 1996 WL 493173, at *3 (D.V.I. Aug. 15, 1996) (similar), *rev'd on other grounds*, 1997 WL 307777 (3d Cir. June 10, 1997).

Accordingly, courts in the Third Circuit routinely decide motions for fees and costs while a case is pending appeal. *See, e.g.*, *Vitalis v. Sun Constructors, Inc.*, 2020 WL 4912298, at *1

- 4 -

(D.V.I. Aug. 20, 2020) (noting that court denied motion to stay fees proceedings pending appeal); *Devcon*, 2008 WL 219968, at \*1 (rejecting argument to stay fees motion pending appeal as "unpersuasive"); *Campbell v. Royal Bank Supplemental Exec. Ret. Plan*, 646 F. Supp. 3d 629, 637 (E.D. Pa. 2022) (denying motion to stay fees motion pending appeal); *In re Valeant Pharms. Int'l, Inc.*, 2021 WL 9031569, at \*1 (Dec. 6, 2021) (awarding fees and noting that court "not divested" of authority to do so pending appeal), *report & recommendation adopted*, 2022 WL 2373981 (D.N.J. June 30, 2022); *Bradford v. Bolles*, 2015 WL 10936052, at \*1 (D.N.J. Mar. 10, 2015) (deciding fees motion while case was pending appeal); *Benjamin v. City of Atl. City*, 2014 WL 2916497, at \*1 n.2 (D.N.J. June 26, 2014) (same); *Christian v. Honeywell Ret. Ben. Plan*, 2014 WL 1652222, at \*3 (E.D. Pa. Apr. 24, 2014) ("Clearly, a court is not divested of jurisdiction to determine a fee application pending an appeal on the predicate case").

The Federal Rules reinforce that a motion for attorneys' fees and costs is not non-justiciable simply because a merits appeal is pending. For example, Federal Rule 54(d)(2)(B) requires that a party seek attorneys' fees "no later than 14 days after the entry of judgment"—not after the time for a notice of appeal has expired. Fed. R. Civ. P. 54(d)(2)(B)(i). The Rules Advisory Committee noted that the 14-day limit "affords an opportunity for the court to . . . make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." Fed. R. Civ. P. 54(d)(2)(B) advisory committee's notes to 1993 amendment. In other words, Rule 54 contemplates that district courts can (and do) decide motions for attorneys' fees while an appeal on the merits is pending. Moreover, as the Supreme Court has noted, "[t]he Federal Rules of Civil Procedure . . . provide a means to avoid a piecemeal approach" in which parties separately appeal merits rulings and fee awards. *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 186

- 5 -

(2014). Rule 58(e) "provides that if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective." *Id.* at 187; Fed. R. Civ. P. 58(e). The district court's ruling on the fees motion, in turn, "delays the running of the time to file an appeal until the entry of the order disposing of the fee motion" under Federal Rule of Appellate Procedure 4(a)(4)(A)(iii), thereby permitting appeal on the merits and the fee award at the same time. *Ray Haluch Gravel Co.*, 571 U.S. at 187; *see* Fed. R. App. P. 4(a)(4)(A)(iii).

In short, federal case law and the Federal Rules confirm that there is no inherent justiciability barrier preventing adjudication of a fees motion while an appeal is pending. There is no reason that this Court should depart from this well-settled law and deem the fees motion unripe.

**B.    ABR's "Ripeness" Objection Overlooks That Federal Courts Must Follow Federal Law On Justiciability**

In arguing that Defendants' motion for attorneys' fees and costs is not justiciable, ABR relies on Virgin Islands territorial authority holding that fees motions are not ripe during the pendency of an appeal because "the prevailing party cannot be ascertained until the Appellate Division rules on the [] appeal." *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of V.I.*, 50 V.I. 276, 281 (V.I. 2008) (cited at Stay Mot. 2); *see also Mahabir v. Heirs of George*, 63 V.I. 651, 665-66 (V.I. 2015) (cited at Stay Mot. 3) (deciding fees award only after affirming merits ruling). But ABR is mistaken in looking to Virgin Islands territorial cases rather than federal law, which presents no justiciability barrier to resolving fee motions during the pendency of an appeal. Indeed, even the Virgin Islands Supreme Court has recognized the tension between its own ripeness rule and the policy against piecemeal appeals, observing that "preventing the Superior Court from ruling on an attorney's fees motion in time to be appealed along with the underlying judgment encourages piecemeal appeals." *Mahabir*, 63 V.I. at 665 n.7 (citing *In re Royer*, Civ. No. 2014-

- 6 -

0023, 2014 WL 2938456, at *2 (V.I. Super. Ct. June 30, 2014)) (declining to revisit ripeness rule in light of parties' failure to cite controlling authority).

