IN THE DISTRICT COURT OF THE VIRGIN ISLAND
DIVISION OF ST. CROIX

| | |
|---|---|
| ATLANTIC BASIN REFINING, INC.<br><br>    PLAINTIFF,<br><br>VS.<br><br>ARCLIGHT CAPITAL PARTNERS, LLC<br>AND JP ENERGY PARTNERS, LP,<br><br>    DEFENDANTS. | CASE NO.: 1:15-cv-00071 |

**ABR'S REPLY IN SUPPORT OF MOTION TO
STAY DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendants' opposition rests on a fundamental mischaracterization of Atlantic Basin Refining, Inc.'s ("ABR") argument. ABR does not contend—and has never contended—that this Court lacks jurisdiction to entertain a motion for attorney's fees while a merits appeal is pending. The bulk of Defendants' memorandum is therefore devoted to setting up and knocking down a strawman.

When Defendants finally get to the issue raised by ABR—that the motion is not *ripe* for consideration—they go down the wrong path. ABR did not raise a constitutional or justiciability ripeness issue. Rather, ripeness on this issue is an accrual issue governed by Virgin Islands law. It is a claim accrual rule similar to a statute of limitations that, under the *Erie* Doctrine,[1] a federal court sitting in diversity must apply.

---

[1] *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

Separately, and in the alternative, even if the Court concludes that the fee motion is ripe, it should exercise its discretion to hold the motion in abeyance pending the appeal, as this Court has done in analogous circumstances. Proceeding with what would be an extraordinarily burdensome and complex fee review—across over 4,000 individual billing entries spanning more than a decade of litigation—before it is known whether Defendants will ultimately prevail would waste the resources of both the Court and the parties and risk rendering all of that work a nullity.

**ARGUMENT**

I. **ABR DOES NOT DISPUTE THAT THIS COURT HAS JURISDICTION TO RULE ON A FEE MOTION DURING A PENDING APPEAL—THE ISSUE IS WHETHER THE FEE MOTION IS RIPE UNDER VIRGIN ISLANDS LAW.**

Defendants devote the first several pages of their opposition to establishing that federal courts have jurisdiction to decide attorney's fees motions while a merits appeal is pending. *See* Opp. at 3–6. ABR agrees with that proposition as a statement of federal jurisdiction. The cases Defendants cite—including *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999), and *McBride v. Int'l Longshoremen's Ass'n*, 778 F.3d 453 (3d Cir. 2015)—stand for the unremarkable rule that filing a notice of appeal does not automatically strip a district court of all authority to act. ABR's motion conceded as much. *See* Stay Mot. at 4 (quoting *Baptiste v. Rohn*, Civ. No. 1:13-cv-104 (D.V.I. Aug. 19, 2016) (Doc. No. 156) for the proposition that "the Court generally retains jurisdiction to review applications for attorney's fees and costs, even after being divested of jurisdiction upon the timely filing of a notice of appeal").

2

Most of the Third Circuit and federal cases cited by Defendants involved fee-shifting under federal statutes—civil rights statutes, ERISA, and similar provisions—where the right to fees accrues upon entry of the underlying judgment *at the District Court level*.[2] These cases stand for the uncontested proposition that a district court does not lose jurisdiction to decide a attorney fee motion when a notice of appeal is filed. The Virgin Islands cases Defendants rely upon stand for that same uncontested proposition and likewise do not address the ripeness issue first identified by the Virgin Islands Supreme Court in 2008 in *V.I. Gov't Hospitals. & Health Facilities Corp. v. Gov't of V.I.*, 50 V.I. 276, 281 (V.I. 2008).[3] The only authority from this Court that has squarely

---

[2] *See, e.g.*, *Campbell v. Royal Bank Supplemental Exec. Ret. Plan*, 646 F. Supp. 3d 629 (E.D. Pa. 2022) (**ERISA**); *In re Valeant Pharms. Int'l, Inc.*, 2021 WL 9031569, at \*1 (Dec. 6, 2021), report & recommendation adopted, 2022 WL 2373981 (D.N.J. June 30, 2022); (**class action fees**); *Bradford v. Bolles*, 2015 WL 10936052 (D.N.J. Mar. 10, 2015) (**42 U.S.C. § 1988(b)**); *Benjamin v. City of Atl. City*, 2014 WL 2916497 (D.N.J. June 26, 2014) (**42 U.S.C. §§ 1988 & 2000e–5(k) and N.J.S.A. 10:5–27.1**); *Christian v. Honeywell Ret. Ben. Plan*, 2014 WL 1652222, at \*3 (E.D. Pa. Apr. 24, 2014) (**ERISA**);

