**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

ATLANTIC BASIN REFINING, INC.,

Plaintiff,

v.

ARCLIGHT CAPITAL PARTNERS, LLC and
JP ENERGY PARTNERS, LP,

Defendants.

Case No. 15 Civ. 0071 (RAM) (EAH)

**DECLARATION OF P. ANTHONY SAMMI IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to 28 U.S.C. § 1746, I, P. ANTHONY SAMMI, hereby declare:

1.      I am a partner at the law firm of Latham & Watkins LLP ("Latham"), and I served as lead counsel for Defendants ArcLight Capital Partners, LLC ("ArcLight") and JP Energy Partners, LP ("JP Energy") (together, "Defendants") in the above-captioned action. I have personal knowledge of the facts stated herein, and I am competent to make this Declaration in Further Support of Defendants' Motion for Attorneys' Fees and Costs ("Motion").

2.      I hereby incorporate my statements from my previous Declaration in Support of this Motion, *see* Dkt. 383.

3.      I have reviewed the billing records of Latham as they relate to this action. These records are made at or near the time of the transactions described in them, by or from information transmitted by persons with knowledge of the transactions.  These records are kept in the course of the regularly conducted business activity of Latham, and it is the regular practice of Latham to make and keep these records.

4.      To provide further support for the fees request in the Motion, Latham staff prepared the spreadsheet attached as **Exhibit 1** detailing the timekeepers, fees, hours, task descriptions, and final billed amount ("WIP/Bill Amount") for each task for which Latham seeks to recover fees.  The spreadsheet was prepared directly from computer analysis of the billing

records of Latham, and I hereby verify that the services set forth were actually and necessarily performed. The fees total $3,355,160.74. This amount reflects certain corrections to the fees figures stated in my prior Declaration (Dkt. 383), which contained clerical errors in the calculation of certain timekeepers' totals. The underlying invoices remain complete and accurate as filed; the corrections relate to fees discounts not previously accounted for, among other factors.

5.      To provide further support for the costs request in the Motion, Latham staff prepared the spreadsheet attached as **Exhibit 2** detailing the cost type, invoice number, description, and amount of various litigation-related costs. The spreadsheet was prepared directly from computer analysis of the cost records of Latham, and I hereby verify that the costs were actually incurred and necessary to this litigation. The costs on this spreadsheet total $219,276.04.

6.      To provide further support for the costs request in the Motion, a set of invoices and receipts is attached as **Exhibit 3**. These invoices and receipts reflect costs that were reasonably necessary to the depositions in this litigation, including costs paid to Veritext, the vendor that handled deposition transcription and recording ($12,688.35 in total), local travel (e.g., taxi, Uber) and hotel expenses ($2,070.16 in total), and the costs of meals for the attorneys traveling for and taking the depositions ($420.45 in total). The total deposition-related costs substantiated by these invoices and receipts is $15,178.96. I hereby verify that these invoices and receipts are authentic and reflect costs actually incurred and necessary to the depositions in this litigation.

7.      Despite the best efforts of Latham staff, certain invoices for costs originally requested in the Motion were not available. Complete Discovery Source ("CDS"), Latham's e-discovery vendor, informed Latham that it could not provide invoices for services rendered before September 2019—representing approximately $175,000 in costs—because CDS migrated its storage systems and no longer has access to records from that period. Additionally, invoices for various litigation-related costs, including the costs of air travel to depositions and other

vendor services, are unavailable due to automatic document-retention and deletion policies of certain Latham vendors, which were triggered over the ten-year duration of this litigation.

8.     In light of the unavailability of certain invoices, Defendants are limiting their cost request to only those costs directly supported by invoices, including the deposition-related costs substantiated in Exhibit 3, the AlixPartners expert costs substantiated by invoices previously filed (Dkt. 383-1 at 488–508), and the CDS e-discovery costs substantiated by invoices previously filed (Dkt. 383-1 at 509–694).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on June 16, 2026.

/s/ *P. Anthony Sammi*
P. Anthony Sammi