IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ATLANTIC BASIN REFINING, INC.

PLAINTIFF,

VS.

ARCLIGHT CAPITAL PARTNERS, LLC
AND JP ENERGY PARTNERS, LP,

DEFENDANTS.

CASE NO.: 1:15-cv-00071

ATLANTIC BASIN REFINING, INC.'S MOTION FOR THE COURT TO DECLINE TO
CONSIDER NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY BRIEF
OR ALTERNATIVELY FOR LEAVE TO FILE A SUR-RESPONSE

Atlantic Basin Refining, Inc. ("ABR") moves pursuant to LRCi 7.1(a)(3) to have the

Court decline to consider the materials and argument that Defendants submitted for

the first time with their Reply in support of their Motion for Attorneys' Fees and Costs

(the "Motion"). Specifically, the Court should decline to consider the Reply Declaration

of Paramjeet Singh Sammi and Reply Exhibits 1, 2, and 3 (Doc. No. 398). In the

alternative, and only if the Court is inclined to consider any of that material, ABR

moves pursuant to LRCi 7.1(a) for leave to file a sur-response addressing the new

evidence.

BACKGROUND

Defendants bore the burden of proving their entitlement to fees and costs—and of

documenting that entitlement—when they filed their motion for an award of attorneys'

fees and costs (Doc. No. 382). Their motion sought $3,411,040 in Latham & Watkins

("Latham") fees and more than $730,000 in Latham costs with almost no supporting documentation. They attempted to support the request with the First Sammi Declaration (Doc. No. 383), the body of Latham invoices (Doc. No. 383-1), the Lockwood Declaration (Doc. No. 384), and the Kronenberger Declaration (Doc. No. 385).

ABR systematically fisked Defendants' evidence and demonstrated that of the more than $3.4 million in fees and $730,000 in costs claimed, the most that could be fairly awarded was $455,953.50 in fees and $12,858 in costs. ABR asserted, among other things that the fee records fell within a number of categories for which fees are not awarded and cited case law supporting its argument. ABR also established that only a fraction of the claimed costs was supported by any invoice. Doc. No. 394 at 3-5.

Rather than defend the showing they initially made, Defendants used their Reply to attempt to make a new showing. With their Reply, Defendants filed:

(1) the Sammi Reply Declaration;

(2) a 48-page spreadsheet (Reply Exhibit 1) "extracted from Latham's internal billing systems," Doc. No. 397 at 3, that, *inter alia*, triples the hours and more than quadruples the fees attributed to one timekeeper;

(3) a 36-page internal cost ledger (Reply Exhibit 2); and

(4) 69 pages of deposition invoices and travel and meal receipts (Reply Exhibit 3) that were never appended to Defendants' Bill of Costs.

The Reply Declaration and Reply Exhibits 1-3 appear at Doc. No. 398, 398-1, 398-2, and 398-3.

These new submissions are precisely the sort of belated, first-on-reply submission

2

that this Court does not permit, because considering them would deprive ABR of any opportunity to respond. The Court should decline to consider the new evidence and resolve the Motion on the record Defendants chose to file originally. Alternatively, if the Court is inclined to consider the new exhibits and figures, fundamental fairness requires that ABR be given leave to file a sur-response, because—as even a cursory review of Defendants' own Reply Exhibit 1 confirms—the new material includes many hours of non-compensable time.

## LEGAL STANDARD

A movant "may not raise new issues and present new facts in a reply brief that should have been raised in its initial brief." *CBA Envtl. Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 415 n.5 (D.N.J. 2019); *see also Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 204 n.29 (3d Cir. 1990); and *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992). The rule rests on fairness: "As a general matter, the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief . . . so that appellees are not prejudiced by the lack of an opportunity to respond to issues raised for the first time in an appellant's reply brief." *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (cleaned up).

The same rule governs at the district court level. *See, e.g., Live Oak Banking Co. v. Princess Mill Props., LLC*, No. CV 2016-0070, 2021 WL 3889412, at *12 (D.V.I. Aug. 30, 2021) (finding that movant who raised a new issue in a reply brief had waived that issue and observing that a reply "is intended 'only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new

3

issues.'" (quoting *United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006))). *See also In re BlackRock Mut. Funds Advisory Fee Litig.*, 327 F. Supp. 3d 690, 736 n.42 (D.N.J. 2018) ("courts ordinarily decline to consider arguments raised for the first time in a reply brief, on the grounds that consideration of the same would prejudice the non-moving party"). This Court formalized the case law with its recent adoption of LRCi 7.1(a)(3) (eff. Feb. 1, 2026), which provides that "[a] reply shall respond to the argument presented in the response and shall not raise new issues."

