**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

|  |  |
|---|---|
| ATLANTIC BASIN REFINING, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ARCLIGHT CAPITAL PARTNERS, LLC and<br>JP ENERGY PARTNERS, LP,<br><br>    Defendants. | Case No. 1:15-cv-00071-RAM-EAH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR THE COURT TO
DECLINE TO CONSIDER NEW EVIDENCE SUBMITTED WITH DEFENDANTS'
REPLY BRIEF (DOC. NO. 399)**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

ARGUMENT ..........................................................................................................4

    I. THE REPLY DECLARATION AND REPLY EXHIBITS ARE PROPER
           RESPONSIVE REBUTTAL, NOT IMPROPERLY RESERVED "NEW
           EVIDENCE." ...............................................................................................4

           A.      Principles Applicable to Reply Submissions Generally. .............................4

           B.      The Role of the Reply in the Fee Motion Burden Shifting
                   Framework. ...................................................................................................6

           C.      Each Reply Submission Responds Directly to a Specific
                   Sufficiency Challenge ABR Raised for the First Time in Its
                   Opposition. ...................................................................................................7

    II. REFORMATTED-BUT-SAME-SOURCE DATA IS PERMISSIBLE
           RESPONSIVE REBUTTAL. .......................................................................9

           A.      Same-Source Data Reorganized to Answer a Specific Challenge Is
                   Not "New Evidence."....................................................................................9

           B.      ABR's Own "Zero Variance" Reconstruction Confirms the Source
                   Is the Same and Defeats Any Claim of Surprise......................................10

    III. ABR'S AUTHORITIES ARE INAPPOSITE ...........................................10

    IV. ANY CONCEIVABLE PREJUDICE IS CURED BY A SUR-RESPONSE,
           WHICH DEFENDANTS DO NOT OPPOSE.......................................13

CONCLUSION......................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alston v. Forsyth*,
  379 F. App'x 126 (3d Cir. 2010) ................................................................................11

*Amlin Underwriting, Ltd. v. Caribbean Auto Mart of St. Croix, Inc.*,
  Civ. No. 2009/21, 2010 WL 3825106 (D.V.I. Sept. 28, 2010)..................................14

*Barefoot Architect, Inc. v. Bunge*,
  No. 2004-99, 2014 WL 12744795 (D.V.I. Apr. 29, 2014) ........................................15

*Bell v. United Princeton Props., Inc.*,
  884 F.2d 713 (3d Cir. 1989)........................................................................................6

*Bivens v. Kijakazi*,
  No. 3:20-CV-1904-K-BH, 2022 WL 1477626 (N.D. Tex. Apr. 20, 2022),
  *report and recommendation adopted*, 2022 WL 1470958 (N.D. Tex. May 10,
  2022) ..........................................................................................................................12

*Boston Scientific Scimed, Inc. v. Cordis Corp.*,
  434 F.Supp. 2d 308 (D. Del. 2006), *rev'd in part on other grounds*, 554 F.3d
  982 (Fed. Cir. 2009).....................................................................................................5

*Breaux v. Am. Fam. Mut. Ins. Co.*,
  554 F.3d 854 (10th Cir. 2009) ...................................................................................13

*CBA Env't. Servs., Inc. v. Toll Bros, Inc.*,
  403 F.Supp. 3d 403 (D.N.J. 2019) .............................................................................11

*Harmon v. Sussex Cnty.*,
  810 F. App'x 139 (3d Cir. 2020) ..............................................................................4, 5

*Haskins v. First American Title Ins. Co.*,
  No. 10-5044 (RMB/JS), 2013 WL 5410531 (D.N.J. Sept. 26, 2013)..........................9

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).....................................................................................................6

*Hoxworth v. Blinder, Robinson & Co.*,
  903 F.2d 186 (3d Cir. 1990)......................................................................................4, 11

*In re BlackRock Mut. Funds Advisory Fee Litig.*,
  327 F.Supp. 3d 690, 736 n.42 (D.N.J. 2018), *aff'd*, 816 F. App'x 637 (3d Cir.
  2020) ..........................................................................................................................11

*In re Fleming Cos., Inc.*,
316 B.R. 809 (D. Del. 2004) ........................................................................................5

*Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*,
978 F.2d 1318 (3d Cir. 1992) ................................................................................4, 11

*Interfaith Comty. Org. v. Honeywell Int'l, Inc.*,
426 F.3d 694 (3d Cir. 2005) ........................................................................................6

*Landfall Tr. LLC v. Fid. Nat'l Title Ins. Co.*,
No. 3:22-CV-194 (RCY), 2024 WL 1839457 (E.D. Va. Apr. 26, 2024) ...............................11

