**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ATLANTIC BASIN REFINING, INC.** | |
| **PLAINTIFF,** | |
| VS. | **CASE NO.: 1:15-cv-00071** |
| **ARCLIGHT CAPITAL PARTNERS, LLC AND JP ENERGY PARTNERS, LP,** | |
| **DEFENDANTS.** | |

**ATLANTIC BASIN REFINING, INC.'S REPLY IN SUPPORT OF ITS MOTION**
**FOR THE COURT TO DECLINE TO CONSIDER NEW EVIDENCE**
**SUBMITTED WITH DEFENDANTS' REPLY BRIEF**

Defendants' Opposition (Doc. No. 401) confirms, rather than dispels, the basis for

Atlantic Basin Refining, Inc.'s ("ABR") Motion (Doc. No. 399). Defendants concede the

governing rule—a movant may not present new evidence for the first time in a reply.

They concede that a motion to strike under Rule 12(f) is not the vehicle. And they

concede that the remedy for improper new reply evidence is for the Court to decline to

consider or decline to rely on it. The Motion therefore turns on a single question: are

the Sammi Reply Declaration and Reply Exhibits 1 through 3 a permissible

*reformatting* of evidence already before the Court, or are they *new evidence*?

Defendants' own submissions answer that question. A reformatting does not

change a sworn total, does not triple a single timekeeper's hours, and does not

quadruple that timekeeper's fees. Defendants' reply did all three. That is new evidence,

and the Court should decline to consider it and resolve the Motion for fees and costs

1

on the record Defendants chose to file with their original motion (while rejecting those parts of Defendants' record evidence that ABR's opposition memorandum showed to be improper).

**ARGUMENT**

### I.    DEFENDANTS CONCEDE THE GOVERNING RULE AND THE PROPER REMEDY, LEAVING ONLY THE QUESTION AS TO WHETHER THEIR REPLY MATERIALS ARE NEW

Defendants "do not dispute" the "well-established general principle that a movant may not raise new issues or present new evidence for the first time in a reply brief." Doc. No. 401 at 4. They agree that FED. R. CIV. P. 12(f) is unavailable because "a reply brief in support of a motion is not a pleading." Doc. No. 401 at 15 n.2. And they agree that when a reply contains genuinely new evidence, "a district court's options . . . are to permit a sur-response or to decline to rely on the new material." *Id.* at 14. ABR asks for precisely the relief Defendants concede is available: an order declining to consider the new material.

Because the law is not in dispute, the Motion reduces to one factual question—whether the reply materials are new. Defendants insist they provided a mere "reformatting" of the "same underlying billing data already before this Court." *Id.* at 1. That is not the case.

### II.    THE REPLY MATERIALS ARE NEW EVIDENCE, NOT A REFORMATTING OF THE RECORD ALREADY BEFORE THE COURT

Defendants insist their reply materials merely "reformat" the "same underlying billing data already before this Court." Doc. No. 401 at 1. A reformatting rearranges existing values into a new presentation; it does not change them, and it cannot correct

2

them. Each of Defendants' reply submissions did more than rearrange.

**A.  THE SAMMI REPLY DECLARATION IS NEW EVIDENCE, BECAUSE IT REVISES UNDER OATH THE PER-TIMEKEEPER FIGURES ON WHICH THE MOTION RESTS**

The clearest new evidence in Defendants' reply is the Sammi Reply Declaration itself. In the declaration filed with the Motion, Defendants swore that Attorney Davis billed 65.6 hours for $40,310. Doc. No. 383 ¶9. The reply now reflects that Attorney Davis billed 199.5 hours for $170,904.48—more than triple the hours and more than quadruple the fees for a single timekeeper. Doc. No. 398 ¶4; Doc. No. 398-1 (Reply Ex. 1). A sworn declaration is evidence; a new declaration that materially revises the figures supporting a motion (and is contrary to the original declaration) is new evidence. Further, an affidavit "supporting a motion must be served with the motion," not filed for the first time after the opposition. FED. R. CIV. P. 6(c)(2). This is not a narrowly responsive affidavit: it restates the sworn fee figures that are the Motion's foundation, and so "support[s]" the Motion in the most direct sense the Rule contemplates.