To be sure, the Virgin Islands Supreme Court has "the final word on the interpretation of local Virgin Islands law." *Defoe v. Phillip*, 702 F.3d 735, 742 (3d Cir. 2012) (citation omitted). However, even in diversity cases, "the question of justiciability is a federal issue to be determined only by federal law." *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986). "If it were otherwise, then when state law exhibited more leniency in its definition of 'case or controversy,' the federal courts would be improperly exercising federal jurisdiction over a diversity action." *Id.*; *see also, e.g.*, *Virginia v. Hicks*, 539 U.S. 113, 120 (2003) (noting that state courts, unlike federal courts, "are not bound by the limitations of a case or controversy or other federal rules of justiciability" (citation omitted)); *Gross v. German Foundation Indus. Initiative*, 456 F.3d 363, 376 (3d Cir. 2006) (explaining justiciability under political question doctrine "is a matter of federal law"); *Hunter v. Page County, Iowa*, 102 F.4th 853, 865 n.8 (8th Cir. 2024) ("justiciability [of procedural rights] in federal court is a question of federal law"); *Solstice Oil & Gas I, LLC v. Seneca Ins. Co.*, 655 F. App'x 221, 224-25 (5th Cir. 2016) ("justiciability is a federal law question even when state substantive law applies"). Therefore, even when a plaintiff's claims implicate Virgin Islands law, courts in the Third Circuit must apply federal law regarding justiciability. *See, e.g.*, *Gov't Emps. Ret. Sys. of Gov't of U.S. V.I. v. Turnbull*, 134 F. App'x 498, 500-01 (3d Cir. 2005).

ABR cites only one federal case in which a court in this District deemed an attorneys' fees motion "not ripe for consideration" due to a pending appeal: *Mendez v. P.R. Int'l Cos.*, 2015 WL 8346221, at *2 (D.V.I. Dec. 8, 2015) (Thompson, J., sitting by designation). *See* Stay Mot. 3. But *Mendez* cannot be reconciled with the above-cited precedent from this District recognizing that

- 7 -

courts may decide fees motions pending appeal without running afoul of justiciability principles. *See supra* cases cited at 4. Nor does *Mendez* explain why Virgin Islands territorial law regarding justiciability should trump federal justiciability principles, let alone acknowledge the conflict between Virgin Islands territorial justiciability principles and the federal justiciability framework that governs in this Court. Moreover, the same judge who decided *Mendez* held just four years later that courts in this District *do* "retain[] jurisdiction to decide" an attorneys' fees motion even while an appeal is pending. *Rodriguez*, 2019 WL 1306259, at *5 (Thompson, J., sitting by designation). ABR's ripeness-based challenge should be rejected.

## II.    THERE IS NO REASON TO DEFER RESOLUTION OF DEFENDANTS' ATTORNEYS' FEES MOTION

Conceding that the Court may consider Defendants' motion for fees and costs, ABR nonetheless argues that the Court should exercise its discretion to stay the motion until appellate proceedings end. But deferring resolution of the motion would run contrary to the "weight of authority," which maintains that the court "consider[s] attorneys' fees promptly after the merits decision." *Devcon*, 2008 WL 219968, at *1 (denying motion to stay pending appeal and citing cases); *see, e.g.*, *Mundrati v. Unum Life Ins. Co. of Am.*, 2025 WL 1519220, at *2 (W.D. Pa. May 28, 2025); *Tower Health v. CHS Cmty. Health Sys., Inc.*, 2023 WL 5622623, at *3 n.4 (E.D. Pa. Aug. 11, 2023), *aff'd on other grounds*, 2024 WL 3874245 (3d Cir. Aug. 20, 2024); *Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 505-06 (M.D. Pa. 2016); *Lugus IP, LLC v. Volvo Car Corp.*, 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015); *McLaughlin v. Fisher*, 2008 WL 4210475, at *2 (M.D. Pa. Sept. 9, 2008); *McCloud v. City of Sunbury*, 2006 WL 449198, at *1 (M.D. Pa. Feb. 23, 2006) ("We do not recall any instance where we have stayed a motion for attorney's fees and expenses pending the outcome of an appeal."). As courts in the Third Circuit have held, "a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite

period." *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, 2007 WL 4287393, at \*2 (E.D. Pa. Dec. 4, 2007) (citing cases); *see, e.g.*, *Devcon*, 2008 WL 219968, at \*1; *Mundrati*, 2025 WL 1519220, at \*2.