[3] *Devcon Int'l Corp. v. Reliance Ins. Co.*, 2008 WL 219968 (D.V.I. Jan. 2, 2008) and *Hirschensohn v. Laws. Title Ins. Corp.*, 1996 WL 493173, at \*3 (D.V.I. Aug. 15, 1996), rev'd on other grounds, 1997 WL 307777 (3d Cir. June 10, 1997) were decided eight months before and twelve months, respectively, before the Virgin Islands Supreme Court first articulated the ripeness issue in *V.I. Gov't Hospitals. & Health Facilities Corp. Vitalis v. Sun Constructors, Inc.*, 2020 WL 4912298 (D.V.I. Aug. 20, 2020) merely mentions the fact that a prior order denied the motion for fees. The actual order  is a one sentence order denying a motion to defer consideration of the motion for fees with no explanation of the Court's rationale. *See Vitalis v. Sun Constructors, Inc.*, Case No. 1:05-cv-101 (D.V.I. May 14, 2010) (Doc. No.571). The motion to defer the fee motion (Doc. No. 560) in the *Vitalis* case does not mention any Virgin Islands case law and relied solely upon federal case law allowing *discretionary* deferral of motions for fees while an appeal is pending. In *Rodriguez v. Spartan Concrete Prods., LLC*, 2019 WL 1306259 (D.V.I. Mar. 22, 2019) the Court did not address whether the fee motion was ripe. The opposition to the motion for fees did not claim that the motion was unripe or argue for a stay. *See* Doc. No. 190 in Case No. 1:12-cv-190. *Baptiste v. Rohn*, Case No.

addressed this issue is *Mendez v. P.R. Int'l Cos.*, 2015 WL 8346221 (D.V.I. Dec. 8, 2015)—and it applied the ripeness doctrine enunciated by the Virgin Islands Supreme Court and stayed the motion for attorney's fees in that case.

The critical point Defendants miss is that "jurisdiction" and "ripeness" are distinct inquiries. A court may have jurisdiction over a fee motion in the sense that the filing of a notice of appeal has not stripped it of all authority, and yet the motion may still not be ripe—meaning the underlying substantive prerequisites for adjudication have not yet been satisfied. That is precisely the situation here under 5 V.I.C. § 541.

## II. UNDER 5 V.I.C. § 541, A FEE MOTION IS NOT RIPE UNTIL THE PREVAILING PARTY IS *FINALLY* DETERMINED—A RULE THAT IS GROUNDED IN THE STATUTE'S OWN ACCRUAL STRUCTURE.

Defendants take issue with *Mendez* because it does not "explain why Virgin Islands territorial law regarding justiciability should trump federal justiciability principles, let alone acknowledge the conflict between Virgin Islands territorial justiciability principles and the federal justiciability framework that governs in this Court." The likely reason for the lack of explanation in that case is that the explanation is self-evident. The *Mendez* Court understood the *Erie* Doctrine.

A court sitting in diversity applies the accrual law of the forum state. *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 204 (1st Cir. 2015) (holding that a federal court sitting in diversity must apply the state's accrual rules

---

1:13-cv-104 (D.V.I. Aug. 19, 2016) (Doc. No. 156) likewise does not discuss any Virgin Islands authority or ripeness (but the Court nevertheless exercised its discretion and stayed the motion).

including statutes of limitations). *See also Walko Corp. v. Burger Chef Sys., Inc.*, 554 F.2d 1165, 1171 (D.C.Cir.1977) (recognizing that it "is long since settled" that state law governs "when a state-created cause of action accrues"), supplemented by 568 F.2d 1389 (D.C. Cir. 1977). The most obvious example of this is with state or territorial statutes of limitations. A statute of limitations is defined by more than just the length of time a plaintiff has to file a lawsuit. A statute of limitations is meaningless without understanding the state (or territorial) rule for when the claim accrues—when is it ripe? If a federal court did not also apply the state's accrual rule, the application of the state's statute of limitations would be significantly altered.