These principles apply with full force to evidence, not merely argument. *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (noting that there is "cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant"). "Just as new arguments are inappropriate, it is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence." *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022). "[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Id. Accord*, *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) (refusing to consider declaration attached to a reply because a "moving party in a motion cannot submit new information as part of its Reply").

The ban on new evidence in a reply is encompassed in Federal Rule of Civil Procedure 6(c)(2), which requires that "[a]ny affidavit supporting a motion must be

served with the motion." This rule ensures that a party "may not file a motion unsupported by any evidence only to spring the evidence on the opposing party on a later date." *Landfall Trust LLC v. Fid. Nat'l Title Ins. Co.*, No. 3:22CV194 (RCY), 2024 WL 1839457, at *5 (E.D. Va. Apr. 26, 2024). The *Landfall Trust* decision is instructive: There, the plaintiff prevailed and filed a motion for an award of attorney fees under Virginia law but attached no evidence to support the motion. After the defendant opposed the motion and argued that the motion should be denied "because [Plaintiff] has submitted no evidentiary support for that award," the plaintiff "finally submitted evidence." *Id.* The court excluded the belated evidence for failure to comply with Rule 6(c)(2) and added that it would also have been excluded for failure to comply with the court's briefing order. *Id.* at 5-6.

## ARGUMENT

### I. THE COURT SHOULD DECLINE TO CONSIDER THE NEW EVIDENCE DEFENDANTS SUBMITTED FOR THE FIRST TIME ON REPLY

#### A. DEFENDANTS BORE THE BURDEN OF SUBSTANTIATING THEIR REQUEST IN THE MOTION AND MAY NOT CURE A DEFICIENT SHOWING IN A REPLY

The burden of documenting a fee request rests on the movant, and it is measured by what the movant filed with its motion—not by what it assembles after reading the opposition. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and *documenting* the appropriate hours expended and hourly rates") (emphasis added); *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) ("the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee").

5

"[A] fee request is not the opening salvo in a back and forth negotiation with the court. The request is not the sticker price on a used car that all parties understand is the starting point for spirited dickering." *M.G. v. E. Reg'l High Sch. Dist.*, Civ. No. 08-4019, 2009 WL 3489358, at *11 (D.N.J. Oct. 21, 2009), vacated and remanded on other grounds, 386 F. App'x 186 (3d Cir. 2010).

### B.  THAT ABR'S OPPOSITION IDENTIFIED DEFICIENCIES IN DEFENDANTS' PROOF DOES NOT LICENSE DEFENDANTS TO CURE IT ON REPLY

ABR anticipates that Defendants will argue that the new evidence merely responds to the deficiencies ABR documented with the original fee motion raised about the format of the fee records. Doc. No. 397 at 3. But the rule is not that a movant may withhold its proof and then supply it once the opponent points out the gap; it is the opposite. *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (stating that "a movant should not be permitted to cure by way of reply what is in fact a defective motion or when an injustice will otherwise result to a nonmovant if a reply brief is augmented with new evidence"); *Bivens v. Kijakazi*, No. 3:20-CV-1904-K-BH, 2022 WL 1477626, at *3 n.8 (N.D. Tex. Apr. 20, 2022), report and recommendation adopted, No. 3:20-CV-1904-K-BH, 2022 WL 1470958 (N.D. Tex. May 10, 2022) (refusing to consider evidence in support of a motion for attorney fees that was submitted with a reply brief).

Defendants' motion was defective: they bore the burden of proof and the evidence they submitted purporting to meet their burden was woefully deficient. An opponent's diagnosis of an evidentiary omission in a motion is not an invitation to a do-over; if it

were, every deficient fee motion could be rehabilitated on reply, and the burden the movant bears at filing would mean nothing. ABR's ability to reverse-engineer the invoices "with zero variance," Doc. No. 397 at 3, shows only that ABR worked hard to respond to the record Defendants filed; it does not convert Defendants' untimely, new-source spreadsheet and other evidence into part of that record. There is a difference between *rebutting* evidence and argument raised in an opposition and offering *new* evidence that should have been included with the original motion. A reply is a rebuttal. *See, e.g.*, *Petross v. United Supermarkets, Ltd.*, No. CIV.A. 1:04-CV-100-C, 2004 WL 1836204, at *6 (N.D. Tex. Aug. 16, 2004) ("the purpose of those [reply] briefs was not for the introduction of additional evidence, but to respond with additional argument to evidence already presented.")