*Live Oak Banking Co. v. Princess Mill Props., LLC*,
No. CV 2016-0070, 2021 WL 3889412 (D.V.I. Aug. 30, 2021) ....................................11

*M.G. v. E. Reg'l High Sch. Dist.*,
No. 08-4019 (RBK), 2009 WL 3489358 (D.N.J. Oct. 21, 2009), *vacated and remanded on other grounds*, 386 F. App'x 186 (3d Cir. 2010) ................................12

*Nat'l Med. Imaging, LLC v. U.S. Bank, N.A.*,
No. 17-cv-432, 2019 WL 9809616 (E.D. Pa. Jan. 31, 2019) ......................................9

*Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard B.V.*,
2020 WL 5627263 (S.D. Fla. June 8, 2020), *aff'd*, 855 F. App'x 468 (11th Cir. 2021) ........................................................................................................................14

*Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*,
133 F.Supp. 3d 721 (D.N.J. 2015) ........................................................................10

*Ridgeway v. Wal-Mart Stores, Inc.*,
269 F.Supp. 3d 975 (N.D. Cal. 2017) ...............................................................13, 14

*Robles v. Eminent Med. Ctr. LLC*,
619 F.Supp. 3d 609 (N. D. Tex. 2022) ....................................................................11

*Spriggs v. City of Harrisburg*,
679 F.Supp. 3d 144 (M.D. Pa. 2023) ...................................................................5, 11

*Sweet v. Pfizer*,
232 F.R.D. 360 (C.D. Cal. 2005) ..........................................................................11

*United States ex rel. Palmer v. C&D Tech., Inc.*,
897 F.3d 128 (3d Cir. 2018) ....................................................................................6

*United States v. Boggi*,
478 (3d Cir. 1996), *aff'd in part*, 162 F.3d 1152 (3d Cir. 1998) ...............................11

*Vitalis v. Sun Constructors, Inc.*,
    2024 WL 4466773 (D.V.I. Oct. 9, 2024)......................................................................8

*Wilmot v. Marriott Hurghada Mgmt., Inc.*,
    No. CV 15-618-RGA-MPT, 2016 WL 2599092 (D. Del. May 5, 2016), *aff'd,*
    712 F. App'x 200 (3d Cir. 2017) ...............................................................................4

## **RULES**

Fed. R. Civ. P.
    6(c)(2) .........................................................................................................................8
    12(f)...........................................................................................................................15

LRCi
    54.1(b)................................................................................................................1, 2, 8, 9
    7.1...........................................................................................................................5, 15
    7.1(a)(3) ......................................................................................................................5
    7.1(a)(4) ...............................................................................................................5, 7, 9
    7.1(b)...........................................................................................................................8

iv

**INTRODUCTION**

Defendants Arclight Capital Partners, LLC and JP Energy Partners, LP (collectively, "Defendants") respectfully submit this Opposition to Plaintiff Atlantic Basin Refining, Inc.'s ("ABR") Motion for the Court to Decline to Consider New Evidence Submitted with Defendants' Reply Brief or Alternatively for Leave to File a Sur-Response (the "Motion") (Doc. No. 399).

ABR first challenged the sufficiency of Defendants' fee documentation in its Opposition to the fee motion (Doc. No. 394). There, ABR complained that Defendants' billing records were an "undifferentiated mass" of invoice images without per-task rates or amounts, that the records were not produced in "analyzable" form, and that Defendants' cost invoices were insufficient under LRCi 54.1(b). Doc. No. 394 at 3, n.3, 5. Having raised those specific challenges in opposition, ABR now objects that Defendants answer them in reply.

That is precisely backwards. In the Third Circuit, the prohibition on "new evidence" in a reply brief is directed at material improperly reserved from the opening brief—not at material that directly responds to challenges the opponent raises in opposition. The latter is the very purpose of a reply. Every item ABR seeks to exclude—the Sammi Reply Declaration, Reply Exhibit 1 (the billing spreadsheet), and Reply Exhibits 2 and 3 (cost documentation)—was filed for the sole purpose of answering ABR's specific format and sufficiency objections, using the same underlying billing data already before this Court.

Moreover, in the fee-motion context, the Third Circuit's burden-shifting framework makes such responsive documentation not merely permissible but effectively required. Once an opponent challenges fee documentation with sufficient specificity, the burden shifts to the fee applicant to justify its request—and the reply brief is the recognized vehicle for doing so.