Defendants concede their original declaration contained "clerical errors in the calculation of certain timekeepers' totals." Doc. No. 398 ¶4. That a corrected declaration was necessary confirms that the documentation Defendants filed with the Motion materially misstated the very figures on which their fee request depends. The burden to document that request accurately rested on Defendants when they filed it, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); it did not shift to the reply because ABR undertook the substantial work of reconstructing a request Defendants themselves had misstated. Whether or not the reply declaration is the more accurate

3

one, it is new sworn evidence, offered after ABR's opposition, that ABR has had no opportunity to test.

### B. REPLY EXHIBIT 1 DID NOT REFORMAT THE INVOICES; IT CORRECTED THEM, AND A CORRECTION DRAWN FROM A SOURCE OUTSIDE THE RECORD IS NEW EVIDENCE

Defendants defend Reply Exhibit 1 as a permissible reformatting of data already filed. Doc. No. 401 at 9. But the exhibit does not merely reorganize what was filed—it changes the substance of the fee request, revising the hours and fees the original declaration swore to. It attributes to Attorney Davis 199.5 hours and $170,904.48 where the original declaration reflected 65.6 hours and $40,310, a reallocation Defendants themselves say was necessary to correct time "inadvertently attributed . . . to other timekeepers." Doc. No. 401 at 7. Reorganizing the invoices as filed could not have produced this reallocation; correcting a mis-attribution required Defendants to re-derive the figures from their billing systems. And Defendants identify the source of that re-derivation: data "extracted from" Latham's billing systems (not the invoices submitted with the original motion) *after ABR pointed out the flaws in Defendants' motion*. Doc. No. 397 at 3; Doc. No. 401 at 9. Those internal systems were not in the record when the Motion was filed. Evidence newly extracted from a source outside the record, to correct the movant's own prior submission, is not a reformatting of what was filed—it is new evidence.

### C. REPLY EXHIBITS 2 AND 3 ARE NEW COST EVIDENCE THAT WAS NEVER BEFORE FILED

The cost exhibits are new on their face. Reply Exhibit 3 consists of deposition invoices and receipts ($15,178.96) that were never appended to Defendants' Bill of

Costs. This Court's Local Rule fixes the time for that submission: "Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item." LRCi 54.1(b); *see Vitalis v. Sun Constructors, Inc.*, 2024 WL 4466773, at *14 (D.V.I. Oct. 9, 2024) (disallowing deposition costs "for which invoices were not provided"). Defendants did not furnish these invoices with their Bill of Costs; they produced them for the first time on reply. Reply Exhibit 2, in turn, is a newly prepared internal ledger that did not exist in the record before the reply. Neither was before the Court when the Motion was filed, and neither is a reformatting of anything.

### III. DEFENDANTS' BURDEN-SHIFTING THEORY AUTHORIZES RESPONSIVE ARGUMENT, NOT A NEW EVIDENTIARY RECORD

Defendants' principal answer is that, in the fee context, the Third Circuit's burden-shifting framework made their reply documentation "not merely permissible but effectively required." Doc. No. 401 at 1, 6. That framework does no such work here, for two reasons.

First, the authority Defendants cite concerns reply *argument*, not a new evidentiary record. *Bell* observed that fee applicants "were able to (and did) submit reply briefs responding to the allegations of excess raised in the defendants' briefs." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). Defendants were likewise free to *argue*, in reply, that their filed invoices were sufficient. They were not free to revise the sworn total; restate a timekeeper by more than $130,000; and file a spreadsheet, drawn from an internal source outside the record, that restates the per-timekeeper figures sworn in the original declaration. Nothing in *Bell*, *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694 (3d Cir. 2005) or *United States*

5

*ex rel. Palmer v. C&D Technologies, Inc.*, 897 F.3d 128 (3d Cir. 2018), authorizes a movant to meet a "shifted burden" by manufacturing a new evidentiary record on reply.