ABR offers two reasons for staying fee proceedings: (1) the purported "waste" of resources in deciding the motion if the Third Circuit was to reverse as to any count, Stay Mot. 4-5; and (2) the supposed lack of prejudice to Defendants, who may "renew" their motion in the event that the Third Circuit affirms, *id.* at 5. But both reasons essentially turn on the fact that the case is on appeal and the Third Circuit could reverse or affirm the ruling below. ABR does not identify "any compelling or unusual circumstance that would support a stay of the consideration of attorney's fees." *Mundrati*, 2025 WL 1519220, at \*2. Moreover, ABR ignores the many factors that favor resolving the motion in the ordinary course.

First, the "long pendency of this matter" counsels against a stay. *Devcon*, 2008 WL 219968, at \*1 (denying stay of fees motion proceedings pending appeal). This litigation has been pending for more than ten years before the Court, and delay in deciding the final motion before the Court will only prolong the uncertainty and unfairness of this litigation for Defendants. *See, e.g.*, *Tower Health*, 2023 WL 5622623, at \*3 n.4 (denying motion to stay where "[t]he matter before the court has long been pending"); *Unisys Corp.*, 2007 WL 4287393, at \*2 (denying stay where "some of the legal services in this case were rendered as early as 1994," more than ten years before the motion for fees and costs). At the time that the district court granted the motion to stay briefing on fees and costs in *Baptiste v. Rohn* (cited at Stay Mot. 4), by contrast, less than three years had passed since the case commenced. *See Baptiste v. Rohn*, Civ. No. 2013-0104 (D.V.I.), Dkts. 1, 156. ABR's plan to appeal "every count in the case," Stay Mot. 4, only reaffirms the value of deciding Defendants' fees motion now, rather than postponing for some indefinite period.

- 9 -

Second, this Court's familiarity with the case, based on its recent consideration and denial of ABR's claims, warrants deciding the fees motion now, not later.  As the Rules Advisory Committee to Rule 54(d)(2)(B) noted, the 14-day limit for seeking attorney's fees and costs from a final judgment "affords an opportunity for the court to resolve fee disputes shortly after trial, *while the services performed are freshly in mind*."  Fed. R. Civ. P. 54(d)(2)(B) advisory committee's notes to 1993 amendment (emphasis added).  For this reason, "courts often prefer to evaluate the issue of attorneys' fees immediately after a judgment is made on the merits."  *Tower Health*, 2023 WL 5622623, at *3 n.4 (citation omitted); *Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1184 (D. Nev. 2021) (denying motion for stay because "prompt ruling" on fees "minimizes the concern that the 'relevant circumstances will no longer be fresh in the mind of the district court judge'" (quoting *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983)).  ABR itself notes that the fee dispute is "complex," given that the case implicates "multiple statutory bases" and "a decade of litigation."  Stay Mot. 4.  Resolving Defendants' fees motion years from now, when the appeal has concluded, will deprive the Court of the benefits of the recency of its analysis and ruling on this complex case.

Third, delaying adjudication of the attorneys' fees motion runs contrary to the Supreme Court's guidance that district courts "promptly hear[] and decid[e] claims to attorney's fees" in order to "avoid piecemeal appeals" and "permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits."  *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982); *see, e.g., Hunt*, 528 F. Supp. 3d at 1184 ("prompt ruling" on fees "'best serves the policy against piecemeal appeals'" (quoting *Masalosalo*, 718 F.2d at 957).  To the extent that any party disagrees with the Court's fee award, a prompt ruling will enable the party to appeal alongside the merits appeal, thus promoting judicial economy across the legal system.