The ripeness issue raised by ABR relates to the accrual of the claim for attorney's fees under territorial law. For example, Defendants would not contend that they could have moved for attorney's fees under 5 V.I.C. § 541 before a judgment was entered—because such a claim does not accrue mid-litigation and there is no prevailing party. The mistake Defendants make is they assume that an attorney fee claim accrues when a judgment at the trial court level is entered. The Virgin Island Supreme Court has held otherwise.

The Virgin Islands Supreme Court has consistently held that a motion for attorney's fees under 5 V.I.C. § 541 is not ripe for adjudication while an appeal is pending. The reason is rooted in the statute itself. Section 541(b) conditions the right to fees on being "the prevailing party in the judgment." The determination of whether a party is a prevailing party is a legal question. *Addie v. Kjaer*, 836 F.3d 251, 260 (3d Cir. 2016). As the Virgin Islands Supreme Court has explained, the concept of

5

prevailing party in assessing the recovery of attorney's fees is tied to a *"final determination of the rights and obligations of the parties"*—a determination that has not occurred so long as a pending appeal could reverse or modify the underlying judgment. *Hansen v. Bryan*, 68 V.I. 603, 609 (2018) (emphasis added). Until that final determination is made, the right to fees has not accrued. The court cannot adjudicate who is the prevailing party while the litigation is ongoing, because "the prevailing party may very well change as a result of the appeal." *Id.*

The Virgin Islands Supreme Court first articulated this rule in *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of V.I.*, 50 V.I. 276, 281 (V.I. 2008), holding that a fees motion filed one week after a notice of appeal "was not ripe, for the *prevailing party cannot be ascertained* until the Appellate Division rules on the Hospital's appeal." (Emphasis added.) The court directed that the appropriate remedy was to vacate the trial court's ruling and remand with instructions to dismiss the fee motion without prejudice. *Id.* at 280.

The court reaffirmed this holding in *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 700 (V.I. 2015), where it explained the obvious reason for the rule: "the Superior Court has *no way to determine which party is the 'prevailing party'* while the litigation is ongoing." (Emphasis added, cleaned up.) It reaffirmed the rule again in *Mahabir v. Heirs of George*, 63 V.I. 651, 665 (V.I. 2015), where the court stressed that if a fees award were vacated on appeal, "any judicial resources spent resolving those motions would ultimately have been wasted." In *Hansen*, the court  explained the accrual dimension explicitly: attorney fee motions "are not ripe for consideration by the

6

Superior Court if an appeal has been taken, since the prevailing party may very well change as a result of the appeal." 68 V.I. at 610.

The structure of § 541 itself confirms this reading. Because the right to fees is conditioned on prevailing party status—and because that status remains unresolved during a pending appeal—there is no accrued right upon which a fees motion can be adjudicated. This is not merely a prudential or discretionary consideration; it is a *substantive* limitation on when the right to fees arises under Virgin Islands law.

Defendants' effort to sidestep this body of law by invoking federal justiciability principles misses the point. Defendants argue that "the question of justiciability is a federal issue to be determined only by federal law," citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986). *See* Opp. at 7. The ripeness concern here is not a constitutional standing or case-or-controversy issue—it is a question of whether the substantive right to fees under the applicable Virgin Islands statute has accrued. That is a question of Virgin Islands law. Whether a party has a right to fees at all, and when that right matures, is governed by the statute that creates it. The Virgin Islands Supreme Court has authoritatively construed Section 541 to require final prevailing party status as a precondition to any fee award. Federal courts applying Virgin Islands law must honor that construction. *Defoe v. Phillip*, 702 F.3d 735, 742 (3d Cir. 2012) (recognizing that the Virgin Islands Supreme Court essentially has "the final word on the interpretation of local Virgin Islands law"). "[A] federal court must apply the substantive laws of its forum state in diversity actions, and these include state statutes of limitations." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007).

7

## III.    IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY THE FEE MOTION PENDING APPEAL.

Even assuming the Court concludes that the fee motion is ripe notwithstanding the pending appeal, the Court should exercise its discretion to hold the motion in abeyance, as it did in *Baptiste v. Rohn*, Civ. No. 2013-0104 (D.V.I. Aug. 19, 2016). There, the Court acknowledged its jurisdiction to proceed but exercised its discretion to "await the Third Circuit's resolution of the appeal to decide Defendant's Motion for Award of Fees and Costs," ordering the motion held in abeyance and directing the parties to advise the Court when the appeal concluded. The circumstances justify that same approach (if the Virgin Islands fee statute did not already require a stay).