### C.  THE REPLY DECLARATION AND REPLY EXHIBITS ARE NEW EVIDENCE

ABR is mindful that a motion such as this is not intended to be a sur-response in disguise. *Barefoot Architect, Inc. v. Bunge*, No. CV 2004-99, 2014 WL 12744795, at *4 (D.V.I. Apr. 29, 2014) (recommending that additional arguments advanced in motion to strike not be considered).[1] But, some analysis of the 157 pages of new evidence in comparison to the original 741 pages of evidence is necessary in order to establish that it is truly new. If the Court decides to consider the new evidence and grants the alternative relief of leave to file a sur-response, ABR will provide a far more detailed

---

[1] *Barefoot Architect* also holds that a motion to strike under Rule 12(f) may only be used to strike pleadings and may not be used to strike improper motion-related documents.

analysis of all of the new evidence.

### 1. REPLY EXHIBIT 1 IS NEW EVIDENCE, DRAWN FROM A NEW SOURCE, THAT ALTERS THE SWORN FEE TOTAL AND MATERIALLY INCREASES A SINGLE TIMEKEEPER'S CLAIM

Reply Exhibit 1 is not a reformatting of the invoices submitted with the motion. By Defendants' own description, it was "extracted from Latham & Watkins' internal billing systems," Doc. No. 397 at 3—a data source that was never before the Court. It supplies, for the first time, a "WIP/Bill Amount" (the dollar amount billed) for each of the 1,805 entries. Introducing that new evidentiary source on reply is improper. *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) ("Just as new arguments are inappropriate, it is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence."); FED. R. CIV. P. 6(c)(2) (supporting affidavits "must be served with the motion").

Reply Exhibit 1 does not merely alter the prior fee total. The Reply describes the change from $3,411,040 to $3,355,160.74 as a downward "correction" reflecting "discounts not previously included, among other factors." Doc. No. 397 at 3-4. The Sammi Declaration avers:

> This amount reflects certain corrections to the fees figures stated in my prior Declaration (Dkt. 383), which contained clerical errors in the calculation of certain timekeepers' totals. The underlying invoices remain complete and accurate as filed; the corrections relate to fees discounts not previously accounted for, among other factors.

Doc. No. 398 at 2 (¶4). But Reply Exhibit 1 shows that the fees attributed to a single

associate, Attorney Davis, *increased* from the 65.6 hours and $40,310 sworn in the original Sammi Declaration to 199.5 billed hours and $170,904.48 in the Sammi Reply Declaration—an *increase* of more than $130,000 for one timekeeper. A "correction" that restates the same approximate total while increasing one timekeeper's claim by $130,000 is not a clerical fix; it is new evidence. And importantly, because the overall total declined in comparison to the original declaration, that increase confirms that there are other, significant, undisclosed changes within Reply Exhibit 1 that the declaration's "clerical correction" characterization cannot explain.[2]

Courts decline to indulge upward revisions made in a reply brief in support of motion for fees and instead hold the movant to its original request. *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 993 (N.D. Cal. 2017) ("Nevertheless, the Court will not award the full 1,842.8 hours for Mr. Artenian that plaintiffs now seek in their reply brief. If plaintiffs had wanted to include those hours in their lodestar, then they should have sought them in their fee motion in the first instance.")

The admission of error compounds the problem. A fee applicant's declaration in support of fees that is contradicted by its detailed time entries is a "glaring error" and such contradictions make it "impossible to determine [the] actual attorney fees." *Breaux v. Am. Family Mut. Ins. Co.*, 554 F.3d 854, 869 (10th Cir. 2009); *United States ex rel. Zediker v. OrthoGeorgia*, 407 F. Supp. 3d 1330, 1345–46 (M.D. Ga. 2019) (resolving contradictions against the applicant and applying an across-the-board

---

[2] Again, ABR is prepared to explain those changes if the Court elects to consider the new evidence and grants ABR leave to file a sur-response.

reduction where the filings were "a self-contradictory and incoherent mess").

### 2. REPLY EXHIBITS 2 AND 3 ARE NEW EVIDENCE

The new cost submission evidence (Reply Exhibits 2 and 3) suffers from an independent and more specific defect. Local Rule 54.1(b) is mandatory: "Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item." LRCi 54.1(b). This Court enforces that requirement by disallowing items unsupported by invoices. *Vitalis v. Sun Constructors, Inc.*, 2024 WL 4466773, at *14 (D.V.I. Oct. 9, 2024) ("[D]efendant has not submitted invoices for court reporter fees for other depositions, although invoices are required by Local Rule 54.1(b)," and so "the Court will disallow those depositions for which invoices were not provided").