Defendants oppose ABR's primary request that the Court decline to consider the reply materials. However, Defendants *do not oppose*—and in fact affirmatively agree to—ABR's

1

alternative request for leave to file a sur-response limited to those materials. An opportunity for ABR to respond to the reply materials eliminates any conceivable prejudice—which is the sole rationale for the rule ABR invokes—and allows the Court to resolve the fee motion on a complete record.

## BACKGROUND

On April 10, 2026, following the dismissal with prejudice of all seven counts brought against them, Defendants filed their Motion for Attorneys' Fees and Costs ("Defs' Motion") (Doc. No. 382), supported by the Declaration of P. Anthony Sammi (Doc. No. 383) and accompanying exhibits, including the Latham & Watkins billing invoices (Doc. No. 383-1).

On May 26, 2026, ABR filed its Opposition to the fee motion ("ABR Opp.") (Doc. No. 394). ABR's Opp. raised, for the first time, a series of specific challenges to the sufficiency and format of Defendants' fee and cost documentation:

*First*, ABR objected that the Latham & Watkins billing records were an "undifferentiated mass" because Defendants had produced their full billing records in bulk—including timekeepers whose time Defendants do not seek to recover—rather than segregating the entries for the ten timekeepers actually claimed. Doc. No. 394 at 2-3.

*Second*, ABR objected that the records were produced as "invoice images rather than as analyzable data," requiring ABR to use an artificial-intelligence tool to transcribe and reconstruct the billing entries. *Id.* at 3 & n.3.

*Third*, ABR objected that "the fee entries state no per-task rate or dollar amount," allegedly preventing meaningful lodestar review. *Id.* at 3-4.

*Fourth*, ABR challenged Defendants' cost request as a "moving target" and as "largely unsupported" by invoices as required by LRCi 54.1(b), and asked the Court to award "nothing" in costs or, at most, $12,857.60. *Id.* at 5, 12-16.

2

Notably, ABR's Opp. also revealed that ABR had used its AI tool to reconstruct Defendants' invoices "with zero variance" from the invoice totals—confirming that the underlying billing data filed with the Motion was complete and accurate.  Doc. No. 394 at 3 & n.3.

On June 16, 2026, Defendants filed their Reply ("Defs' Reply") (Doc. No. 397) and the Reply Declaration of P. Anthony Sammi (Doc. No. 398), together with Defs' Reply Exhibits 1, 2, and 3 (Doc. Nos. 398-1, 398-2, 398-3).  Defendants' reply materials directly responded to ABR's specific challenges:

*Defs' Reply Exhibit 1* (Doc. No. 398-1) is a spreadsheet listing the Latham timekeepers and per-task hours and rates for only the fees claimed, extracted from Latham & Watkins' billing systems—the same time entries underlying the invoices already filed at Doc. No. 383-1.  This exhibit directly answered ABR's "undifferentiated mass," "invoice images," and "no per-task rate or amount" objections by reorganizing the same billing data into the granular, analyzable format ABR demanded.  Doc. No. 397 at 2-4.

*The Sammi Reply Declaration* (Doc. No. 398) corrected clerical errors in the prior declaration, resulting in a *decrease* in the total fee figure from $3,411,040 to $3,355,160.74—a 1.6% downward correction reflecting fee discounts not previously accounted for.  Doc. No. 397 at 3-4.

*Defs' Reply Exhibits 2 and 3* (Doc. Nos. 398-2, 398-3) responded to ABR's challenge to cost documentation by providing the cost ledger and available deposition invoices and receipts ($15,178.96).  Defendants explained that many older vendor invoices were unavailable due to the decade-long duration of this litigation and their vendor's pre-September 2019 system migration, and—in the interest of compromise—*withdrew* the request for any costs not supported by invoices, reducing the total cost request to $353,260.92.  Doc. No. 397 at 4-5, 14-17.

3

On June 19, 2026, ABR filed the Motion (Doc. No. 399), asking this Court either to decline to consider the Sammi Reply Declaration and Defs' Reply Exhibits 1 through 3, or, in the alternative, to grant ABR leave to file a sur-response addressing those materials.

## ARGUMENT

### I.

### THE REPLY DECLARATION AND REPLY EXHIBITS ARE PROPER RESPONSIVE REBUTTAL, NOT IMPROPERLY RESERVED "NEW EVIDENCE."

#### A.    Principles Applicable to Reply Submissions Generally.

ABR's Motion purportedly relies on the well-established general principle that a movant may not raise new issues or present new evidence for the first time in a reply brief. *See, e.g.*, *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 204 n.29 (3d Cir. 1990); *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992).  Defendants do not dispute that general principle.  But Defendants submit that the submissions with their reply do not raise new issues or present new evidence.  On the contrary, consistent with the purpose of a reply, they merely respond to arguments in ABR's Opp.  And to the extent the reply presents additional facts, those facts are explanatory material based on the same evidence submitted in the Defs' Motion.