Second, the burden-shifting cases speak to the fee *applicant's* opportunity to respond. They say nothing about denying the *opponent* an opportunity to respond to evidence the movant injects for the first time in reply—which is the prejudice the Motion addresses. Indeed, Defendants' framing concedes the point ABR has pressed all along: they say their reply documentation was "effectively required" to carry their burden. That is an admission that the Motion did not carry the burden on the record as filed. But the fee applicant "bears the burden of . . . documenting the appropriate hours expended and hourly rates" when the motion is filed, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and there will be instances where "a movant should not be permitted to cure by way of reply what is in fact a defective motion," *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991).

## IV. DEFENDANTS' AUTHORITIES DO NOT REACH THIS CASE (AND SEVERAL CONFIRM THAT THE REPLY MATERIALS ARE IMPROPER)

Defendants' cases confirm the rule ABR invokes. *Harmon* permitted reply material only because it "bore on an issue that [the plaintiff] raised for the first time in her opposition." *Harmon v. Sussex County*, 810 F. App'x 139, 142 (3d Cir. 2020). ABR raised no new issue. The adequacy of Defendants' fee documentation was Defendants' burden from the outset. *Hensley*, 461 U.S. at 437. Pointing out that a movant failed to carry a burden it always bore is not "raising a new issue"; it is the opposition performing its ordinary function. *Spriggs* describes Defendants, not ABR. The conduct that rule targets is filing a "sparse argument, wait[ing] for the [opponent] to note the

sparseness of the argument, then respond[ing] with a reply brief that sets forth the full argument that should have been made in the original supporting brief." *Spriggs v. City of Harrisburg*, 679 F. Supp. 3d 144, 155 n.3 (M.D. Pa. 2023) (cited at Doc. No. 401 at 5). That is precisely the sequence here: Defendants filed billing records in invoice-image form lacking per-task rates and amounts, waited for ABR to identify the deficiency, and then produced on reply the analyzable, per-task spreadsheet that should have accompanied the Motion.

Defendants' remaining authorities, *Nat'l Med. Imaging, LLC v. U.S. Bank, N.A.*, No. 17-cv-432, 2019 WL 9809616 (E.D. Pa. Jan. 31, 2019), *Haskins v. First American Title Ins. Co.*, No. 10-5044 (RMB/JS), 2013 WL 5410531 (D.N.J. Sept. 26, 2013) and *Otsuka Pharm. Co. v. Torrent Pharms. Ltd.*, 133 F. Supp. 3d 721 (D.N.J. 2015), are expert-disclosure cases applying Rule 26(a)(2)'s "same subject matter" standard for rebuttal reports. Doc. No. 401 at 9–10. That standard belongs to a disclosure regime with built-in safeguards: the opponent may depose the expert, move to exclude, and respond on a set schedule. A reply brief affords the nonmovant no response at all, absent leave. Importing a rule that permits a rebuttal expert to consult new data ignores the very protection—a guaranteed opportunity to respond—that justifies the rule. The analogy proves ABR's point rather than Defendants'.

## V. THE PROPER REMEDY IS TO DECLINE TO CONSIDER THE NEW EVIDENCE; A SUR-RESPONSE IS ABR'S FALLBACK, NOT DEFENDANTS' CURE

When a movant files evidence it should have filed with its motion, the rule-faithful course is to resolve the motion on the record the movant chose. Even the case Defendants cite for revised fee documentation ultimately "will not award the

full . . . hours" first sought on reply and held the movant to its original request. *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 993 (N.D. Cal. 2017). Declining to consider the new material is not a windfall to ABR; it simply holds Defendants to the burden they bore when they filed.

Declining to consider the new evidence is not only the correct remedy under Defendants' own authorities; it is the sounder one, for reasons that reach beyond this case. The default for a motion is three filings, not a movant-driven fourth and fifth. This Court's rule contemplates three, and only three: "a motion, a response in opposition, and a reply." LRCi 7.1(a). A sur-response is a departure from that structure, not its ordinary supplement. If a movant may inject new evidence on reply and discharge any resulting prejudice simply by consenting to a sur-response, the reply-scope limitation ceases to limit anything—every deficient showing becomes curable by adding briefs, and the three-filing default becomes a four- or five-filing norm at the movant's election. Defendants have already reserved (in theory) yet a further sur-reply. Doc. No. 401 at 15. The exception Defendants propose would swallow the rule.