Fourth, ABR has not demonstrated a reasonable likelihood of success on appeal, such that any fee award likely would be reversed. *See, e.g.*, *United Rentals (N.A.) Inc. v. Liberty Mut. Fire Ins. Co.*, 2022 WL 7997043, at *2 (D.N.J. Oct. 14, 2022) (denying request to defer resolution of attorneys' fees motion based in part on lack of showing of "likelihood of success on appeal"); *cf. Guarnieri v. Borough*, 2010 WL 3447752, at *2 (M.D. Pa. Aug. 30, 2010) (denying motion to stay calculation of fee award pending petition where stay applicant did not show "reasonable likelihood" that petition would be granted). ABR suffered a complete loss on every one of its claims—across seven causes of action asserted in multiple iterations of its complaint—even after this Court afforded ABR repeated opportunities to cure its pleading deficiencies. *See* Fees Mot. 3-6. ABR shifted its damages theory no fewer than four times, yet was unable to articulate a viable theory of damages or a claim upon which relief could be granted. *See* Dkt. No. 381 at 3, 20. Given this record, it is unlikely that ABR will prevail on appeal.

Indeed, ABR itself previously conceded that "based upon the Court's earlier rulings on the motions to dismiss, the Court should grant" dismissal of its remaining claims. Dkt. No. 334 at 2-3. ABR then entered into a stipulation for entry of judgment in Defendants' favor, explicitly acknowledging that "its damages position is inconsistent with the Court's earlier rulings." Dkt. No. 346 at 3. Although ABR later withdrew from that stipulation, the Court ultimately dismissed ABR's claims on the very grounds ABR had previously conceded were fatal. *See* Dkt. No. 381 at 20. This record belies any suggestion that ABR's appeal presents "substantial questions." Stay Mot. 5.[1] And even if ABR were to succeed on one or two of its claims on appeal, that still would

---

[1] ABR's assertion that its appeal will "squarely challenge the dismissal of every count in the case, including those in the First Amended Complaint (Dkt. No. 14) previously dismissed in the Court's July 16, 2018, Memorandum Opinion (Dkt. No. 217)," Stay Mot. 4, does not help its cause. Counts I, V, and VII of the First Amended Complaint were dismissed with prejudice in 2018 as barred by the Bankruptcy Court's Sale Order. *See* Dkt. No. 217 at 25-34. ABR's motion for reconsideration

not render the Court's resolution of Defendants' fees motion a "waste," Stay Mot. 4, as the Court's analysis as to fees and costs for the other claims would remain unchanged.[2]

Fifth, even if the Court has any residual concern about enforcing a fee award while the appeal is pending, the proper course is to decide the motion now and stay enforcement of the resulting order—not to defer consideration of the motion altogether.  That is exactly what this Court did in *Rodriguez v. Spartan Concrete Products, LLC*, where the court ruled on the merits of a motion for attorneys' fees—determining both entitlement and the appropriate award—but stayed the order pending the resolution of the plaintiffs' appeal.  2019 WL 1306259, at *5-6 (Thompson, J., sitting by designation).  Such an approach preserves every benefit of a prompt ruling, including this Court's familiarity with the case and the avoidance of piecemeal appeals, while addressing any concern about premature enforcement.  ABR has identified no reason why this Court should not follow the same course here.

---

of that ruling was denied.  *See* Dkt. No. 246.  ABR's attempt to revive claims that were dismissed eight years ago—on grounds that have already been considered and rejected by this Court—only underscores the weakness of the appeal and the improbability that any reversal will disturb the fee award.  If anything, the breadth of ABR's appeal increases the likelihood of protracted appellate proceedings, which weighs further in favor of resolving the fees motion now to avoid piecemeal litigation.

[2] ABR's circuit court authority (cited at Stay Mot. 5 n.1) is inapposite.  For example, in *Ray v. The Florida Cabinet*, the Eleventh Circuit deemed an "interim" attorneys' fees motion unripe where the district court had not issued a "final" order, a summary judgment motion remained pending, and the plaintiffs were "still seeking damages before the district court."  845 F.2d 311, 312-14 (11th Cir. 1988).  Similar facts presented in *Graham v. Hartford Life & Accident Ins. Co.*, where the Tenth Circuit held that the district court had not yet made "a final decision" and deemed the attorneys' fee award unripe.  501 F.3d 1153, 1163 (10th Cir. 2007).  Here, by contrast, this Court plainly issued a final order on ABR's claims, to which an attorneys' fee award may properly attach. ABR's other cited decisions are similarly distinguishable, as none of them come from district courts deciding motions to stay fees proceedings. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 674 (9th Cir. 2005) (reversing and remanding on basis that district court wrongly declined to consider case for lack of subject matter jurisdiction); *Nichols v. Muskingum College*, 318 F.3d 674, 682 (6th Cir. 2003) (reversing district court's underlying decision).