The central practical consideration here is the extraordinary burden that resolving the pending fee motion would impose on the Court and the parties—a burden that would be entirely wasted if ABR succeeds on even a portion of its appeal. The Latham & Watkins bills submitted in support of the fee motion—primarily found at Doc. No. 383-1, spanning approximately 694 pages—present significant difficulties for meaningful judicial review and reduction of non-recoverable time under 5 V.I.C. § 541. The supporting documentation contains over 4,000 individual time entries across dozens of separate invoices spanning more than a decade of litigation, plus hundreds of cost and disbursement line items. These entries are grouped by invoice rather than presented in a single, sortable, date-ordered ledger with consistent fields. As a result, a reviewer attempting to identify and disallow specific categories of time—such as paralegal time, expert consulting time, duplicative multi-attorney conferences,

8

block-billed entries, or general overhead—must navigate hundreds of pages of narrative descriptions without readily accessible per-entry billing calculations.

Compounding these difficulties, the individual time entries generally lack an associated hourly rate or dollar amount. The entries also do not indicate whether the timekeeper is a paralegal, associate, or partner—those details are only discernible, if at all, by cross-referencing end-of-invoice summary tables. Each invoice ends with a summary table aggregating total hours per timekeeper at varying blended or historical rates that changed multiple times over the course of the litigation—partner rates ranging from approximately $1,050 to $1,860 per hour[4] depending on the year and individual. For example, if a particular 2.5-hour block-billed entry by a given partner on a given date should be reduced by 50%, there is no straightforward way to determine and apply the value of that 50% reduction. Similarly, because neither the specific rate nor the timekeeper's role is shown with the time entry, if an associate billed for tasks that should have been performed by a paralegal, it is extraordinarily cumbersome (if it is even possible) to determine the appropriate dollar-value reduction. This structure makes it inexcusably difficult for the Court or ABR to perform the precise, line-by-line reductions required by the statute and controlling case law without manually reconstructing the entire billing history.

Defendants argue that this work should proceed now because the Court is "fresh" on the facts. *See* Opp. at 10. But the kind of detailed, invoice-by-invoice forensic review

---

[4] These rates are also excessive, but that will be addressed when it comes time to oppose Defendants' motion.

that Section 541 requires does not become less burdensome because the underlying merits are recent. It is a task that will consume substantial judicial and party resources regardless of timing—and it is a task that will have accomplished nothing if the Third Circuit reverses any of the dismissed counts and remands the case for further proceedings. *Cf. Mahabir*, 63 V.I. at 665–66 (observing that vacating a fee award after reversal means "any judicial resources spent resolving those motions would ultimately have been wasted").

Defendants' suggestion that a partial reversal would not disturb the fees analysis for the remaining claims, *see* Opp. at 11–12, understates the problem. Under Section 541, the fee award must be assessed in relation to the "prevailing party" determination as a whole. A remand on any count changes the status of Defendants as prevailing parties and would require the entire fee analysis to be revisited in light of the ultimate outcome on all claims. Defendants cannot reliably claim prevailing party status—or calculate fees attributable to specific claims versus the litigation as a whole—until the appellate process has run its course.

The balance of equities favors a stay. Defendants' right to seek fees is fully preserved by a stay. If the Third Circuit affirms the dismissal in its entirety, Defendants may renew their motion at that time, and the Court will have the benefit of a complete record of the appellate outcome to inform its analysis. Meanwhile, staying the motion spares both the Court and the parties from an enormous and potentially unnecessary undertaking. The Court's exercise of discretion to hold the motion in abeyance, as in *Baptiste*, is entirely warranted.

## CONCLUSION

For the foregoing reasons, ABR submits that the Court stay all proceedings on Defendants' Motion for Attorney's Fees and Costs (Doc. No. 382) pending resolution of Plaintiff's appeal to the United States Court of Appeals for the Third Circuit, or in the alternative, dismiss the motion without prejudice to renewal after the appeal is concluded.

Respectfully submitted,
Atlantic Basin Refining, Inc.

**Dated**: May 4, 2026

    /s/ Andrew C. Simpson
By:  Andrew C. Simpson, Esq.
VI Bar No. 451
**ANDREW C. SIMPSON, P.C.**
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted PHV)
**RASCO KLOCK PEREZ NIETO**
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

Attorneys for Plaintiff, Atlantic Basin Refinery, Inc.