Defendants did not append the deposition invoices and receipts now collected in Reply Exhibit 3 to their Bill of Costs; they produced them for the first time with their Reply. The Local Rule fixes the time for that submission as the filing of the Bill of Costs, not the reply, and Defendants may not relocate the deadline by waiting to see ABR's opposition. And Reply Exhibit 2 is simply more new evidence attempting to address the original evidentiary deficiencies (for the cost invoices that Defendants cannot find).

### D. THE APPROPRIATE REMEDY IS TO DECLINE TO CONSIDER THE NEW EVIDENCE

When a movant files new evidence on reply that the opponent has had no chance to address, courts either strike it (if that procedural remedy is available) or simply refrain from relying upon it. *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard B.V.*, No. 19-62878-CIV, 2020 WL 5627263, at *1 (S.D. Fla. June 8, 2020),

10

*aff'd*, 855 F. App'x 468 (11th Cir. 2021) ("Because Defendants' reply contained new evidence and arguments to which Plaintiff has not had the opportunity to respond, including a new declaration . . . and a new exhibit . . . , Plaintiff's motion to strike (DE 14) is GRANTED. The Court has not considered or relied on any of the newly-raised evidence and arguments contained in Defendants' reply.") Since FED. R. CIV. P. 12(f) only supports the striking of pleadings, ABR asks the Court to decline to consider the Sammi Reply Declaration and Reply Exhibits 1–3 and resolve the Motion on the record Defendants filed with their Motion.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT ABR LEAVE TO FILE A SUR-RESPONSE

If the Court is inclined to consider any of the new material rather than strike it, ABR respectfully requests leave to file a sur-response. Under Local Rule 7.1(a), "[o]nly a motion, a response in opposition, and a reply may be served on counsel and filed with the Court," and "[a] reply shall respond to the arguments presented in the memorandum in response and shall not raise new issues that do not respond to the arguments." LRCi 7.1(a). When a reply nonetheless raises new matter, granting leave to file a sur-response is one remedy available to the Court. *Amlin Underwriting, Ltd. v. Caribbean Auto Mart of St. Croix, Inc.*, 2010 WL 3825106, at *2 (D.V.I. Sept. 28, 2010) (granting leave where the movant "changed course" and raised a new argument in reply). Consideration of new reply evidence is permissible if the opponent is afforded the opportunity to respond. *Cf. Boggi*, 74 F.3d at 478 (deviating from the rule against new reply arguments because the cross-appeal gave the opponent "an opportunity to

respond to the arguments raised in [the] reply brief").

The new matter here is genuinely new, not a restatement of the Motion: a spreadsheet from a previously undisclosed data source; an altered and internally reallocated fee figure; an internal cost ledger; and a set of cost invoices never before filed. If the Court is inclined to consider this new evidence, fundamental fairness requires that ABR be given the opportunity to submit a sur-response. Even a cursory review of Defendants' new Reply Exhibit 1 shows that the new material undercuts the request rather than supporting it. Without yet burdening the Court with the supporting line-item analysis, ABR proffers that a sur-response will show, at a minimum, that:

(1) more than half of the requested fees in Reply Exhibit 1—at least $1.77 million—fall within recognized objection categories, including at least $628,000 in block-billed time, at least $340,000 in entries billed verbatim four or more times—*before* any rate cap analysis;

(2) Reply Exhibit 1 reflects at least $130,000 in new attorney billing for a single timekeeper that was not included in the original motion; and

(3) Defendants' own Reply Exhibit 2 documents at least $206,000 in non-recoverable cost overhead under *Morcher v. Nash*, 32 F. Supp. 2d 239 (D.V.I. 1998).

## CONCLUSION

For the foregoing reasons, ABR respectfully requests that the Court decline to consider the Sammi Reply Declaration (Doc. No. 398) and Reply Exhibits 1, 2, and 3,

together with the new fee and cost figures first advanced in the Reply, and resolve the

Motion on the record Defendants filed with their Motion. In the alternative, ABR

requests leave to file a sur-response addressing the new material.

<div style="margin-left: 50%;">

Respectfully submitted,

Atlantic Basin Refining, Inc.

</div>

**Dated**: June 19, 2026

<div style="margin-left: 50%;">

/s/ Andrew C. Simpson
VI Bar No. 451
**ANDREW C. SIMPSON, P.C.**
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr.
FBN 156678 (admitted PHV)
**RASCO KLOCK PEREZ NIETO**
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

Attorneys for Plaintiff, Atlantic Basin
Refining, Inc.

</div>