Furthermore, the Third Circuit recognizes that the court has discretion in assessing reply materials. In *Harmon v. Sussex Cnty.*, 810 F. App'x 139 (3d Cir. 2020), the Court of Appeals affirmed the district court's refusal to strike a transcript attached to a reply brief on summary judgment because the transcript "bore on an issue that [plaintiff] raised for the first time in her opposition."  *Id.* at 142.  The Third Circuit held there was no abuse of the district court's "considerable discretion" in permitting the reply evidence, citing *Wilmot v. Marriott Hurghada Mgmt., Inc.*, No. CV 15-618-RGA-MPT, 2016 WL 2599092, at *4 (D. Del. May 5, 2016), *aff'd,* 712 F. App'x 200 (3d Cir. 2017) for the proposition that arguments and evidence in a reply that

are responsive to positions and new information raised in an opposition do not violate local rules against reserving material for reply.  *Harmon*, 810 F. App'x at 142.

In *Spriggs v. City of Harrisburg*, 679 F.Supp. 3d 144, 155 n.3 (M.D. Pa. 2023), the court explained that the conduct targeted by the reply rule is deliberate reservation—a movant cannot file a "sparse argument, wait for the [opponent] to note the sparseness of the argument, then respond with a reply brief that sets forth the full argument that should have been made in the original supporting brief" on reply.  But the submission of material that became necessary because the opposition raised a specific challenge is permissible.  *See also In re Fleming Cos., Inc.*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (denying motion to strike reply where "everything in plaintiffs' reply memorandum [was] either in the original brief or in response to defendants' arguments in opposition"); *Boston Scientific Scimed, Inc. v. Cordis Corp.*, 434 F.Supp. 2d 308, 313 (D. Del. 2006) (allowing material "responsive to . . . opposition"), *rev'd in part on other grounds*, 554 F.3d 982 (Fed. Cir. 2009).

LRCi 7.1 is fully consistent with this framework.  ABR relies on LRCi 7.1(a)(3) (effective February 1, 2026), which provides that "[a] reply shall respond to the argument presented in the response and shall not raise new issues."  But that is precisely what Defendants' reply materials do—*respond to the argument presented in the response*.  Moreover, LRCi 7.1(a)(4) provides that "[d]ocuments supporting allegations of fact not appearing of record that are relied upon in a motion, response, *or reply* shall be filed as attachments to the document in which the allegation of fact appears or shall be filed as soon thereafter as they become available" (emphasis added).  This provision affirmatively contemplates that supporting documents may accompany a reply and does not restrict them to those filed with the opening motion.

### B.      The Role of the Reply in the Fee Motion Burden Shifting Framework.

The fee-motion context independently supports the propriety of Defendants' reply materials. The Third Circuit has long recognized a burden-shifting framework in which the fee applicant bears an initial burden to provide documentation sufficient to allow the court to conduct a lodestar analysis, but once the opponent challenges that documentation with sufficient specificity, *the burden shifts to the fee applicant to justify its request. Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989); *Interfaith Comty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 713 (3d Cir. 2005).

Critically, the Third Circuit in *Bell* expressly recognized that fee applicants "were able to (and did) submit reply briefs responding to the allegations of excess raised in the defendants' briefs." 884 F.2d at 720. The reply is the *proper vehicle* for the fee applicant to meet its shifted burden. *See also United States ex rel. Palmer v. C&D Tech., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018) (failure to defend reasonableness of fee request against specific challenge results in fee reductions—underscoring that the fee applicant has the opportunity to respond to challenges to and "substantiate" its fee request).

Moreover, the Third Circuit has held that a district court can "*not decrease a fee award based on factors not raised at all by the adverse party.*" *Bell*, 884 F.2d at 720 (emphasis added). The corollary is that the fee applicant is entitled to respond to the factors that *are* raised—and the reply is its last opportunity to do so. ABR's position would create an untenable framework: an opponent could raise new format objections to fee documentation for the first time in opposition, and then move to exclude the applicant's responsive materials, leaving the applicant with no vehicle to meet its shifted burden. That result is incompatible with *Bell*, *Interfaith*, and *Palmer*.

ABR cites *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), for the proposition that the fee applicant bears the burden at the time of filing. Opp., Doc. No. 399, at 5. That is correct as to the

6

*initial* burden. But *Hensley* does not hold—and Defendants know of no court that has held—that a fee applicant is forever barred from responding to challenges raised in opposition.