The remedy the Court adopts will shape how litigants make their showings. If evidence withheld from a motion can be supplied on reply and then insulated by a sur-response, a movant has every incentive to file a thin, hard-to-audit record, wait to see which deficiencies its opponent detects, and backfill only those. Declining to consider removes that incentive and restores the one the law requires: that the movant document its request when it files, which is what *Hensley* requires. *Hensley*, 461 U.S.

8

at 437. A sur-response rewards the opposite course.

A sur-response would not, in any event, cure the prejudice. Defendants' records stated no per-task rate or amount, and ABR could reconstruct them only through an exhaustive, line-by-line effort that matched the invoice totals with zero variance. Doc. No. 394 at 3 & n.3. Even that effort did not surface all of the errors Defendants now concede were in their own sworn declaration. The errors came to light only because Defendants elected to correct them on reply, not because ABR's review exposed them. Doc. No. 398 ¶4. That is precisely why the burden of producing an accurate, testable record rests on the movant and cannot be shifted to the opponent: a nonmovant cannot audit what the movant has not accurately disclosed. A sur-response would ask ABR to repeat, on a compressed schedule, the movant's own documentation work—on a record that has already proven too opaque, and too unstable, to police with confidence—with no assurance that a second round would catch what a first, exhaustive one could not. The expense, delay, and added briefing that would follow are costs ABR would bear solely because Defendants chose to make their evidentiary showing in installments.

Defendants' sur-response proposal is a particularly poor fit for the correction the Sammi Reply Declaration actually makes, because the declaration does not itemize that correction. It swears only that the total moved from $3,411,040 to $3,355,160.74 and attributes that net change, in the aggregate, to "clerical errors" and "fees discounts not previously accounted for." Doc. No. 398 ¶4. It does not identify which entries changed, in which direction, or by how much. The result is that a substantial upward revision to a single timekeeper—Attorney Davis, by more than $130,000—is netted

9

against unidentified reductions elsewhere and disclosed only as a 1.6% overall decline. A nonmovant cannot respond to corrections it cannot see. A sur-response presupposes (under the circumstances presented by Defendants' fee motion) something itemized to respond to; it is no remedy for a declaration that discloses a net result while withholding the component changes that produced it. Declining to consider the reply declaration—and holding Defendants to the itemized documentation they were required to file with the Motion—is the remedy that does not require ABR to litigate against figures it has no way to test.

Defendants' consent to a sur-response does not change the analysis. A sur-response is a remedy the Court *may* grant if it is inclined to consider the new material—it is ABR's alternative request, made only in that event. Doc. No. 399 at 8, 13. Defendants' professed willingness to permit a sur-response is, in substance, a request to keep their improper new evidence in the record by trading it for another round of briefing. And their reservation of "the right to seek leave for a short sur-reply," Doc. No. 401 at 15, would expand the very briefing their belated evidence caused and hand Defendants the last word yet again. Declining to consider the new evidence avoids all of it and restores the record to what Defendants elected to file.

### CONCLUSION

For the foregoing reasons, ABR respectfully requests that the Court decline to consider the Sammi Reply Declaration (Doc. No. 398) and Reply Exhibits 1, 2, and 3 (Doc. Nos. 398-1, 398-2, 398-3), together with the restated fee and cost figures first advanced in the Reply, and resolve Defendants' Motion for attorneys' fees and costs on

the record Defendants filed with that Motion. In the alternative, and only if the Court is inclined to consider that material, ABR requests leave to file a sur-response addressing it.

Respectfully submitted,

Atlantic Basin Refining, Inc.

**Dated**: July 20, 2026

  /s/ Andrew C. Simpson
By:  Andrew C. Simpson, Esq.
VI Bar No. 451
**ANDREW C. SIMPSON, P.C.**
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

Joseph P. Klock, Jr., Esq.
FBN 156678 (admitted PHV)
**RASCO KLOCK PEREZ NIETO**
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707
Jklock@rascoklock.com

Attorneys for Plaintiff, Atlantic Basin Refining, Inc.

11