Sixth, ABR's alternative request to dismiss the fees motion without prejudice, "allowing for resubmittal after the conclusion of all appeals," Stay Mot. 1, is even less justified than a stay. Dismissal without prejudice would not merely pause proceedings—it would force Defendants to re-file their motion and restart the briefing process from scratch after what could be years of appellate proceedings. It would waste the substantial work already invested in preparing the fee motion and its supporting declarations, deprive this Court of any ability to act on the existing motion, and further extend a case that has already been pending for over a decade. No authority cited by ABR supports dismissal without prejudice of a timely filed fee motion simply because an appeal is pending. To the contrary, as discussed above, the Federal Rules expressly contemplate that district courts will act on fee motions during the pendency of an appeal. *See* Fed. R. Civ. P. 54(d)(2)(B); Fed. R. Civ. P. 58(e). The Court should reject this alternative request.

## III. IF THE COURT STAYS RESOLUTION OF THE FEES MOTION OR ENFORCEMENT OF ANY AWARD, ABR SHOULD BE REQUIRED TO POST A SUPERSEDEAS BOND

Should the Court grant ABR's motion to stay—whether by deferring consideration of the fees motion or by deciding the motion but staying enforcement of any resulting award—ABR should be required to post a supersedeas bond to protect Defendants' interest in their fee recovery. Rule 62(b) of the Federal Rules of Civil Procedure provides that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond." Fed. R. Civ. P. 62(b); *see, e.g.*, *Oriental Bank v. Maynard*, 2021 WL 5260299, at *2 (D.V.I. Oct. 20, 2021); *In re Trans World Airlines*, 18 F.3d 208, 211 n.6 (3d Cir. 1994).

Courts in this District have required supersedeas bonds in similar contexts. In *Four Winds Plaza Corp. v. Caribbean Fire & Assocs., Inc.*, the court granted the plaintiffs' request for a stay of an attorneys' fees and costs award pending appeal, but conditioned the stay on the posting of a supersedeas bond sufficient to cover the combined fee award plus estimated post-judgment

interest. 2008 WL 1970000, at *2 (D.V.I. May 5, 2008) (applying previous version of Rule 62(d), which provided substantively same relief as Rule 62(b)). The same principle applies here: if ABR obtains a stay, Defendants are entitled to the security of a bond to ensure that their fee and cost recovery is not jeopardized by any delay.

A bond requirement should pose no hardship to ABR. In its own filing in this very case, ABR characterized its then-current damages claim of $12 million as "a relatively trivial damage claim." Dkt. No. 334 at 2. If ABR considers a damages claim of that magnitude "relatively trivial," it can hardly contend that posting a bond to secure Defendants' fee award of approximately $4.2 million would be burdensome. The Court should therefore condition any stay on ABR's posting of a supersedeas bond sufficient to cover Defendants' claimed fees and costs, together with post-judgment interest.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny ABR's motion to stay proceedings on Defendants' request for attorneys' fees and costs pending appeal (or to alternatively dismiss without prejudice), and request that the Court rule on Defendants' fees motion in the ordinary course. In the alternative, should the Court grant a stay, Defendants request that the Court condition the stay on ABR's posting of a supersedeas bond sufficient to secure Defendants' fee and cost recovery, including post-judgment interest.

Dated: April 30, 2026
     New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**


By: /s/ *Rachel Blitzer*
    P. Anthony Sammi (admitted *pro hac vice*)
    Rachel Blitzer (admitted *pro hac vice*)
    1271 Avenue of the Americas
    New York, New York 10020
    Telephone:  (212) 906-1200
    Facsimile:  (212) 751-4864
    tony.sammi@lw.com
    rachel.blitzer@lw.com


**DUDLEY NEWMAN FEURZEIG LLP**


By: /s/ *Charles E. Lockwood*
    Charles E. Lockwood
    1131 King Street, Suite 204
    Christiansted, U. S. V. I. 00820-4974
    Telephone:  (340) 773-3200
    Facsimile:  (340) 773-3409
    Clockwood@dnfvi.com

    *Attorneys for Defendants Arclight Capital*
    *Partners, LLC & JP Energy Partners, LP*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on April 30, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following.

**ANDREW C. SIMPSON, P.C**.

Andrew C. Simpson, Esq.
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted pro hac vice)
Gabriel E. Nieto, Esq.
FBN 147559 (admitted pro hac vice)
RASCO KLOCK PEREZ NIETO
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

*Attorneys for Plaintiff,*
*Atlantic Basin Refinery, Inc.*


*/s/   Rachel Blitzer*