      **C.**      **Each Reply Submission Responds Directly to a Specific Sufficiency Challenge ABR Raised for the First Time in Its Opposition.**

**Defs' Reply Exhibit 1 (the billing spreadsheet).** ABR's Opposition objected that Defendants' billing records were (1) an "undifferentiated mass" including timekeepers not at issue, (2) produced as "invoice images rather than as analyzable data," and (3) stated "no per-task rate or dollar amount." Doc. No. 394 at 2-4. Defs' Reply Exhibit 1 answers each of these objections: it is a spreadsheet listing *only* the ten timekeepers whose fees are claimed, it is in analyzable spreadsheet form, and it states per-task hours and rates for each timekeeper. This is textbook responsive rebuttal. Defendants did not "reserve" this exhibit; they prepared it because ABR's specific challenges made it necessary.

**The Sammi Reply Declaration.** ABR's Opp. highlighted an alleged discrepancy between the total cost figure in the Motion ($734,689.50) and the figure in the original Sammi Declaration ($730,429.95), calling it a "moving target." Doc. No. 394 at 5. The Reply Declaration corrected clerical errors in the prior declaration – resulting in a *downward* revision of the total fee request from $3,411,040 to $3,355,160.74. Doc. No. 398 ¶4. Corrective declarations on reply are routine and proper, particularly where the correction *reduces* the amount sought. *See* LRCi 7.1(a)(4) (supporting documents to be filed with the document in which the allegation appears "or as soon thereafter as they become available").

As for ABR's contention that the reallocation of Attorney Davis's hours from 65.6 to 199.5 hours constitutes a $130,000 "increase" amounting to "new evidence," that characterization is misleading. The original Sammi Declaration inadvertently attributed certain of Attorney Davis's time to other timekeepers; the correction redistributed hours *within the same total*—indeed, the

overall fee request *decreased*. The correction is derived from the same invoices of record. In any event, this is precisely the type of dispute that a sur-response—which Defendants do not oppose— is designed to address.

**Defs' Reply Exhibits 2 and 3 (cost documentation).** ABR's Opp. challenged the cost request as "largely unsupported" by invoices and asked the Court to award "nothing" in costs. Doc. No. 394 at 5, 12-16. Defs' Reply Exhibits 2 and 3 directly answered that challenge by producing the cost ledger and available invoices. Far from "curing" a deficient motion, Defendants went further: they *voluntarily withdrew* any costs not supported by invoices, reducing the cost request to $353,260.92—a compromise that directly responded to ABR's challenge and narrows the dispute before the Court.

ABR's reliance on Fed. R. Civ. P. 6(c)(2)—which requires that affidavits "supporting" a motion be served with the motion—is misplaced. Rule 6(c)(2) governs the timing of affidavits supporting a *motion*; it does not prohibit responsive affidavits filed with a *reply* to address challenges raised in opposition. *See* LRCi 7.1(b) (expressly authorizing documents filed with a reply). Indeed, were Rule 6(c)(2) read as ABR suggests, no movant could ever file a reply declaration. The Defendants know of no court that has so ruled.

ABR separately argues that Defs' Reply Exhibits 2 and 3 violate LRCi 54.1(b) because Defendants did not append deposition invoices and receipts to their original Bill of Costs, citing *Vitalis v. Sun Constructors, Inc.*, 2024 WL 4466773, at *14 (D.V.I. Oct. 9, 2024). *Vitalis* stands only for the unremarkable proposition that costs unsupported by any invoice, ever, are disallowed; it does not address, much less forbid, the filing in a reply of a cost ledger and available invoices that answer a specific sufficiency challenge raised in opposition. Unlike the movant in *Vitalis*, Defendants have not sought to recover costs for which no invoice exists anywhere in the record.

8

To the contrary, Defendants voluntarily withdrew every cost item for which supporting documentation could not be located, and Defs' Reply Exhibits 2 and 3 supply invoices for the deposition costs Defendants continue to seek. LRCi 54.1(b) fixes the substantive requirement—an invoice for each item claimed—not a rule that the invoice must be filed with the initial Bill of Costs to the exclusion of a reply that answers a specific format challenge; indeed, LRCi 7.1(a)(4) confirms that supporting documents may be filed with the pleading in which the allegation appears "or as soon thereafter as they become available."

## II.

### REFORMATTED-BUT-SAME-SOURCE DATA IS PERMISSIBLE RESPONSIVE REBUTTAL.

### A.    Same-Source Data Reorganized to Answer a Specific Challenge Is Not "New Evidence."

ABR characterizes Defs' Reply Exhibit 1 as drawn from a "new source"—Latham & Watkins' internal billing systems—and therefore impermissible "new evidence." Doc. No. 399 at 5-6, 8-10. This is form over substance. The "source" for Defs' Reply Exhibit 1 is the same set of time entries that generated the invoices already filed at Doc. No. 383-1. The spreadsheet reorganizes and presents that data in the granular format ABR demanded; it does not introduce new substantive information. Defendants stated as much in their Reply: the underlying Latham invoices "remain complete and accurate as filed." Doc. No. 397 at 3-4.

Courts in this Circuit have consistently held that data reorganized from a previously disclosed source to answer a specific challenge is permissible responsive rebuttal. *See*, *e.g.*, *Nat'l Med. Imaging, LLC v. U.S. Bank, N.A.*, No. 17-cv-432, 2019 WL 9809616, at *2 (E.D. Pa. Jan. 31, 2019) (permitting new sources and data in rebuttal report because used to rebut opposing expert's criticisms; "same subject matter" construed broadly); *Haskins v. First American Title Ins. Co.*, No. 10-5044 (RMB/JS), 2013 WL 5410531, at *4 (D.N.J. Sept. 26, 2013) (expert's rebuttal report

using new databases proper rebuttal because it directly responded to opposing expert's criticism of databases used); *Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, 133 F.Supp. 3d 721 (D.N.J. 2015) (supplemental declaration entirely consistent with opening declaration and highlighting differences to rebut opposing position did not amount to new opinion, even though it referenced new content).

The principle applies with particular force here.  The opening motion submitted billing records in invoice-image format.  ABR's Opp. challenged that format as insufficient: "undifferentiated," not "analyzable," lacking "per-task rate or dollar amount."  Doc. No. 394 at 3-4.  Defs' Reply presented the same underlying billing data in a more granular, reorganized format responsive to those precise objections.  This is permissible responsive rebuttal: the data source has not changed; only the presentation has.

### B. ABR's Own "Zero Variance" Reconstruction Confirms the Source Is the Same and Defeats Any Claim of Surprise.

ABR's Opp. in fact confirmed what Defendants have maintained throughout: the billing data filed with the Motion is complete and accurate.  ABR's counsel used an AI tool to reconstruct Defendants' invoices and achieved "zero variance" from the filed invoice totals.  Doc. No. 394 at 3 & n.3.  ABR thus already possesses, and has analyzed, the very same data presented in Defs' Reply Exhibit 1—merely in a different format.  There is no surprise.  The spreadsheet gives ABR (and the Court) the same information in the organized form ABR said was lacking.

### III.

### ABR'S AUTHORITIES ARE INAPPOSITE

ABR's Motion cites several cases for the general proposition that allowing a court to consider arguments raised or evidence presented for the first time in a reply brief or memorandum can work a prejudice on the non-moving party by depriving the non-movant of an opportunity to

respond.[1]  Again, Defendants have no quarrel with that general proposition and have not violated the rule upon which it is based.

All of the cases cited by the Motion that address the issue of a reply submission by a party seeking an award of attorney's fees are distinguishable in material respects.  First, in *Landfall Tr. LLC v. Fid. Nat'l Title Ins. Co.*, No. 3:22-CV-194 (RCY), 2024 WL 1839457 (E.D. Va. Apr. 26, 2024), the movant seeking attorney fees attached *no evidence* in support of its motion.  The *Landfall* court's decision was easy; the movant there had not only failed to support its motion, but by its reply epitomized the very conduct that underlies the general rule.  *Landfall* distinguishes between impermissible evidence, which is used only to belatedly support the initial filing, from permissible reply evidence, which is either responsive to issues raised by the nonmoving party or which supports the reply rather than the initial filing.  2024 WL 1839457 at *5 n.5.  Unlike the movant in *Spriggs*, *supra*, Defendants did not file a "sparse argument" and wait until the reply to provide evidence in support.  The Defendants filed substantial—and arguably sufficient—evidence in support of their motion for fees.

---

[1] *See, CBA Env't. Servs., Inc. v. Toll Bros, Inc.*, 403 F.Supp. 3d 403, 415 n.5 (D.N.J. 2019) (reply in motion to amend complaint in patent infringement case); *Hoxworth*, 903 F.2d at 204 n.29 (reply brief in appeal from preliminary injunction in class action case); *Stauffer Chem. Co.*, 978 F.2d at 1327 n.11 (reply brief in appeal of decision granting immunity in antitrust case); *United States v. Boggi*, , 478 (3d Cir. 1996) (appeal of criminal conviction, stating general rule, but since cross-appeal made, non-movant was able to reply to material in reply of appellant), *aff'd in part*, 162 F.3d 1152 (Table) (3d Cir. 1998); *Live Oak Banking Co. v. Princess Mill Props., LLC,* No. CV 2016-0070, 2021 WL 3889412, at *12 (D.V.I. Aug. 30, 2021) (reply in motion to dismiss action to enforce promissory note) (preceding cases cited in the Motion, Doc. No. 399 at 3); *In re BlackRock Mut. Funds Advisory Fee Litig.*, 327 F.Supp. 3d 690, 736 n.42 (D.N.J. 2018) (motion to dismiss complaint in advisory fund fees, stating general rule) (cited in the Motion, Doc. No. 399 at 4), *aff'd*, 816 F. App'x 637 (3d Cir. 2020); *Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (reply brief in appeal of summary judgment in *Bivens* action); *Robles v. Eminent Med. Ctr. LLC*, 619 F.Supp. 3d 609, 626 (N. D. Tex. 2022) (reply in motion for summary judgment in employment law case); *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) (reply in motion for class certification in products liability action) (cited on page 4 of Motion).

Next, the Motion on page 6 quotes colorful language from *M.G. v. E. Reg'l High Sch. Dist.*, No. 08-4019 (RBK), 2009 WL 3489358, at *11 (D.N.J. Oct. 21, 2009), *vacated and remanded on other grounds*, 386 F. App'x 186 (3d Cir. 2010), but leaves out important context that renders the passage meaningless in this case. In *M.G.*, the attorney moving for an award of fees had a history of making "grossly inflated" and bad faith fee requests that in the opinion of the court "demean[ed] the judicial process." *Id*. at *11. The court found the request at issue "so shockingly high and riddled with factual and procedural errors that it is sublimely absurd," and the request "shock[ed] the conscience of the Court." *Id*. at *11. It cannot be seriously argued that Defendants' fee application is in bad faith or part of a pattern of shocking conduct, and *M.G.* is unavailing to ABR's arguments.

In *Bivens v. Kijakazi*, No. 3:20-CV-1904-K-BH, 2022 WL 1477626, at *3 n.8 (N.D. Tex. Apr. 20, 2022), *report and recommendation adopted*, 2022 WL 1470958 (N.D. Tex. May 10, 2022), the primary reason for the court's ruling was the Northern District of Texas's more restrictive local rule barring the filing of any evidence with a reply. *Id.* That rule is not Third Circuit law, not this District's Local Rules, and not persuasive here where Defendants' reply materials are responsive rebuttal, not an attempt to "cure" a deficient motion. The case is also readily distinguishable on its facts. There, the plaintiff submitted, for the first time with her reply, exhibits from sources entirely extraneous to the case—a fee order entered in an unrelated case and a Ninth Circuit rate schedule—to justify an hourly rate that her opening motion had never attempted to justify at all. *Id.* By contrast, Defs' Reply Exhibit 1 here is drawn from the very same Latham & Watkins time entries and invoices that Defendants filed with their opening motion; it supplies no new source of proof on an element Defendants failed to address, but instead reformats data already of record to answer ABR's format objections. Notably, the *Bivens* court itself

12

observed that its ruling would have been the same even had it considered the new exhibits, confirming that the evidentiary exclusion was not outcome-determinative there—and is even less warranted here, where the corrected figures move the total fee request down, not up.  *See id.*

ABR's reliance on *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F.Supp. 3d 975, 993 (N.D. Cal. 2017), and *Breaux v. Am. Fam. Mut. Ins. Co.*, 554 F.3d 854, 869 (10th Cir. 2009), is similarly unavailing, and both are distinguishable on their facts as well as their holdings. In *Ridgeway*, the plaintiffs' reply sought recovery of 1,842.8 hours for a timekeeper, even though its original fee motion only sought 1,200 hours for that timekeeper—a wholesale expansion of the claim, not a reformatting of data already presented.  239 F.Supp. 3d at 992-93.  In *Breaux*, the fee applicant's declaration was directly contradicted by its own detailed time entries, producing a self-contradictory submission with "glaring errors" that made it impossible to determine the actual fees sought.  554 F.3d at 869.  Neither infirmity exists here: Defs' Reply Exhibit 1 does not seek a single dollar or hour beyond what the original invoices support, and the Sammi Reply Declaration is fully reconcilable against the same invoices filed with the opening motion. Here, the total fee request *decreased* on reply. Defendants did not add a new claim; they reorganized existing data to answer ABR's specific format objections.

**IV.**

**ANY CONCEIVABLE PREJUDICE IS CURED BY A SUR-RESPONSE, WHICH DEFENDANTS DO NOT OPPOSE.**

Even if the Court were to conclude that any aspect of the reply materials pushes the boundary of permissible responsive rebuttal—which Defendants respectfully submit it does not—the appropriate remedy is not exclusion.  The sole rationale for the rule against new reply evidence is to prevent the opponent from being deprived of an opportunity to respond; but—as confirmed by ABR's own cited law—courts routinely decline to exclude reply-stage fee evidence where it is

13

responsive to the opponent's own challenge, even over an objection that the movant was "depriving [the opponent] of the opportunity to respond in the first instance." *Ridgeway*, 269 F. Supp. 3d at 983 (considering revised fee documentation submitted with reply because it responded to arguments raised in the opposition, rather than excluding it).

ABR's reliance on *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard B.V.*, 2020 WL 5627263, at *1 n.1 (S.D. Fla. June 8, 2020), *aff'd*, 855 F. App'x 468 (11th Cir. 2021), does not compel a different result and is readily distinguishable on its facts. That case arose in an entirely different procedural posture—a motion to compel arbitration—in which the movant's reply offered new arguments and attached a brand-new declaration from its CEO and a new exhibit of emails between the parties. *Id.* Even there, the authority the court relied on confirms that a district court's options upon encountering genuinely new reply evidence are to permit a sur-response or to decline to rely on the new material—not to strike the reply itself. *Id.*

Here, ABR itself requests, in the alternative, leave to file a sur-response addressing the reply materials. Doc. No. 399 at 8, 13. Defendants *do not oppose* that request and would have agreed, if asked, to a sur-response from ABR limited to the reply materials. *See Amlin Underwriting, Ltd. v. Caribbean Auto Mart of St. Croix, Inc.*, Civ. No. 2009/21, 2010 WL 3825106, at *2 (D.V.I. Sept. 28, 2010) (granting leave to file sur-response is a recognized remedy when a reply raises new matter).

A sur-response eliminates the very prejudice that concerned the *Northrop* court, without depriving the Court of the responsive rebuttal Defendants filed. Granting ABR leave to file a sur-response completely cures any conceivable prejudice while preserving a complete record for the Court's fee determination. Exclusion, by contrast, would deprive the Court of relevant, responsive

materials and would penalize Defendants for answering—as they were required to do under the burden-shifting framework—ABR's first-time sufficiency challenges.[2]

Defendants respectfully request that any sur-response be limited in length (not to exceed the page limit for a response brief under LRCi 7.1) and confined to the reply materials.  Defendants further reserve the right to seek leave for a short sur-reply in the event ABR's sur-response raises new matter beyond the scope of the reply materials.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court **deny** ABR's motion (Doc. No. 399) to the extent it asks the Court to decline to consider or exclude the Sammi Reply Declaration (Doc. No. 398) and Defs' Reply Exhibits 1 through 3 (Doc. Nos. 398-1, 398-2, 398-3).  To the extent the Court wishes to afford ABR an opportunity to respond to those materials, Defendants do not oppose, and affirmatively consent to, ABR's alternative request for leave to file a sur-response addressing the reply materials.

Dated: July 13, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ P. Anthony Sammi*
    P. Anthony Sammi (admitted pro hac vice)
    Rachel Blitzer (admitted pro hac vice)
    1271 Avenue of the Americas
    New York, New York 10020

---

[2] ABR's alternative to exclusion—striking under Fed. R. Civ. P. 12(f)—is unavailable on its own terms, as ABR itself acknowledges. Rule 12(f) authorizes the Court to strike matter from a *pleading*; a reply brief in support of a motion is not a pleading. *See Barefoot Architect, Inc. v. Bunge*, No. 2004-99, 2014 WL 12744795 (D.V.I. Apr. 29, 2014) at *4. The proper course is to consider the reply materials and afford ABR an opportunity to respond—precisely the relief ABR alternatively requests and Defendants support.

**DUDLEY NEWMAN FEURZEIG LLP**

By: */s/ Gregg R. Kronenberger*
    Gregg R. Kronenberger, Esq.
    Charles E. Lockwood, Esq.
    1131 King Street, Suite 204
    Christiansted, USVI 00820-4974

*Attorneys for Defendants Arclight Capital
Partners, LLC and JP Energy Partners, LP*

16

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Andrew C. Simpson
ANDREW C. SIMPSON, P.C.
*Attorney for Plaintiff*

Joseph P. Klock, Jr.
Gabriel E. Nieto
RASCO KLOCK PEREZ NIETO
*Attorneys for Plaintiff*

Emily A. Shoup
BECKSTEDT & ASSOCIATES
*Attorney for Plaintiff*

> */s/ P. Anthony Sammi*
> P. Anthony Sammi

17